## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELVIN GROSS, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br><br>          v.<br><br>GRUPO TELEVISA, S.A.B., EMILIO FERNANDO AZCÁRRAGA JEAN and SALVI RAFAEL FOLCH VIADERO,<br><br>                 Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Melvin Gross ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Grupo Televisa, S.A.B. ("Televisa" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet.  Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired Televisa's American

Depositary Receipt ("ADR") between April 11, 2013 and January 25, 2018, both dates inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.       Grupo Televisa S.A.B. operates media and entertainment businesses in the Spanish speaking world. The Company has interests in television production and broadcasting, programming, direct-to-home satellite services, publishing and publishing distribution, cable television, radio production, show business, feature films and Internet portals.

3.       Founded in 1990, the Company is based in Mexico City, Mexico, and its ADRs trade on the New York Stock Exchange ("NYSE") under the ticker symbol "TV."

4.       Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Televisa executives engaged in unlawful bribery schemes involving Fédération Internationale de Football Association ("FIFA") executives; (ii) discovery of the foregoing conduct would subject the Company to heightened regulatory scrutiny; (iii) the Company lacked effective internal controls over financial reporting; and (iv) as a result of the foregoing, Televisa's ADRs traded at artificially inflated prices during the Class Period, and class members suffered significant losses and damages.

5.       On November 14, 2017, at the corruption trial of three former executives of FIFA, Alejandro Burzaco ("Burzaco"), a former Chief Executive Officer ("CEO") of the sports-marketing company Torneos y Competencias S.A., testified that Televisa, and other media

companies, had paid multi-million dollar bribes to FIFA executives in order to secure lucrative, multi-year broadcasting rights for soccer tournaments.  According to Burzaco, the companies paid a $15 million bribe to the late FIFA executive Julio Humberto Grondona at a 2013 meeting in Zurich, Switzerland for those broadcasting rights.

6.     On this news, Televisa's American depositary receipt price fell $0.48, or 2.4%, to close at $19.50 on November 14, 2017.

7.     On January 26, 2018, Televisa announced that "the Company's management, in consultation with the Audit Committee of the Company's board and after discussions with PricewaterhouseCoopers, S.C. ("PwC"), the Company's independent registered public accounting firm, has concluded that certain material weaknesses in the Company's internal control over financial reporting existed as of December 31, 2016."  Specifically, Televisa advised investors that "[t]he material weaknesses in the Company's internal control over financial reporting related to (i) the design and maintenance of effective controls over certain information technology controls which support systems that are relevant to the provisioning, updating and deleting of users' access to those systems, the periodic review of users' access to these systems, developers' access to certain of these systems and appropriate segregation of duties; (ii) the design and maintenance of effective controls over segregation of duties within the accounting system, including certain individuals with the ability to gain access to prepare and post journal entries across substantially all key accounts of the Company without an independent review performed by someone other than the preparer; and (iii) ineffective controls with respect to the accounting for certain revenue and related accounts receivable in our cable companies and content division."

8.     On this news, Televisa's ADR share price fell $0.29 or 1.38%, to close at $20.66 on January 26, 2018.

9.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.     The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and Section 27 of the Exchange Act.

12.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b). Televisa's ADRs trade on the NYSE, located within this Judicial District.

13.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

14.     Plaintiff, as set forth in the attached Certification, acquired Televisa securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

15.     Defendant Televisa is headquartered in Mexico, with principal executive offices located at Av. Vasco de Quiroga, 2000, Colonia Santa Fe, Mexico City, DF 01210, Mexico. Televisa's ADRs trade on the NYSE under the ticker symbol "TV."

16.     Defendant Emilio Fernardo Azcárraga Jean ("Jean") served as the Company's CEO and President from April 1997 to December 31, 2017, and has served as the Company's Chairman of the Board of Directors since April 1997.

17.     Defendant Salvi Rafael Folch Viadero ("Viadero") has served at all relevant times as the Company's Chief Financial Officer ("CFO") and Director.

18.     The defendants referenced above in ¶¶ 16-17 are sometimes referred to herein as the "Individual Defendants."

19.     The Individual Defendants possessed the power and authority to control the contents of Televisa's SEC filings, press releases, and other market communications. The Individual Defendants were provided with copies of the Company's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected. Because of their positions with the Company, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading. The Individual Defendants are liable for the false statements and omissions pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

20.     Grupo Televisa S.A.B. operates media and entertainment businesses in the Spanish speaking world. The Company has interests in television production and broadcasting, programming, direct-to-home satellite services, publishing and publishing distribution, cable television, radio production, show business, feature films and Internet portals.

