```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/24/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————— x

In re GRUPO TELEVISA SECURITIES  :     Civil Action No. 1:18-cv-01979-LLS
LITIGATION                                              :
                                                                  :     CLASS ACTION
—————————————————————————— :
                                                                  :     [~~PROPOSED~~] REQUEST FOR     ᏏᏏᏏ
This Document Relates To:                     :     INTERNATIONAL JUDICIAL
                                                                  :     ASSISTANCE (LETTER OF REQUEST)
      ALL ACTIONS.                             :     UNDER THE HAGUE CONVENTION ON
                                                                  x     THE TAKING OF EVIDENCE ABROAD IN
——————————————————————————     CIVIL OR COMMERCIAL MATTERS FOR
                                                                     EVIDENCE FROM KPMG CÁRDENAS
                                                                     DOSAL, S.C.

4811-8888-2594.v4

**[Proposed] Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

## TO THE TRIBUNAL SUPERIOR DE JUSTICIA DE LA CIUDAD DE MÉXICO:

The following Letter of Request follows the model form presented as the model Request for

International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking

of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention").

**1.   Sender**

The Honorable Louis L. Stanton
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
USA

**2.   Recipient**

Tribunal Superior de Justicia de la Ciudad de México
Niños Héroes 132, Col. Doctores
Ciudad de México C.P.06720
México

**3.   Person to Whom the Executed Request Is to Be Returned**

Erin W. Boardman, Esq.
eboardman@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
USA
Telephone:  631/367-7100
631/367-1173 (fax)

**4.   Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request**

**Date**:  As soon as reasonably practicable consistent with the Court's calendar.

- 1 -

**Reason for urgency**: The deadline for the completion of document discovery in this litigation is set for March 31, 2020, and the deadline for the completion of all fact discovery is set for September 11, 2020. The discovery obtained from this Letter of Request will be used during the depositions of the named defendants and in follow up discovery requests that are made to the named defendants. Thus, the evidence must be obtained sufficiently before the depositions and the close of discovery to be of use.

## 5.  Requesting Judicial Authority

### a.  Authority

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
USA

### b.  To the Competent Authority of

The United Mexican States

### c.  Names of the case and identifying number

*In re Grupo Televisa Securities Litigation*, Civil Action No. 1:18-cv-01979-LLS, pending in the United States District Court for the Southern District of New York.

## 6.  Names and Addresses of the Parties and Their Representatives

### a.  Plaintiff

Lead Plaintiff Colleges of Applied Arts & Technology Pension Plan ("CAAT")
250 Yonge Street, Suite 2900
P.O. Box 40
Toronto ON  M5B 2L7
Canada

### Representatives

Jonah H. Goldstein, Esq.
Rachel L. Jensen, Esq.
Rachel A. Cocalis, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900

- 2 -

San Diego, CA 92101
USA
Telephone: 619/231-1058
619/231-7423 (fax)

Samuel H. Rudman, Esq.
Erin W. Boardman, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
USA
Telephone: 631/367-7100
631/367-1173 (fax)

**Local Counsel**

Luis Eduardo Hernández Meza
Félix Sánchez Jiménez
Jorge Rodolfo Méndez Romero
Eduardo Flores Cavazos
Jose Ma.Vertiz 1205
Col. Letran Valle
Alcaldia Benito Juárez
Ciudad de México C.P. 03650
México

### b.     Defendants and Counterclaimants

Grupo Televisa, S.A.B.
Emilio Fernando Azcárraga Jean III
Salvi Rafael Folch Viadero
Building A, Avenida Vasco de Quiroga No. 2000, Floor 4
Delegación Álvaro Obregón
Colonia Santa Fe
Mexico City, DF 01210
Mexico

**Representatives**

Herbert M. Wachtell, Esq.
Ben M. Germana, Esq.
David B. Anders, Esq.
David E. Kirk, Esq.
Tamara Livshiz, Esq.
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52 Street
New York, NY 10019

- 3 -

USA
Telephone: 212/403-1307
212/403-2307 (fax)

### c.    Other Parties

None at this time.

## 7.    Nature and Summary of the Proceedings

### a.    Nature of the Proceedings

This putative securities class action lawsuit, which is being actively litigated in this Court, asserts claims for securities fraud under the U.S. Federal Securities Laws, in particular §§10(b) and 20(a) of the Securities Exchange Act of 1934 and U.S. Securities and Exchange Commission Rule 10b-5. This action arises out of allegedly materially false and misleading statements made by the defendants during the Class Period (April 11, 2013 through January 25, 2018, inclusive) concerning the manner in which Grupo Televisa, S.A.B. ("Televisa") obtained media rights to the World Cup and its internal controls over financial reporting. The action claims that when it was revealed that Televisa obtained coveted World Cup media rights through bribes rather than fair play and had material weaknesses in its internal controls over financial reporting, the price of Televisa American Depository Receipts ("ADRs") fell, causing hundreds of millions of dollars in losses to investors who purchased the company's stock during the Class Period.

### b.    Summary of the Complaint

Lead Plaintiff's Amended Complaint for Violation of the Federal Securities Laws (the "Complaint") alleges that investors have lost hundreds of millions of dollars since it was revealed Televisa obtained coveted World Cup media rights through bribes rather than fair play and had material weaknesses in its internal control over financial reporting. Lead Plaintiff alleges that the truth began to seep into the marketplace in Fall 2017, when *The New York Times* published an exposé and later when former Chief Executive Officer of Torneos y Competencias S.A. ("Torneos"),

- 4 -

Alejandro Burzaco, testified that he paid bribes to a former Fédération Internationale de Football Association ("FIFA") official on behalf of Torneos and Televisa, among others. Lead Plaintiff claims that Burzaco's testimony was corroborated by a ledger admitted into evidence at trial and authenticated by former Torneos employee, Eladio Rodriguez. The criminal proceedings related to FIFA corruption and bribery are ongoing.

As alleged in the Complaint, on January 26, 2018, Televisa admitted to material weaknesses in internal controls over financial reporting. At the time, Televisa's longtime public accountant was PricewaterhouseCoopers, S.C. ("PwC"), the entity whose documents and testimony are the subject of this letter of request.

On July 10, 2018, Televisa filed a Form 6-K announcing that the company's Audit Committee had decided to terminate PwC as its auditor and to hire KPMG Cárdenas Dosal, S.C. ("KPMG").

