**ROPES & GRAY**

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

> Arrowstreet may seal the portions of exhibits H, AA, CC and FF to the Anders Declaration that it marked in green.
>
> Louis L. Stanton
> 1/29/20

January 27, 2020

**MEMO ENDORSED**

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/20

**BY ECF (WITHOUT EXHIBITS) AND HAND DELIVERY (WITH EXHIBITS)**

The Honorable Louis L. Stanton
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **In re Grupo Televisa Securities Litigation, No. 18 Civ. 1979 (LLS);**
    **Non-Party Arrowstreet Capital LP's Application to Seal**

Dear Judge Stanton:

      We write on behalf of Non-Party Arrowstreet Capital LP ("Arrowstreet") pursuant to Paragraph 5 of the Stipulated Confidentiality and Protective Order (ECF No. 61, enclosed as Exhibit A) to request that the Court seal portions of four documents that Defendants filed as exhibits to the original and corrected declarations of David B. Anders in opposition to class certification (collectively, the "Anders Declaration," submitted in connection with ECF No. 88). In an effort to facilitate public review of judicial documents, Arrowstreet does not seek to seal any portion of Defendants' memorandum of law or any portions of exhibits that Defendants specifically reference or quote from in their papers. Instead, Arrowstreet simply seeks to protect its own proprietary and confidential information that has been submitted to the Court but that neither side has argued is relevant to the Court's determination of the class certification issue, or any issue. As a non-party to this case, Arrowstreet's privacy interests are entitled to great weight. *See, e.g., Doe v. City of New York*, No. 15-cv-117, 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("In the redaction analysis, courts take the privacy interests of third-parties seriously."); *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d 500, 521 (E.D.N.Y.) ("[T]he privacy interests of third parties carry great weight in the balancing of interests."), *aff'd*, 800 F. Supp. 2d 453 (E.D.N.Y. 2011), *aff'd sub nom. Newsday LLC v. Cty. of Nassau*, 730 F.3d 156 (2d Cir. 2013).[1]

---

[1] We understand that CAAT is seeking to seal these four Exhibits in their entirety. If CAAT's sealing application is granted, then the relief sought herein is moot. If the Court does not grant CAAT's sealing application, Arrowstreet respectfully requests that its narrower sealing application be granted for the reasons set forth herein. Arrowstreet also disclosed its proposed redactions to

Arrowstreet is a quantitative investment firm that provides investment services to an investment fund (the "Fund") in which Lead Plaintiff Colleges of Applied Arts & Technology Pension Plan ("CAAT") is an investor. Arrowstreet's purported relevance to this case is that, for a period of time, the Fund had a short position in Grupo Televisa ADRs and CPOs and, for a period of time, CAAT was an investor in the Fund. Arrowstreet produced documents to the Parties in response to a subpoena from Defendants. In addition, Arrowstreet understands that Arrowstreet-created documents have been produced by CAAT. CAAT had access to these non-public documents by virtue of being an investor in the Fund.

Specifically, Arrowstreet respectfully requests that portions of the following four documents be maintained under seal:

1. Exhibit H to the Anders Declaration (Bates-labeled CAAT_0008409-26), which is a Fourth Quarter Portfolio Report dated December 31, 2017.

2. Exhibit AA to the Anders Declaration (Bates-labeled CAAT_0009370-87), which is a Second Quarter Portfolio Report dated June 30, 2017.

3. Exhibit CC to the Anders Declaration (Bates-labeled CAAT_0009314-33), which is an April 23, 2018 email from Arrowstreet to CAAT transmitting a First Quarter Portfolio Report dated March 31, 2018.

4. Exhibit FF to the Anders Declaration (Bates-labeled CAAT_0008956-57), which is a May 2-5, 2016 email exchange between Arrowstreet and CAAT.

Portions of these exhibits that were not referenced by either party contain proprietary, commercially sensitive, and trade secret information about Arrowstreet's business. More specifically, Arrowstreet seeks to redact from public filing information concerning (1) the investment management fees that Arrowstreet charges, and (2) Arrowstreet's proprietary investment approach and results. Unrestricted public access to this information would deeply injure Arrowstreet's privacy interests, including by causing Arrowstreet significant competitive injury, such that narrowly-tailored sealing is appropriate. In an effort to streamline public docketing, Arrowstreet has enclosed with this letter versions of the four Exhibits containing proposed redactions (the "Proposed Redacted Material") that have been provided to the Court and the Parties, but not publicly filed.[2] As set forth more fully below, Arrowstreet believes that sealing of the

---

Defendants, who confirmed that, although they have not had the opportunity to review this filing, based on their understanding of its content, they do not object to the sealing sought by Arrowstreet herein.

