ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

In re GRUPO TELEVISA SECURITIES
LITIGATION

18 Civ. 1979 (LLS)

MEMORANDUM OPINION & ORDER

------------------------------X

Lead Plaintiff's requests (its counsel's January 27, 2020 letter to the Court) that exhibits defendants filed in support of their opposition to class certification be placed under seal or with portions redacted are disposed of as follows:

1.

The defendants' January 15, 2020 Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification contains trenchant arguments against class certification and against the appointment of Colleges of Applied Arts & Technology Pension Plan ("CAAT") as a class representative. Consideration of those arguments at this stage of the case is timely, and no portion of the Memorandum is superfluous. It seeks to affect judicial determinations of significance to the litigation. No part of it may be sealed or redacted from public access.

2.

Exhibit EE may be sealed or redacted except for the relevant column headings and portion (nine lines) on Arrowstreet and MSCI World on page 34, on Fisher and MSCI Emerging Markets (ten lines) on page 35, and on Arrowstreet Capital Global and Fisher on pages 46 (three lines) and 47 (two lines).

3.

Exhibit U is a draft of CAAT internal guidelines of criteria to be considered in deciding whether or not to apply for status as lead plaintiff in potential securities class actions. Most of the proposed guidelines in this draft are banal, and it seems unlikely to be accorded a high degree of protection from disclosure. It supplies some ammunition for the argument that CAAT's relationship with Robbins Geller, and failure to comply with its own internal standards, disqualify it as class counsel. That argument may or may not be consequential. If the purported class suffered no losses from revelations of defendants' claimed wrongdoing, or if CAAT received more from shorting Grupo shares than it lost on its long position, other arguments about CAAT's qualifications may become immaterial.

For the present Exhibit U may be sealed or redacted, with the understanding that full public disclosure may be required as the case progresses.

4.

Exhibits HH and II are two retainer agreements between CAAT and Robbins Geller, and their relevance is to the same argument referred to in paragraph 3 above, which may never be reached. They are treated accordingly. For the present, they may be sealed or redacted, with the understanding that full disclosure may be required as the case progresses.

5.

Exhibit V - these excerpts from the November 21, 2019 deposition of Kevin Rorwick go directly to the merits of the opposition to the motion, and shall be neither sealed nor redacted, except for redaction of the witness's home address.

6.

Exhibits H, AA, CC and FF were considered and ruled on in the January 29, 2020 endorsement on Arrowstreet's counsel's January 27, 2020 letter to the Court.

\* \* \* \*

So Ordered.

Dated: New York, New York
      February 6, 2020

                                                                LOUIS L. STANTON
                                                                   U.S.D.J.