### Materially False and Misleading Statements Issued During the Class Period

21.     The Class Period begins on April 11, 2013, when Televisa filed an annual report on Form 20-F with the SEC, announcing the Company's financial and operating results for the quarter and fiscal year ended December 31, 2012 (the "2012 20-F"). The 2012 20-F contained signed certifications pursuant to the Sarbanes Oxley Act of 2002 ("SOX") by the Individual Defendants, stating that the information contained in the 2012 20-F "fairly presents, in all material respects, the financial condition and results of operations of the Company."

22.     In the 2012 20-F, the Company stated in relevant part:

Based on the evaluation as of December 31, 2012, the Chief Executive Officer and the Chief Financial Officer of the Company have concluded that the Company's disclosure controls and procedures (as defined in the Exchange Act Rules 13a-15(e) and 15d-15(e)) are effective to ensure that the information required to be disclosed by the Company in the reports that it files or submits under the Securities Exchange Act of 1934 is recorded, processed, summarized and reported within the time periods specified in the SEC rules and forms and that such information is accumulated and communicated to management, including our Chief Executive Officer and the Chief Financial Officer, as appropriate to allow timely decisions regarding required disclosure.

***

There has been no change in the Company's internal control over financial reporting (as such term is defined in Rules 13a-15(f) and 15d-15(f) under the Securities Exchange Act of 1934, as amended) that occurred during the year ended December 31, 2012 that has materially affected, or is reasonably likely to materially affect, the Company's internal controls over financial reporting.

***

**Code of Ethics**

We have adopted a written code of ethics that applies to all of our employees, including our principal executive officer, principal financial officer and principal accounting officer.

***

In addition, the English version of the code of ethics can be found at www.televisa.com/inversionistas-ingles and the Spanish version at www.televisa.com/inversionistas-espanol.

23.     The Company's Code of Ethics (last updated in June 2012) stated in relevant part:

All directors, officers and employees must assure that the highest levels of honesty and integrity are kept in the exercise of their responsibilities, as well as in any action executed in the name of, on behalf of or derived from their relationship with Grupo Televisa. Every person must act in accordance with this Code and with the applicable laws in Mexico and in any other jurisdictions in which the Group carries out activities.

***

We wish to succeed based on our merits, and not because we have paid or given something of value illegally to someone in order to obtain some favor or advantage. Likewise, personnel shall not acquire any type of commitment to attempt to obtain, receive or accept, directly or indirectly, any bribe, coercion or other payment or benefit from any employee or agent of current or potential suppliers, clients, lessors, lessees, competitors or other persons or entities related with the Group.

24.     On April 29, 2014, Televisa filed an annual report on Form 20-F with the SEC, announcing the Company's financial and operating results for the quarter and fiscal year ended December 31, 2013 (the "2013 20-F"). The 2013 20-F contained signed certifications pursuant to SOX by the Individual Defendants, stating that the information contained in the 2013 20-F "fairly presents, in all material respects, the financial condition and results of operations of the Company."

25.     In the 2013 20-F, the Company stated in relevant part:

Based on the evaluation as of December 31, 2013, the Chief Executive Officer and the Chief Financial Officer of the Company have concluded that the Company's disclosure controls and procedures (as defined in the Exchange Act Rules 13a-15(e) and 15d-15(e)) are effective to ensure that the information required to be disclosed by the Company in the reports that it files or submits under the Securities Exchange Act of 1934 is recorded, processed, summarized and reported within the time periods specified in the SEC rules and forms and that such information is accumulated and communicated to management, including our Chief Executive Officer and the Chief Financial Officer, as appropriate to allow timely decisions regarding required disclosure.

\*\*\*

There has been no change in the Company's internal control over financial reporting (as such term is defined in Rules 13a-15(f) and 15d-15(f) under the Securities Exchange Act of 1934, as amended) that occurred during the year ended December 31, 2013 that has materially affected, or is reasonably likely to materially affect, the Company's internal controls over financial reporting.

\*\*\*

**Code of Ethics**

We have adopted a written code of ethics that applies to all of our employees, including our principal executive officer, principal financial officer and principal accounting officer.

\*\*\*

In addition, the English version of the code of ethics can be found at www.televisa.com/inversionistas-ingles and the Spanish version at www.televisa.com/inversionistas-espanol.

26.     Televisa's Code of Ethics contained the representations described *supra* at ¶23.

27.     On April 29, 2015, Televisa filed an annual report on Form 20-F with the SEC, announcing the Company's financial and operating results for the quarter and fiscal year ended December 31, 2014 (the "2014 20-F"). The 2014 20-F contained signed certifications pursuant to SOX by the Individual Defendants, stating that the information contained in the 2014 20-F "fairly presents, in all material respects, the financial condition and results of operations of the Company."