### c.   Summary of Defenses

Defendants deny the allegations of the Complaint. Defendants claim that Televisa did not pay any bribe to obtain World Cup media rights. They argue that, apart from the vague, inaccurate testimony of a single witness in a criminal trial, discovery will reveal that there is no evidence to support Lead Plaintiff's allegations. Defendants also argue that no government entity has requested or subpoenaed any witness or document from Televisa or Mountrigi. Defendants also argue that the ledger of payments upon which Lead Plaintiff relies also contained entirely legitimate payments. Moreover, Defendants claim that neither Televisa's reshuffling of executives in October 2017, nor the subsequent publicly disclosed material weaknesses in certain of Televisa's internal controls, nor Televisa's decision to replace its auditor had anything to do with FIFA or bribery. Finally, Defendants claim that *The New York Times* article referenced by Lead Plaintiff was not some

- 5 -

exposé, but a sport-section article restating information that had already been publicly reported. Therefore, Defendants argue that Lead Plaintiff's alleged losses cannot be connected to Televisa's statements regarding its procurement of World Cup media rights and have nothing to do with any of the allegations in the Complaint.

As to the material weaknesses in Televisa's internal controls as of year-end 2016, Defendants argue that such weaknesses are entirely unrelated to the years-earlier acquisitions of the World Cup media rights and give rise to no claim.

## 8.    Evidence and Judicial Acts

### a.    Evidence to be obtained or other judicial act to be performed

The documents sought from KPMG are listed in "Exhibit 1 – Requests for Production of Documents from KPMG Cárdenas Dosal, S.C.," attached hereto.

### b.    Purpose of the evidence or judicial act sought

Lead Plaintiff seeks to obtain documents and testimony from KPMG, which replaced PwC as Televisa's independent registered public accounting firm commencing with its review of Televisa's financial results for the period ending December 31, 2018. The evidence sought from KPMG is relevant to Televisa's internal control weaknesses, including whether they were related to bribes paid in connection with obtaining World Cup broadcasting rights. The evidence sought from KPMG is also relevant to any efforts to address Televisa's internal control weaknesses. In addition, KPMG's communications with PwC are relevant to Televisa's motivation and rationale for terminating PwC as its independent registered public accounting firm and replacing it with KPMG. These internal communications will not be included in Televisa's production, and may provide important evidence that Lead Plaintiff will use to prove defendants' fraudulent intent at trial.

- 6 -

## 9. Identity and Address of Any Person(s) to Be Examined

In addition to the documents sought from KPMG, Lead Plaintiff seeks testimony from the

KPMG representative most knowledgeable about Televisa's internal controls over financial

reporting.

> KPMG Cárdenas Dosal, S.C.
> Perif. Blvd. Manuel Ávila Camacho 176
> Reforma Soc
> 11650 Ciudad de México
> CDMX, Mexico
> Telephone: 52-55-5246-8300

## 10. Statement of the Subject Matter about which Such Person(s) Are to Be Examined

Lead Plaintiff requests that the KPMG representative most knowledgeable about Televisa's

internal controls over financial reporting be examined, subsequent to the production of the

documents listed in Exhibit 1. Lead Plaintiff seeks to examine the representatives of KPMG within

four (4) weeks following Lead Plaintiff's review of those documents, concerning the matters at issue

in the documents, on the condition that such examination takes place in good time before the fact

discovery cutoff for this litigation on September 11, 2020.

## 11. Documents or Other Property to Be Inspected

The documents sought from KPMG are listed in "Exhibit 1 – Requests for Production of

Documents from KPMG Cárdenas Dosal, S.C.," attached hereto.

## 12. Any Requirement that the Evidence Be Given on Oath or Affirmation and Any Special Form to Be Used

This Court requests that the examination of the witness listed in Section 9 above be placed

under oath before answering questions. The requested form of the oath is: "Do you solemnly affirm

that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and

nothing but the truth?"

- 7 -

**13.    Special Methods or Procedures to Be Followed**

This Court respectfully requests that this Letter of Request be executed by the Tribunal Superior de Justicia de la Ciudad de México. If any part of this Letter of Request that applies to deposition or other testimony cannot be enforced, the Parties shall delay the pursuit of such testimony and will meet and confer to determine whether or not to proceed with such testimony pursuant to the procedures indicated by Mexican authorities or otherwise and, if agreement cannot be reached, the Parties will revert to the Court to make this determination. Furthermore, this Court respectfully requests pursuant to Chapter I, Article 9 of the Hague Evidence Convention that the following special procedures be observed:

1.    That only the parties' representative or their designees, interpreters, a United States verbatim court reporter or stenographer, and counsel for the witness, if he/she desires, be permitted to attend and participate at the deposition in which the witness will be examined.

2.    That the parties' representatives or their designees be permitted to question the witnesses directly, pursuant to United States-style deposition practices.

3.    That the witness be examined under oath pursuant to the United States Federal Rules of Civil Procedure.

4.    That counsel for the witness, if he/she desires, be permitted to defend the deposition pursuant to the United States Federal Rules of Civil Procedure.

5.    That a United States verbatim court reporter or stenographer be permitted to make a verbatim record of the witness' examination.

6.    That the parties' representatives or their designees be permitted to object orally to any questions posed by the opposing party, in order to preserve any objections to be ruled upon by this Court at trial.

- 8 -

7.     That a legal videographer be permitted to attend the hearing and make a video recording of the witness' testimony.

8.     That the parties' representatives or their designees be permitted to refer to and show the witness documents during the oral examination of the witness.

9.     That the witness be required to review, correct, and sign the verbatim transcript within 14 days after the transcript is furnished to the witnesses.

10.    That the documents be produced with four (4) weeks after the date of the order of the Tribunal Superior de Justicia de la Ciudad de México giving effect to this Letter of Request, and that the depositions of the KPMG representative most knowledgeable about Televisa's internal controls over financial reporting take place within a reasonable time thereafter, on the condition that such examination takes place in good time before the fact discovery cutoff for this litigation on September 11, 2020.

11.    That the depositions be conducted at the following address: Epiq c/o Regus, 10th Floor Lagrange Corporate, 103 Jose Luis Lagrange Street, Col. Los Morales Polanco. C.P., Mexico City, Distrito Federal, 11510, Mexico, or if that is not possible, at a location determined by mutual agreement of the parties and KPMG, or the by the appropriate authority.

**Confidentiality Procedures**

This Court respectfully requests that the Stipulated Protective Order previously entered into by the parties in this case apply as appropriate to the treatment of any documents produced and the depositions of the witnesses. A copy of that order is attached here as Exhibit 2.