[2] For ease of the Court's reference, the Proposed Redacted Material in each Exhibit is highlighted in green. The yellow highlighting was applied by Defendants for the Court's review (and Arrowstreet does not seek to seal any of the material highlighted by Defendants in yellow).

<pre>ROPES & GRAY LLP</pre>

<pre>                              - 3 -                          January 27, 2020</pre>

Proposed Redacted Material is justified under controlling legal precedent, including the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## I. The Proposed Redacted Material in Exhibits H, AA, CC, and FF are not "judicial documents."

Under the three-part inquiry laid out by the Second Circuit in *Lugosch*, a court considering whether to seal documents must *first*, determine whether the documents at issue are "judicial documents," to which a presumption of public access attaches; *second*, determine the applicable weight of the presumption that may apply; and *third*, after determining such weight, balance "countervailing factors" against it, including the "privacy interests" of interested parties. *See* 435 F.3d at 119-20.

Critically, judicial documents are *only* those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. The *Lugosch* court itself acknowledged that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Id.*; *see also United States v. Amodeo*, 71 F. 3d 1044, 1050 (2d Cir. 1995) ("[D]ocuments that play no role in the performance of Article III functions . . . lie entirely beyond" the presumption of public access); *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, No. 13-cv-6073, 2013 WL 6171315, at *7 (S.D.N.Y. Nov. 25, 2013) (determining that the documents were non-judicial because they "played no role in [the] Court's adjudication of the parties' respective motions . . . ." and "were immaterial to the analysis . . . ."), *aff'd*, 776 F.3d 126 (2d Cir. 2015); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, No. 10-cv-8663, 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (same).

The Proposed Redacted Material that Arrowstreet seeks to seal is not cited or relied upon by any party and is thus not a "judicial document." Information about (1) the investment management fees that Arrowstreet charges, and (2) Arrowstreet's proprietary investment approach and results, is simply not relevant to the Court's determination of class certification, or any other issue. Thus, the Proposed Redacted Material should not treated by this Court as "judicial documents" for the purposes of a sealing analysis. Where documents are not judicial, "there is no presumption of public access" to overcome, and thus the movant must "only make a baseline showing of good cause" to justify maintaining the documents under seal. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 621 F. Supp. 2d 55, 73 (S.D.N.Y. 2007), *aff'd*, 347 F. App'x. 615 (2d Cir. 2009). Under a good cause standard, even a "minimal showing of possible harm from disclosure" of the information sought to be sealed is sufficient to meet this burden and "trigger a sealing order." *Dorsett*, 762 F. Supp. 2d at 509. For the reasons set forth below, Arrowstreet has clearly met this burden and demonstrated that there is good cause to seal the Proposed Redacted Material.

## II. Arrowstreet's privacy interests outweigh any presumption of public access to the Proposed Redacted Material.

Even assuming, *arguendo*, that some or all of the Proposed Redacted Material constitutes "judicial documents," any presumption of public access is strongly outweighed by non-party Arrowstreet's significant privacy interests.

*First*, little weight should be afforded to any presumption of public access because of the "negligible role" this information plays in adjudicating class certification here. *Amodeo*, 71 F.3d at 1050 ("[W]hen . . . documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low . . . ."); *see also GoSMiLE*, 2012 WL 1382557, at *1 (noting that even if documents found to be "immaterial" to the court's analysis *were* "viewed as judicial documents, the presumption of access is slight . . . .") (emphasis added). Here, none of the Proposed Redacted Material was cited or quoted by any party. At most, the Proposed Redacted Material has tangential relevance solely by virtue of the fact that it happens to be contained within a document cited by Defendants for another purpose.

*Second*, as a non-party to this case, Arrowstreet's privacy interests are entitled to great weight. *See, e.g., Amodeo*, 71 F.3d at 1050 ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Doe*, 2019 WL 4392533, at *2 ("In the redaction analysis, courts take the privacy interests of third-parties seriously."); *Dorsett*, 762 F. Supp. 2d at 521 ("[T]he privacy interests of third parties carry great weight in the balancing of interests.").

*Third*, the two categories of information that Arrowstreet seeks to seal implicate privacy interests sufficiently significant to outweigh any corresponding presumption of public access.