28.     In the 2014 20-F, the Company stated in relevant part:

Based on the evaluation as of December 31, 2014, the Chief Executive
Officer and the Chief Financial Officer of the Company have concluded that the
Company's disclosure controls and procedures (as defined in the Exchange Act
Rules 13a-15(e) and 15d-15(e)) are effective to ensure that the information
required to be disclosed by the Company in the reports that it files or submits
under the Securities Exchange Act of 1934 is recorded, processed, summarized
and reported within the time periods specified in the SEC rules and forms and that
such information is accumulated and communicated to management, including
our Chief Executive Officer and the Chief Financial Officer, as appropriate to
allow timely decisions regarding required disclosure.

\*\*\*

There has been no change in the Company's internal control over financial
reporting (as such term is defined in Rules 13a-15(f) and 15d-15(f) under the
Securities Exchange Act of 1934, as amended) that occurred during the year
ended December 31, 2014 that has materially affected, or is reasonably likely to
materially affect, the Company's internal controls over financial reporting.

\*\*\*

**Code of Ethics**

We have adopted a written code of ethics that applies to all of our
employees, including our principal executive officer, principal financial officer
and principal accounting officer.

\*\*\*

In addition, the English version of the code of ethics can be found at
www.televisa.com/inversionistas-ingles    and    the    Spanish    version    at
www.televisa.com/inversionistas-espanol.

29.     Televisa's Code of Ethics contained the representations described *supra* at ¶23.

30.     On April 29, 2016, Televisa filed an annual report on Form 20-F with the SEC,

announcing the Company's financial and operating results for the quarter and fiscal year ended

December 31, 2015 (the "2015 20-F"). The 2015 20-F contained signed certifications pursuant to

SOX by the Individual Defendants, stating that the information contained in the 2015 20-F

"fairly presents, in all material respects, the financial condition and results of operations of the Company."

31.    In the 2015 20-F, the Company stated in relevant part:

Based on the evaluation as of December 31, 2015, the Chief Executive Officer and the Chief Financial Officer of the Company have concluded that the Company's disclosure controls and procedures (as defined in the Exchange Act Rules 13a-15(e) and 15d-15(e)) are effective to ensure that the information required to be disclosed by the Company in the reports that it files or submits under the Securities Exchange Act of 1934 is recorded, processed, summarized and reported within the time periods specified in the SEC rules and forms and that such information is accumulated and communicated to management, including our Chief Executive Officer and the Chief Financial Officer, as appropriate to allow timely decisions regarding required disclosure.

\*\*\*

There has been no change in the Company's internal control over financial reporting (as such term is defined in Rules 13a-15(f) and 15d-15(f) under the Securities Exchange Act of 1934, as amended) that occurred during the year ended December 31, 2015 that has materially affected, or is reasonably likely to materially affect, the Company's internal controls over financial reporting.

\*\*\*

**Code of Ethics**

We have adopted a written code of ethics that applies to all of our employees, including our principal executive officer, principal financial officer and principal accounting officer.

In addition, the English version of the code of ethics can be found at www.televisa.com/inversionistas-ingles and the Spanish version at www.televisa.com/inversionistas-espanol.

32.    Televisa's Code of Ethics contained the representations described *supra* at ¶23.

33.    On April 28, 2017, Televisa filed an annual report on Form 20-F with the SEC, announcing the Company's financial and operating results for the quarter and fiscal year ended December 31, 2016 (the "2016 20-F"). The 2016 20-F contained signed certifications pursuant to

SOX by the Individual Defendants, stating that the information contained in the 2016 20-F

"fairly presents, in all material respects, the financial condition and results of operations of the

Company."

34.     In the 2016 20-F, the Company stated in relevant part:

> Based on the evaluation as of December 31, 2016, the Chief Executive Officer and the Chief Financial Officer of the Company have concluded that the Company's disclosure controls and procedures (as defined in the Exchange Act Rules 13a-15(e) and 15d-15(e)) are effective to ensure that the information required to be disclosed by the Company in the reports that it files or submits under the Securities Exchange Act of 1934 is recorded, processed, summarized and reported within the time periods specified in the SEC rules and forms and that such information is accumulated and communicated to management, including our Chief Executive Officer and the Chief Financial Officer, as appropriate to allow timely decisions regarding required disclosure.

***

> There has been no change in the Company's internal control over financial reporting (as such term is defined in Rules 13a-15(f) and 15d-15(f) under the Securities Exchange Act of 1934, as amended) that occurred during the year ended December 31, 2016 that has materially affected, or is reasonably likely to materially affect, the Company's internal controls over financial reporting.

***

> **Code of Ethics**
>
> We have adopted a written code of ethics that applies to all of our employees, including our principal executive officer, principal financial officer and principal accounting officer.