**14.    Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to Be Notified**

In addition to the above identified companies and individuals, please notify the following counsel regarding the time and place for execution of the request:

- 9 -

Jonah H. Goldstein, Esq.
Rachel L. Jensen, Esq.
Rachel A. Cocalis, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
USA
Telephone:  619/231-1058
619/231-7423 (fax)

Samuel H. Rudman, Esq.
Erin W. Boardman, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
USA
Telephone:  631/367-7100
631/367-1173 (fax)

**Local Counsel**

Luis Eduardo Hernández Meza
Félix Sánchez Jiménez
Jorge Rodolfo Méndez Romero
Eduardo Flores Cavazos
Jose Ma.Vertiz 1205
Col. Letran Valle
Alcaldia Benito Juárez
Ciudad de México C.P. 03650
México

**15.    Request for Attendance or Participation of Judicial Personnel of the
         Requesting Authority at the Execution of the Letter of Request**

         None.

**16.    Specification of Privilege or Duty to Refuse to Give Evidence under the Law
         of the State of Origin**

         None.

**17.    Fees and Costs**

         The fees and costs incurred which are reimbursable under the second paragraph of Article 14

or under Article 26 of the Hague Evidence Convention will be borne by Lead Plaintiff, through its

- 10 -

counsel of record: Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, United States of America. Lead Plaintiff's payment of such fees and costs (if any) is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in this proceeding.

## CONCLUSION

In the spirit of comity and reciprocity, this Court respectfully requests that this Letter of Request be executed by the Tribunal Superior de Justicia de la Ciudad de México, and that, by its proper and usual process, the Tribunal Superior de Justicia de la Ciudad de México compel the following:

1. Compel KPMG to produce the documents listed in "Exhibit 1 – Requests for Production of Documents from KPMG Cárdenas Dosal, S.C.," attached hereto, within four (4) weeks after the date of the order giving effect to this Letter of Request.

2. Compel the KPMG representative most knowledgeable about Televisa's internal controls over financial reporting to appear within four (4) weeks following the production of documents by KPMG, on the condition that such examination takes place in good time before the fact discovery cutoff for this litigation on September 11, 2020. This Court respectfully requests that only the parties' representative or their designees, interpreters, a United States verbatim court reporter or stenographer, and counsel for the witness, if he/she desires, be permitted to attend and participate at the deposition in which the witnesses will be examined.

This Court respectfully requests that this Letter of Request be given the highest consideration and enforced, in its entirety, as soon as practicable. This Court expresses its gratitude and sincere willingness to provide similar assistance to the courts of the United Mexican States if future circumstances should require.

- 11 -

Date of Request:

__Sept 23__ , 2019

Signature and Seal of the Requesting Authority:

Louis L. Stanton

Louis L. Stanton, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
United States of America

Done in Chambers in New York, New York this **23** day of **Sept** 2019.


[Seal of the Court]                         Louis L. Stanton,
                                            United States District Judge

4811-8888-2594.v4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I, Louis L. Stanton, U.S. District Judge of the United States District Court for the Southern District of New York, do hereby certify that Ruby J. Krajick, whose signature is attached to the letter hereto annexed, was at the date thereof the Clerk of the United States District Court in and for the Southern District of New York; that the official acts and doings of said Clerk are entitled to full faith and credit; and that the attestation to said letter of request is in due form of law. I further certify that the seal attached to said letter of request is the seal of this Court.

WITNESS my hand and seal of said Court in the City of New York, this **24**ᵗʰ day of **September** in the year of our Lord **2019**.

**Louis L. Stanton**

Louis L. Stanton
United States District Judge

-1-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I, Ruby J. Krajick, Clerk in and for the United States

District Court for the Southern District of New York, do hereby

certify that the Honorable Louis L. Stanton, whose name is

signed to the accompanying papers, is now, and was at the time

of signing the same, a United States District Judge in and for

the Southern District of New York.

IN WITNESS THEREOF, I have hereunto set the seal of

this District Court at the City of New York in the Southern

District of New York, this  24th  day of  September

in the year of our Lord  2019 .

Clerk of the Court

-1-

# EXHIBIT 1

## EXHIBIT 1

## REQUESTS FOR PRODUCTION OF DOCUMENTS FROM KPMG CÁRDENAS DOSAL, S.C.

### I.    DEFINITIONS

Unless otherwise stated, the terms set forth below are defined as follows:

1.      "KPMG," "you" or "your" refers to KPMG Cárdenas Dosal, S.C. and any of its members (as defined by 0.400.12 and 0.400.18, formerly ET §92.07 and ET §92.11, respectively, of the Association of International Certified Professional Accountants (formerly American Institute of Certified Public Accountants) Code of Professional Conduct, adopted January 12, 1988 and renumbered effective December 15, 2014) and any predecessors, successors, parents, subsidiaries, divisions, partnerships and branches; its international, foreign, national, regional and local offices; all present or former officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants, and all other persons acting or purporting to act on its behalf.

2.      "All" shall be construed in the broadest possible sense under Local Civil Rule 26.3(d)(1) of the U.S. District Court for the Southern District of New York ("Local Civil Rule(s)").

3.      "And" and "or" shall be construed in the broadest possible sense under Local Civil Rule 26.3(d)(2).

4.      "Communication(s)" shall be construed in the broadest possible sense under Local Civil Rule 26.3(c)(1).

5.      "Concerning" shall be construed in the broadest possible sense under Local Civil Rule 26.3(c)(7).

6.      "Defendants" refers to Televisa and the Individual Defendants, individually and collectively, as those terms are defined herein.

7.     "Document(s)" shall be construed in the broadest possible sense under Local Civil Rule 26.3(c)(2) and shall explicitly include "Communications."

8.     "Individual Defendants" means Emilio Fernando Azcárraga Jean III and Salvi Rafael Folch Viadero and their agents, attorneys, accountants, employees, partners, consultants, advisors, or other persons occupying similar positions or performing similar functions, and all other persons acting or purporting to act on their behalf.

9.     "Plaintiff" refers to Lead Plaintiff Colleges of Applied Arts & Technology Pension Plan.

10.    "SEC" refers to the United States Securities and Exchange Commission, its national, regional and branch officers, and its commissioners, directors, administrators, branch chiefs, attorneys, accountants, investigators, paralegals and staff.