### A. Proposed Redacted Material relating to Arrowstreet's fees (Exhibit FF)

Arrowstreet proposes limited redactions to Exhibit FF to protect information discussing Arrowstreet's investment management fees that would impact CAAT and other investors (or potential investors) in the Fund, as well as investors (or potential investors) in other Arrowstreet-sponsored funds that employ an investment strategy similar to that of the Fund. Public access to such pricing information would cause Arrowstreet significant injury and is among the quintessential type of information held to be appropriately sealed. *See, e.g., In re Dig. Music Antitrust Litig.*, 321 F.R.D. 64, 82 n.1 (S.D.N.Y. 2017) (sealing "information relating to competitive pricing data and strategy" even when located within "judicial documents" because "the privacy interests of the affected non-parties are sufficient to overcome the presumption of access"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 608, 608, 614 (S.D.N.Y. 1998) (sealing, *inter alia*, "the rates charged by HBO to each cable operator" because "[c]onfidential business information dating back even a decade or more may provide valuable insights into a company's current business practices that a competitor would seek to exploit."). Similarly, Arrowstreet's

ROPES & GRAY LLP

- 5 -                                                     January 27, 2020

competitors could exploit the Proposed Redacted Material in Exhibit FF to attempt to undermine Arrowstreet's ability to compete in the marketplace. This Court should protect Arrowstreet from such an inequitable result. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing.").

    B.    <u>Proposed Redacted Material relating to Arrowstreet's proprietary investment approach and results (Exhibits H, AA, and CC)</u>

Exhibits H, AA, and CC are detailed, proprietary, non-public quarterly portfolio reports that Arrowstreet provides to investors in the Fund, including CAAT, pursuant to agreed confidentiality protections.[3] Defendants cite to narrow portions of these documents with respect to specific discussions of Grupo Televisa securities. In an effort to facilitate public review of judicial documents, Arrowstreet has no objection to the particular referenced portions of these documents about Grupo Televisa securities becoming public. Arrowstreet believes, however, that the non-cited portions of the documents should be sealed as they contain trade secret information about Arrowstreet's proprietary investment approach and results. If made public, these documents could be exploited by Arrowstreet's competitors who may seek to mimic Arrowstreet's quantitative trading approach.

Indeed, the Second Circuit has expressly held that "trade secrets may be sufficient to defeat the presumption [of public access]." *Hardy v. Equitable Life Assurance Soc'y of United States*, 697 F. App'x 723, 725 (2d Cir. 2017); *see also In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 410 n.4 (2d Cir. 2009) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved."); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) (describing "trade secrets" and "confidential research" as categories that are "commonly sealed"). For example, in *Dodona I, LLC v. Goldman, Sachs & Co.*, this Court held that information concerning "trading strategies, objectives and transactions" overcame the presumption of confidentiality even when cited in summary judgement motions. 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). This Court has also protected, in the class certification context, a party's "market predictions," "intelligence," and "strategy" from disclosure. *Tropical Sails Corp. v. Yext, Inc.*, No. 14-cv-7582, 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016). The proposed redacted portions of Exhibits H, AA, and CC convey information about non-party Arrowstreet's proprietary process and procedure for evaluating and measuring investments and potential investments. Allowing public disclosure of this highly sensitive information, including to Arrowstreet's business competitors, would unfairly harm Arrowstreet, and therefore sealing is appropriate. *See Nixon*, 435 U.S. at 598.

---

[3] Indeed, each of Exhibits H, AA, and CC expressly states that "[a]ll information contained herein is subject to the confidentiality provisions set forth in [the relevant agreement(s)]." Ex. H at 18; Ex. AA at 18; and Ex. CC at 20.

ROPES & GRAY LLP

- 6 -  January 27, 2020

\*  \*  \*

For the foregoing reasons, non-party Arrowstreet respectfully requests that the Court grant its application to seal the Proposed Redacted Material in Exhibits H, AA, CC, and FF and direct Defendants to file versions of those exhibits redacted the same as the exhibits to this letter.

Respectfully submitted,

/s/ Alexander B. Simkin
Alexander B. Simkin

Enclosures

cc: All Counsel of Record (by e-mail)

**MEMORANDUM ENDORSEMENT**

<u>In re Grupo Televisa Securities Litigation</u>,
18 Civ. 1979 (LLS)

    Arrowstreet may seal the portions of exhibits H, AA, CC and FF to the Anders Declaration that it marked in green.

Dated:    January 29, 2020
             New York, New York

                                       /s/
                                LOUIS L. STANTON
                                   U.S.D.J.