***

> In addition, the English version of the code of ethics can be found at www.televisa.com/inversionistas-ingles and the Spanish version at www.televisa.com/inversionistas-espanol.

35.     Televisa's Code of Ethics contained the representations described *supra* at ¶23.

36.     The statements referenced in ¶¶ 21-35 were materially false and misleading

because defendants made false and/or misleading statements, as well as failed to disclose

material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Televisa executives engaged in unlawful bribery schemes involving FIFA executives; (ii) discovery of the foregoing conduct would subject the Company to heightened regulatory scrutiny; (iii) the Company lacked effective internal controls over financial reporting; and (iv) as a result of the foregoing, Televisa's ADRs traded at artificially inflated prices during the Class Period, and class members suffered significant losses and damages.

**The Truth Begins to Emerge**

37.     On November 14, 2017, at the corruption trial of three former executives of FIFA, Alejandro Burzaco, a former Chief Executive Officer ("CEO") of the sports-marketing company Torneos y Competencias S.A., testified that Televisa, and other media companies, had paid multi-million dollar bribes to FIFA executives in order to secure lucrative, multi-year broadcasting rights for soccer tournaments.  According to Burzaco, the companies paid a $15 million bribe to the late FIFA executive Julio Humberto Grondona at a 2013 meeting in Zurich, Switzerland for those broadcasting rights.

38.     On this news, Televisa's American depositary receipt price fell $0.48, or 2.4%, to close at $19.50 on November 14, 2017.

39.     On January 26, 2018, Televisa announced that "the Company's management, in consultation with the Audit Committee of the Company's board and after discussions with PwC, the Company's independent registered public accounting firm, has concluded that certain material weaknesses in the Company's internal control over financial reporting existed as of December 31, 2016."  Specifically, Televisa advised investors that "[t]he material weaknesses in the Company's internal control over financial reporting related to (i) the design and maintenance

of effective controls over certain information technology controls which support systems that are relevant to the provisioning, updating and deleting of users' access to those systems, the periodic review of users' access to these systems, developers' access to certain of these systems and appropriate segregation of duties; (ii) the design and maintenance of effective controls over segregation of duties within the accounting system, including certain individuals with the ability to gain access to prepare and post journal entries across substantially all key accounts of the Company without an independent review performed by someone other than the preparer; and (iii) ineffective controls with respect to the accounting for certain revenue and related accounts receivable in our cable companies and content division."

40.     On this news, Televisa's ADR share price fell $0.29 or 1.38%, to close at $20.66 on January 26, 2018.

41.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Televisa securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

43.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Televisa securities were actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class.  Record owners and other members of the Class may be identified from records maintained by Televisa or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

44.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

45.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

46.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Televisa;

- whether the Individual Defendants caused Televisa to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Televisa securities during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

47.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

48.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Televisa  securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NYSE and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Televisa securities between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

49.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

50.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

51.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

52.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

53.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Televisa securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Televisa securities and options at artificially inflated prices.  In furtherance of

this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

54.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Televisa securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Televisa's finances and business prospects.

55.     By virtue of their positions at Televisa , defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

56.     Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of Televisa, the Individual Defendants had knowledge of the details of Televisa's internal affairs.

57.     The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.   Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Televisa.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Televisa's businesses, operations, future financial condition and future prospects.   As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Televisa securities was artificially inflated throughout the Class Period.   In ignorance of the adverse facts concerning Televisa's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Televisa securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by defendants, and were damaged thereby.

58.     During the Class Period, Televisa securities were traded on an active and efficient market.   Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Televisa securities at prices artificially inflated by defendants' wrongful conduct.   Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid.   At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Televisa securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.   The market price of Televisa securities declined

sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

59.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

60.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

## <u>COUNT II</u>

**(Violations of Section 20(a) of the Exchange Act Against The Individual Defendants)**

61.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62.     During the Class Period, the Individual Defendants participated in the operation and management of Televisa, and conducted and participated, directly and indirectly, in the conduct of Televisa's business affairs.  Because of their senior positions, they knew the adverse non-public information about Televisa's misstatement of income and expenses and false financial statements.

63.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Televisa's financial condition and results of operations, and to correct promptly any public statements issued by Televisa which had become materially false or misleading.

64.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Televisa disseminated in the marketplace during the Class Period concerning Televisa's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Televisa to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Televisa within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Televisa securities.

65.     Each of the Individual Defendants, therefore, acted as a controlling person of Televisa.  By reason of their senior management positions and/or being directors of Televisa, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Televisa to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Televisa and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

66.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Televisa.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.      Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: March 5, 2018

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:   jalieberman@pomlaw.com
          ahood@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Attorneys for Plaintiff*