11.    "Televisa" refers to Grupo Televisa, S.A.B., and its predecessors, successors, parents, affiliates, divisions, or direct or indirect subsidiaries (including, but not limited to, Mountrigi Management Group Ltd.), and their respective present and former officers, directors, employees, consultants, partners, agents, attorneys, accountants, auditors, advisors, and other persons acting or purporting to act on behalf of any of the foregoing.

12.    "Workpapers" are defined in SEC Regulation S-X §210.2-06 and the International Standard on Auditing 230 Audit Documentation, and consist of the full and complete set of records relevant to the audit or review, including all documents that form the basis of the audit or review, and memoranda, correspondence, communications, other documents and records (including electronic records), which: (1) are created, sent or received in connection with the audit or review; and (2) contain conclusions, opinions, analysis, or financial data related to the audit or review. Such memoranda, correspondence, communications, other documents, and records (including

- 2 -

electronic records) are considered audit documentation whether they support the final conclusions regarding the audit or review, or contain information or data relating to a significant matter, that is inconsistent with the auditor's final conclusions regarding that matter or the audit or review. Such documents and records include, but are not limited to, those documenting a conclusion on or a resolution of differences in professional judgment.

## II.   INSTRUCTIONS

1.     In responding to these requests, you shall produce all responsive documents in your actual or constructive possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, executives, officers, partners, managing agents, agents, employees, consultants, attorneys, accountants, auditors, or any agent or representative. A document shall be deemed to be within your control if you have the ability or right to secure the document or a copy of the document from another person having possession or custody of the document.

2.     Pursuant to the Federal Rules of Civil Procedure ("Rules"), you are to produce the original documents as they are kept in the usual course of business, and you shall organize and label them to correspond with the categories in these requests.

3.     In responding to these requests, you shall produce all responsive documents available at the time of production and you shall thereafter timely supplement your responses as required by Rule 26(e).

4.     If any responsive document was, but no longer is, in your possession or subject to your control, state whether the document is: (a) missing, lost, or stolen; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

- 3 -

5.     If you claim any form of privilege or any other objection, whether based on statute, common law or otherwise, as a ground for withholding or redacting any requested document, please furnish a log identifying each document for which the privilege or other objection is claimed together with the following information:

     (a)     the privilege being asserted;

     (b)     the person on whose behalf the privilege is asserted;

     (c)     a precise statement of the facts upon which the claim of privilege is based;

and

     (d)     identify the purported privileged document including:

        (i)     its nature (*e.g.*, letter, memorandum, email, fax, tape, etc.);

        (ii)     the date it was prepared or generated;

        (iii)     the date the document bears;

        (iv)     the date the document was sent;

        (v)     the date it was received;

        (vi)     the name of the person who prepared the document;

        (vii)     all persons or entities shown on the document to have reviewed, received, or sent the document;

        (viii)     all persons or entities known to have been furnished the document or informed of its substance; and

        (ix)     the identity of each attorney and each client at all relevant times.

6.     If a portion of any document responsive to these requests is withheld under a claim of privilege pursuant to Instruction No. 5, any non-privileged portion of such document must be

- 4 -

4820-4681-4370.v3

produced with the portion claimed to be privileged redacted and identify the nature of the privilege asserted.

7. You are to produce each document requested herein in its entirety, without deletion, redaction, or excision (except as qualified by Instruction Nos. 5 and 6 above) regardless of whether you consider the entire document to be relevant or responsive to the requests.

8. The singular of any term includes the plural, and the disjunctive shall include the conjunctive, and vice versa. Construe the terms "and" and "or" as used herein in the conjunctive and disjunctive so as to produce the broadest scope of documents pursuant to each request.

## III. PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

Hard copy documents should be scanned in PDF format with a high-quality setting and DPI resolution rate as to not degrade the original image. The documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and should be produced in a manner where the custodian or source of each document is easily identifiable.

## IV. PRODUCTION OF ESI

1. *Format*: Electronically stored information ("ESI") should be produced in native format as it was ordinarily maintained in the usual course of business with all original metadata intact (*e.g.*, create date, file path, etc.). The documents should be produced in a manner where the custodian or source of the documents is easily identifiable.

2. *De-Duplication*: If you elect to de-duplicate prior to production, only exact duplicate documents shall be removed based on MD5 or SHA-1 hash values, at the family level. The custodian and file path for duplicate documents removed from the production will also be provided. Removal of near-duplicate documents and email thread suppression is not acceptable.

- 5 -

4820-4681-4370.v3

3.      *Technology Assisted Review*:  Predictive coding/technology-assisted-review shall not be used for the purpose of culling the documents to be reviewed or produced without notifying Plaintiff's counsel prior to use and with ample time to meet and confer in good faith regarding a mutually agreeable protocol for the use of such technologies.

4.      *Attachments*:  If any part of an email or its attachments is responsive, the entire email and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege.  Plaintiff's counsel is willing and available to meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege.  You shall use your best efforts to collect and produce documents that are links in emails, including, but not limited to, Google G Suite, Microsoft O365, etc.

5.      *Structured Data*:  To the extent a response to discovery requires production of electronic information stored in a database, you shall meet and confer with Plaintiff's counsel regarding methods of production.  Plaintiff's counsel is willing and available to meet and confer about whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

6.      *Encryption*:  To maximize the security of information in transit, any media on which documents are produced may be encrypted.  In such cases, you shall transmit the encryption key or password to Plaintiff's counsel, under-separate cover, contemporaneously with sending the encrypted media.

7.      *Redactions*:  For any document that needs to be redacted, you should meet and confer with Plaintiff's counsel regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

- 6 -

## V.    RELEVANT TIME PERIOD

All requests herein refer to the period from January 1, 2018 to June 1, 2019 (the "Relevant Time Period"), unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared or published outside of the Relevant Time Period. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the request.

## VI.   DOCUMENTS REQUESTED

### REQUEST FOR PRODUCTION NO. 1:

Documents (as defined above, this and each request for "Documents" shall include "Communications") necessary to show the nature and scope of any services you provided to the Defendants during the Relevant Time Period, as defined above in §V, including the terms of your engagement, and compensation you received.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to identify your individual employees, independent contractors, and/or consultants who participated in any auditing work, reviews, investigations, compliance and/or consulting services that you provided to Televisa during the Relevant Time Period, as defined above in §V.

### REQUEST FOR PRODUCTION NO. 3:

Indices, lists, or binders of workpapers prepared or maintained in connection with any work, reviews, investigations, compliance and/or consulting services provided for Televisa during the Relevant Time Period, as defined above in §V.

### REQUEST FOR PRODUCTION NO. 4:

Documents concerning any investigation regarding the actual or potential making of any improper or unlawful payments by any Defendant, as well as any actual or potential effort to cover-

- 7 -

up or conceal any improper or unlawful payments during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 5:

Documents concerning any actual or potential weaknesses, deficiency, problem or issue associated with Televisa's internal controls, including documents reflecting your analysis, investigation and/or recommendations concerning, Televisa's internal controls, and any findings or recommendations made by you during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 6:

Documents concerning the Individual Defendants' certifications of the effectiveness of Televisa's internal controls during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 7:

Documents assessing your ability to rely on representations of Televisa's management, employees, or the defendants in connection with any services that you provided for Televisa during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 8:

Documents concerning your engagement as Televisa's auditor, as announced in Televisa's Forms 6-K filed with the SEC on July 10, 2018, including the circumstances surrounding it.

REQUEST FOR PRODUCTION NO. 9:

Documents concerning any: (1) disagreement; (2) difference of opinion concerning any matter of accounting principles or practices, financial statement disclosure, or auditing scope or procedure; or (3) any other "reportable event" between you and Televisa during the Relevant Time Period, as defined above in §V, including the nature of any such disagreement, difference of opinion, or "reportable event."

4820-4681-4370.v3

REQUEST FOR PRODUCTION NO. 10:

Documents concerning your involvement in developing, assessing, recommending, and/or implementing any plan, program, or effort contemplated or undertaken to address or resolve any weakness, deficiency, problem or issue associated with Televisa's internal controls during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 11:

Documents concerning Televisa's compliance with International Financial Reporting Standards, as issued by the International Accounting Standards Board, during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 12:

Documents with, or concerning, any government agency, regulatory body and/or law enforcement agency concerning Televisa or your services for Televisa during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 13:

Documents with or concerning PricewaterhouseCoopers, S.C., the predecessor auditor you replaced as Televisa's registered independent public accounting firm commencing with your review of financial results for the period ending December 31, 2018 during the Relevant Time Period, as defined above in §V.

REQUEST FOR PRODUCTION NO. 14:

Documents sufficient to show your document preservation policy, practice or procedure during the Relevant Time Period, as defined above in §V, including any document destruction or retention policy.

4820-4681-4370 v3

# EXHIBIT 2

ORIGINAL Case 1:18-cv-01979-LLS  Document 61  Filed 06/12/19  Page 1 of 21

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

In re GRUPO TELEVISA SECURITIES          :     Civil Action No. 1:18-cv-01979-LLS
LITIGATION                               :
                                         :     CLASS ACTION
_____           :
                                         :     STIPULATED CONFIDENTIALITY AND
This Document Relates To:                :     PROTECTIVE ORDER
                                         :
        ALL ACTIONS.                     :
                                         :
_____ x

4813-3579-2281 v1

Pursuant to Federal Rule of Civil Procedure 26(c), Lead Plaintiff Colleges of Applied Arts

& Technology Pension Plan ("Lead Plaintiff") and Defendants Grupo Televisa, S.A.B., Emilio

Fernando Azcárraga Jean III, and Salvi Rafael Folch Viadero ("Defendants") (collectively, the

"Parties"), by and through their counsel, respectfully request that the Court issue a protective order

to maintain the confidentiality of nonpublic and competitively-sensitive information that may need

to be disclosed in connection with discovery in this case, and to guard against the waiver of

attorney-client privilege and work-product protection under Federal Rule of Evidence 502(d).

## I.  DEFINITIONS

The Parties hereby stipulate to the following terms of a protective order ("Order")

governing the pre-trial phase of this action:

(a)  Confidential Discovery Material.  Any Discovery Material designated as

"Confidential" pursuant to Paragraph 3(b) hereto.

(b)  Derivative Information. As defined in Paragraph 3(d) hereto.

(c)  Designating Party. As defined in Paragraph 5(b) hereto.

(d)  Discovery Material. Any information contained in documents, testimony taken at

depositions and transcripts thereof, deposition exhibits, interrogatory responses, responses to

requests for admissions, and any other information or material produced, given or exchanged in

this Litigation, regardless of the medium or manner generated, stored or maintained.

(e)  Non-Party. Any person or entity that is not a Party to the Litigation.

(f)  Objecting Party. As defined in Paragraph 8(b) hereto.

(g)  Producing Party. Any person or entity, whether a Party or Non-Party, that produces

Discovery Material in the Litigation.

(h)  Protected Material. As defined in Paragraph 7(a) hereto.

- 1 -

(i)    Receiving Party. Any Party receiving Discovery Material in the Litigation.

(j)    Sealed Documents. As defined in Paragraph 5(c) hereto.

## II.    PURPOSES AND LIMITATIONS

Subject to Paragraph 4(d), all Discovery Material (including, but not limited to, Confidential Discovery Material) shall be used solely for purposes of the prosecution or defense of this Litigation and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending or final. Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Order shall maintain Discovery Material in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Discovery Material is: (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons, as described in Paragraph 4 hereto. Each person who has access to Discovery Material that has been designated as Confidential shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure or misuse of such material, including by employing reasonable measures, consistent with this Order, to control access to, duplication of and distribution of such material.

## III.    DESIGNATING DISCOVERY MATERIAL

(a)    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order will act in good faith not to over-designate Discovery Material as Confidential Discovery Material.

(b)    Confidential Designations. Any Producing Party may designate Discovery Material it produces as "Confidential" if that party believes in good faith that such Discovery

- 2 -

Material contains or reflects non-public personal, financial, proprietary, customer or client information, commercially sensitive information, trade secrets, product research or development, or information that is entitled to confidential treatment under the Federal Rules of Civil Procedure, applicable laws or regulations (including information that is subject to U.S. or foreign privacy, data protection or secrecy laws or regulations), regulations governing the disclosure of government or agency documents, or Fed. R. Civ. P. 26(c)(1)(G).

(c)     Manner of Designations. For purposes of this Order, Producing Parties shall designate Confidential Discovery Material in the following manner:

(i)     In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the Producing Party shall mark such Discovery Material with the legend "CONFIDENTIAL" on each page of the relevant materials at the time of their production. Excel spreadsheets, if produced by any Party in native format, and any other native files that may be produced, shall be produced by such Party with a corresponding, placeholder TIFF bearing a document control number and the confidentiality designation, if any;

(ii)     In the case of materials produced in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "CONFIDENTIAL" and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation;

(iii)     In the case of depositions, counsel for any Party may designate as "Confidential" all or any portion of a deposition transcript, including any rough draft transcript,

- 3 -

deemed to contain Confidential Discovery Material.  The Designating Party shall advise the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the transcript or rough draft transcript of such depositions or other pretrial testimony.  The court reporter shall mark "CONFIDENTIAL" on the first page of the transcript and from the beginning through the end of any portions thereof designated as "Confidential."   Until the expiration of the 30-day period, the Parties shall treat the entirety of any transcript, including any rough draft transcripts, as Confidential Discovery Material.  Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material.  The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.   Discovery Material previously designated as "Confidential" that is marked as an exhibit during a deposition shall be treated as so designated at all times, regardless of whether the Discovery Material has been so marked by the court reporter; and

(iv)   In such cases where the marking of each piece of Discovery Material as "Confidential" is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as containing Confidential Discovery Material at the time of its production.

(d)   Derivative Information.  Extracts, summaries, compilations and descriptions of Confidential Discovery Material and notes, electronic images or databases containing Confidential Discovery Material ("Derivative Information") shall be treated as "Confidential" in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

- 4 -

4813-3579-2281 v1

(e)     Failure to Designate. If a Producing Party produces Discovery Material that it considers to be "Confidential" without affixing the appropriate legend(s) to such Discovery Material, produces two or more identical copies of Discovery Material (*i.e.*, duplicates) with inconsistent legends, or fails to designate deposition or other testimony within the 30-day period provided in Paragraph 3(d)(iii), or if a Party fails to designate Discovery Material produced by a Non-Party within the 60-day period provided in Paragraph 12(c), the Producing Party or the Party failing to designate Discovery Material produced by a Non-Party, as applicable, may subsequently designate such Discovery Material as "Confidential" by, promptly upon learning of the production without the required legend(s), delivering to the Receiving Parties or, in the event of a production by a Non-Party, all Parties: (i) written notice of such designation; and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Order. The Receiving Party or, in the event of a production by a Non-Party, all Parties must make a good faith effort to retrieve such Discovery Material, if disclosed to persons not permitted by this Order. Nothing in this Order shall prevent a Producing Party or Non-Party, in good faith, from correcting the designation of information that already has been produced to another party in undesignated form or with a different designation, or designating as "Confidential" information that has previously been produced in undesignated form or with a different designation by another Producing Party or Non-Party.

(f)     No Waiver. Disclosure by the Producing Party of Discovery Material designated as "Confidential" regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or a related subject matter.

- 5 -

4813-3579-2281 v1

## IV.    ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL

(a)    Use of Confidential Discovery Material.  No person shall disclose, or cause another person to disclose, Confidential Discovery Material to any other person except as provided in this Order. . A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize or otherwise communicate or make available such Confidential Discovery Material, in whole or in part, only to the following persons, and only insofar as such disclosure, summary, description, characterization or communication is reasonably necessary for the prosecution or defense of this Litigation:

(i)    Outside counsel for the Parties in this Litigation, and the regular and temporary employees and service vendors of such counsel (including outside copying services and outside litigation support services) assisting in the Litigation, provided, however, that in all instances, any disclosure is for use in accordance with this Order;

(ii)    A Party's authorized representatives responsible for overseeing its legal affairs and any current employee, officer, or director of a Party assisting in the defense or prosecution of, or making a determination with respect to, the Litigation, or, in the case of an individual Party, the Party himself or herself;

(iii)    Experts or consultants and their employees and/or staff members engaged to prepare a written opinion, testify or assist counsel for a Party in the Litigation, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation, and provided further, that such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto;  ·

- 6 -

4813-3579-2281 v1

(iv)    Any witness during their deposition or other proceeding in this Litigation. All such witnesses, and their counsel, will be bound by the provisions of this Order, and no such witnesses or deponents or their counsel (except to the extent the counsel represents a Party) shall be permitted to retain any Confidential Discovery Material;

(v)    Any fact witness in this Litigation or any person whom a Party's counsel believes in good faith will testify in this Litigation, and his or her counsel, to the extent the Confidential Discovery Material disclosed to such person relates to the anticipated subject matter of the witness's testimony, and provided that such witness and his or her counsel has signed an undertaking in the form attached as Exhibit A hereto and is not provided by the Receiving Party with copies of such Confidential Discovery Material for his or her retention.  Counsel shall safeguard all such documents, furnish them one at a time to witnesses in preparations, collect and safeguard them after each individual use, not permit witnesses to copy or take notes concerning such documents and, at the time of testimony, represent at the inception of witness's testimony adherence to this Order;

(vi)    The original source of information reflected in Confidential Discovery Material, provided that such person and his or her counsel (if any) has signed an undertaking in the form attached as Exhibit A hereto and is not provided with copies of such Confidential Discovery Material for his or her retention, and provided further that, if such source was not the author or recipient of such Confidential Discovery Material, only the portion of such Confidential Discovery Material reflecting information provided by the source may be disclosed to the source;

(vii)    Court reporters and videographers and their respective staffs retained in connection with the Litigation;

(viii)   The Court, necessary Court personnel and jurors;

- 7 -

(ix)     Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution, provided that such meditator, arbitrator, or other person has signed an undertaking in the form attached as Exhibit A hereto;

(x)      Any person who is identified as an author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including by testimony), provided that such person is notified that such Confidential Discovery Material is subject to this Order and is not provided with copies of such Confidential Discovery Material for his or her retention; and

(xi)     Any other person agreed upon in advance by all Parties in writing or on the record or any person as to whom the Court directs should have access.

(b)      Absent an order of the Court directing otherwise, there is no requirement that a Party who discloses information or items designated as "Confidential" disclose the identities of the recipients of such information or produce any executed Exhibit A, attached hereto.

(c)      Disclosure to Unauthorized Persons. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Producing Party of the unauthorized disclosures; (ii) use best efforts to retrieve all copies of the Confidential Discovery Material; (iii) inform the person or persons to whom unauthorized disclosure was made of all of the terms of this Order; and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

(d)      Use by Additional Parties. In the event that additional persons or entities become parties to the Litigation (a "New Party"), neither their outside counsel nor experts or consultants retained to assist such counsel shall have access to Confidential Discovery Material produced by

- 8 -

4813-3579-2281 v1

or obtained from any other Producing Party until the New Party has executed and filed with the Court a copy of this Order.

(e)     Limitations on Use. Every person or entity given access to Confidential Discovery Material or information contained therein:

(i)     shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Litigation, and each such copy is to be treated in accordance with the provisions of this Order; and

(ii)     shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to such terms.

## V.     FILING DESIGNATED DISCOVERY MATERIAL

Filing Designated Discovery Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Discovery Material. A Party that seeks to file under seal any Confidential Discovery Material must comply with Section 6 of the Electronic Case Filing Rules & Instructions for the Southern District of New York. Confidential Discovery Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Discovery Material at issue. If a Receiving Party's request to file Confidential Discovery Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court. The date upon which the Confidential Discovery Material is appended to a motion to file under seal shall act as the date that the Confidential Discovery Material is filed with the Court regardless of the date upon which the Court issues an order on the motion to file under seal.

- 9 -

(a)      Nothing in this Paragraph, however, shall preclude a Party from filing Discovery Materials that the Party itself has designated as Confidential Discovery Material in unredacted form and without requesting sealing.

(b)      In certain instances, materials submitted to the Court may be designated Confidential Discovery Material by another Party or Non-Party (the "Designating Party"), and the filing Party may disagree or have no position with respect to whether sealing is appropriate.  In such instances, the filing Party shall comply with the procedures in Paragraph 5, but shall indicate in its motion for permission to file under seal that the confidentiality designation was made by another Party or a Non-Party.  If the Designating Party is a Non-Party, such Designating Party shall also be served with copies of the motion and the unredacted materials submitted to the Court. The Designating Party will have ten (10) days thereafter to submit a motion specifying the portions of the Discovery Materials to be sealed and setting forth the reasons why sealing is appropriate under the circumstances, or otherwise consenting that the Discovery Materials need not be sealed.

(c)      All materials for which a Party is requesting permission to file under seal ("Sealed Documents") pursuant to this Order, shall be filed in accordance with Section 6 of the Electronic Case Filing Rules & Instructions for the Southern District of New York.

(d)      Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony, or other evidence.

(e)      Removal of Sealed Records.  Sealed records that have been filed may be removed by the Designating Party: (i) within ninety (90) days after a final decision disposing of the Litigation is rendered if no appeal is taken; or (ii) if an appeal is taken, within thirty (30) days after final disposition of the appeal.

## VI.   USE OF DESIGNATED DISCOVERY MATERIAL IN COURT

Use of Confidential Discovery Material in Court.   Unless applicable rules or the Court provide for different notice, if any Receiving Party plans to utilize any Confidential Discovery Material at a court hearing, conference, or trial, that Receiving Party will use reasonable efforts to inform the Producing and/or Designating Party of its intent to use such information in advance of the court appearance, without being obligated to identify the particular Confidential Discovery Material to be used.   Whether or not any such advance notice is given, the Receiving Party will provide the Producing and/or Designating Party with an opportunity to approach the Court in confidence, whether in Chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential Discovery Material before reference is made to any such Confidential Discovery Material.   This provision is not intended to prohibit counsel from selecting and using Confidential Discovery Material for any court hearing or conference.

## VII.   CLAWBACK OF PROTECTED MATERIAL

(a)   Production Not a Waiver.   It is the intent of the Parties to assert and preserve all information within the attorney-client privilege, any other applicable privilege, and/or entitled to work-product protection.   Pursuant to Federal Rule of Evidence 502(d), production or disclosure of any Discovery Material in the Litigation or any other proceeding that the Producing Party subsequently claims is protected from discovery or disclosure, in full or part, by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional privilege, immunity, or protection, including, but not limited to, the joint defense or common interest doctrines, or applicable laws and regulations (together, "Protected Material"), shall not be deemed to be a waiver of those protections with respect to the Protected Material, the subject matter of the Protected Material or the right to object to the production or disclosure of the Protected Material

- 11 -

in this Litigation or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

 (b) Clawback Procedure. If information produced in discovery is subject to a claim of attorney-client privilege, any other applicable privilege, and/or entitled to work-product protection, the Producing Party shall follow the procedures set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Local Civil Rule 26.2. Any Party opposing a Producing Party's assertion of attorney-client privilege, any other applicable privilege, and/or entitlement to work-product protection shall not assert as a ground for opposing such an assertion that the Producing Party waived any privilege or protection because of inadvertent production in this Litigation.

## VIII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

 (a) Failure to Challenge Not a Waiver. A Party shall not be obligated to challenge the propriety of the designation of Discovery Material as "Confidential" or a failure to so designate, at the time of the designation and the failure to so challenge shall not waive or otherwise preclude a subsequent challenge to such designation or failure to designate in accordance with Paragraph 8(c) hereto.

 (b) Time to Challenge Designation. A Party may object to the designation of Discovery Material as "Confidential" (the "Objecting Party"), or a failure to so designate, at any time.

 (c) Procedure for Challenging Designation. In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential" or a failure to so designate, the Objecting Party shall give written notice to counsel for the Producing Party and all Parties in the Litigation of the reasons for the objection. The Objecting Party and the Producing Party shall attempt in good faith to resolve all objections by agreement. If any objections cannot be resolved

- 12 -

by agreement within ten (10) days from when they are first made, the Objecting Party may, in accordance with Paragraph 5, submit the issue to the Court at any time. Any Discovery Material as to which such an issue is raised shall continue to be treated as Confidential Discovery Material until the Court's decision on the issue or the Producing Party withdraws such designation in writing, or, if the challenge is for a failure of a Party to designate Discovery Material as "Confidential," such Discovery Material shall be treated as such, sought by the Objecting Party until the Court's decision on the issue or the Objecting Party withdraws such objection in writing.

## IX.    FINAL DISPOSITION

The provisions of this Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Litigation. Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Litigation, including, without limitation, any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential Discovery Material shall, upon request of the Producing Party, make commercially reasonable efforts to identify and destroy all such Confidential Discovery Material, including all copies thereof and Derivative Information, or return such materials to counsel for the Producing Party. Outside counsel for the Parties shall be entitled to retain work product, court papers, deposition transcripts and trial transcripts that contain, reference or constitute Confidential Discovery Material, as well as any such materials that are subject to a litigation hold or document retention obligation in another matter or that are in use or may be used in a pending proceeding as described in Paragraph 4(d); provided, however, that such outside counsel, and employees of such outside counsel, shall maintain the confidentiality thereof pursuant to the terms of this Order.

- 13 -

## X.   LEGAL PROCESS

(a)   <u>Notice of Process and Objections</u>.  If a Receiving Party is subpoenaed in another proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body, and such subpoena or document demand seeks Confidential Discovery Material that was produced by a person or entity other than the recipient of such subpoena or document demand, the Receiving Party shall, unless otherwise required or prohibited by law, give written notice pursuant to Paragraph 10(b) hereto, as promptly as reasonably practicable before the return date for such subpoena or document demand, to counsel for the Producing Party that designated the Discovery Material as "Confidential" in this Litigation.  The Producing Party shall bear all responsibility for its objection to the production of such Confidential Discovery Material, and the Receiving Party shall not voluntarily make any production of the Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law.  The Receiving Party shall make a good faith effort to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena or document demand, or to move for any protection for the Discovery Material, before the Receiving Party takes any action to comply with the subpoena or document demand and shall request, by designation pursuant to a protective order or otherwise, the highest level of confidentiality protection available consistent with the designation of that Discovery Material pursuant to this Order.  Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring production of Discovery Material designated as "Confidential" in this Litigation.

- 14 -

(b)     Form of Notice.  Any written notice required by Paragraph 10(a) hereto shall be sufficient if made, given, furnished, or filed, in writing, to counsel of record.

## XI.  PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

This Order has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose.  Similarly, this Order has no effect upon, and shall not apply to, any information or material that: (i) was, is or becomes public, not in breach of this Order; (ii) is acquired, developed or learned by the Receiving Party independent of discovery in this Litigation; or (iii) is required by law to be made available to third parties.

## XII.  NON-PARTIES

(a)     Protection for Non-Parties.  Any Non-Party from whom Discovery Material is or has been sought in this Litigation may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of Discovery Material is subject to the Order.

(b)     Duty to Notify Non-Parties.  The subpoenaing or requesting party shall advise any Non-Party from whom Discovery Material is sought of the existence of this Order and its right to obtain its protections.

(c)     Right of Party to Designate.  To the extent that any Non-Party produces Discovery Material in this Litigation that contains Confidential Discovery Material of a Party to this Litigation, any Party may designate such Discovery Material as "Confidential," for purposes of this Order by delivering written notice of such designation to the Parties within sixty (60) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material.  Until the expiration of the 60-day period, the Parties shall treat any Discovery Material produced by a

- 15 -

Non-Party as Confidential Discovery Material. Thereafter, only those portions of such Discovery Material designated as "Confidential" shall be deemed Confidential Discovery Material.

(d)     As soon as practicable, and in no cases more than three business days, after a Receiving Party's receipt of written responses and objections and/or Discovery Material provided or produced in response to a subpoena pursuant to Federal Rule of Civil Procedure 45, a request pursuant to the Hague Convention, or any other process for obtaining Discovery Material, including any court filings related to such subpoena or request, that Receiving Party must make copies of such written responses and objections, court filings, and/or Discovery Material available to all other Parties.

## XIII.  MISCELLANEOUS

(a)     Entering into or agreeing to this Order, producing or receiving Confidential Discovery Material or otherwise complying with the terms of this Order, shall not:

(i)     operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

(ii)     prevent any Party from seeking further, greater or lesser protection with respect to the use of any Confidential Discovery Material, in connection with this Litigation or any other proceeding;

(iii)     prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(iv)     waive any applicable privilege, protection or immunity;

- 16 -

(v)   waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

(vi)   prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purported Confidential Discovery Material;

(vii)   prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

(viii)   affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Litigation.

(b)   It is the present intention of the Parties that the provisions of this Order shall govern discovery in the Litigation. Nonetheless, the Parties hereto may modify the terms of the Order by agreement of all Parties in writing, and approval by the Court.

(c)   The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment or other disposition of the Litigation.

(d)   Any violation of the terms of this Order shall be punishable by relief deemed appropriate by the Court, which also retains the power to modify the terms of

(e)   The Parties agree to meet and confer concerning any dispute between the Parties the Order regarding this Order before seeking assistance from the Court. If the Parties are unable to resolve for good cause the dispute, any Party may make an appropriate application to the Court for relief. LLS

(f)   This Order may be executed in any number of actual, telecopied or emailed counterparts, and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original. The executed signature page(s) from each actual, telecopied or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

- 17 -

(g)     This Order shall become effective as a stipulation among the Parties immediately

upon its execution.

DATED:  June 12, 2019              ROBBINS GELLER RUDMAN
                                       & DOWD LLP
                                  JONAH H. GOLDSTEIN
                                  RACHEL L. JENSEN
                                  RACHEL A. COCALIS


                                  RACHEL L. JENSEN

                                  655 West Broadway, Suite 1900
                                  San Diego, CA  92101
                                  Telephone:  619/231-1058
                                  619/231-7423 (fax)
                                  jonahg@rgrdlaw.com
                                  rachelj@rgrdlaw.com
                                  rcocalis@rgrdlaw.com

                                  ROBBINS GELLER RUDMAN
                                       & DOWD LLP
                                  SAMUEL H. RUDMAN
                                  ERIN W. BOARDMAN
                                  58 South Service Road, Suite 200
                                  Melville, NY  11747
                                  Telephone:  631/367-7100
                                  631/367-1173 (fax)
                                  srudman@rgrdlaw.com
                                  eboardman@rgrdlaw.com

                                  **Lead Counsel for Plaintiff**

DATED:  June 12, 2019              WACHTELL, LIPTON, ROSEN & KATZ
                                  HERBERT M. WACHTELL
                                  BEN M. GERMANA
                                  DAVID B. ANDERS
                                  DAVID E. KIRK
                                  TAMARA LIVSHIZ


                                  DAVID B. ANDERS


- 18 -

4813-3579-2281 v1

51 West 52 Street
New York, NY 10019
Telephone: 212/403-1307
212/403-2307 (fax)
dbanders@wlrk.com

Attorneys for Defendants

IT IS SO ORDERED.

DATED: _____ _____
THE HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

- 19 -

4813-3579-2281 v1

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], acknowledge that I have

read and understand the Protective Order in this Action governing the non-disclosure of those

portions of Discovery Material that have been designated as Confidential.  I agree that I will not

disclose such Confidential Discovery Material to anyone other than for purposes of this litigation

and that at the conclusion of the litigation I will return all discovery information to the party or

attorney from whom I received it, or provide in writing that said information has been destroyed.

By acknowledging these obligations under the Protective Order, I understand that I am submitting

myself to the jurisdiction of the United States District Court for the Southern District of New York

for the purpose of any issue or dispute arising hereunder and that my willful violation of any term

of the Protective Order could subject me to punishment for contempt of Court.


Date: _____          Signature:_____

                                     Printed name:_____

4813-3579-2281 v1