

**ROPES & GRAY**

ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/20
```

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

March 16, 2020

**BY ECF (WITHOUT EXHIBITS) AND FEDEX (WITH EXHIBITS)**

The Honorable Louis L. Stanton
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **In re Grupo Televisa Securities Litigation, No. 18 Civ. 1979 (LLS);**
**Non-Party Arrowstreet Capital LP's Application to Seal**

Dear Judge Stanton:

We write on behalf of non-party Arrowstreet Capital LP ("Arrowstreet") pursuant to Paragraph 5 of the Stipulated Confidentiality and Protective Order (ECF No. 61) to request that the Court seal portions of four documents that Lead Plaintiff College of the Applied Arts & Technology Pension Plan ("CAAT") filed as Exhibits to the declaration of Rachel L. Jensen in further support of CAAT's motion for class certification (the "Jensen Declaration," ECF No. 99). On January 27, 2020, Arrowstreet previously moved to seal substantively identical portions of substantively identical documents. *See* ECF No. 89 at 5 (seeking to seal portions of certain quarterly reports submitted as Exhibits H, AA, and CC). On January 29, 2020, the Court granted Arrowstreet's application. *See* ECF No. 92. Arrowstreet respectfully submits that this application is justified under controlling legal precedent, including the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and should be granted for the same reasons as its prior application. *See* ECF No. 89.[1]

*Handwritten annotation:* I have examined each exhibit. The matter highlighted in green may be redacted from the exhibit publicly filed. So Ordered.

Louis L. Stanton
3/18/20

---

[1] CAAT has filed an application to seal these same four Exhibits. *See* ECF 98. If CAAT's sealing application is granted, then the relief sought herein is moot. If the Court does not grant CAAT's sealing application, Arrowstreet respectfully requests that its narrower sealing application be granted for the reasons set forth herein. Defendants do not object to the sealing sought by Arrowstreet herein. *See* ECF No. 104.

ROPES & GRAY LLP

- 2 -                                                                                                                March 16, 2020

Specifically, Arrowstreet respectfully requests that portions of the following four documents be maintained under seal:

1. Exhibit 36 to the Jensen Declaration (Bates-labeled CAAT_0009110-27 and CAAT_0009129), which is a First Quarter Portfolio Report dated March 31, 2017.

2. Exhibit 37 to the Jensen Declaration (Bates-labeled CAAT_0009132-38 and CAAT_0009140), which is a February 2017 Portfolio Report dated February 28, 2017.

3. Exhibit 38 to the Jensen Declaration (Bates-labeled CAAT_0009142-48 and CAAT_0009150), which is a January 2017 Portfolio Report dated January 31, 2017.

4. Exhibit 39 to the Jensen Declaration (Bates-labeled CAAT_0009307-313), which is a July 2018 Portfolio Report dated July 31, 2018.

These documents are substantively identical to Exhibits H, AA, and CC and the redactions that Arrowstreet seeks to apply to these documents are substantively identical to those the Court approved in January. *See* ECF No. 92.[2] Like Exhibits H, AA, and CC, Exhibits 36-39 are non-public monthly and quarterly reports that Arrowstreet provides to Unitholders in the Fund pursuant to a confidentiality agreement. Indeed, each of Exhibits 36, 37, 38, and 39 expressly state that "[a]ll information contained herein is subject to the confidentiality provisions set forth in [the relevant agreement(s)]." Ex. 36 at 17; Ex. 37 at 7; Ex. 38 at 7; and Ex. 39 at 7. The reports at issue in this sealing application are simply from different months and quarters than the reports at issue in Arrowstreet's prior sealing application. *See* ECF No. 89.

The only substantive difference between these reports and those that Defendants previously submitted is that three of CAAT's submissions contain additional pages that accompany the monthly and quarterly reports. Exs. 36, 37, and 38. These additional pages list every investment of the Fund at a given point in time. Ex. 36 at CAAT_0009129; Ex. 37 at CAAT_0009140, and Ex. 38 at CAAT_0009150. If anything, the inclusion of this extremely sensitive (and largely irrelevant) proprietary business information further justifies Arrowstreet's sealing application, as this information could reasonably be exploited by Arrowstreet's competitors who may seek to ascertain and replicate Arrowstreet's successful investment strategy.

To be clear, Arrowstreet does not seek to redact from the public docket any portion of any document that refers to Televisa-related securities, and the Proposed Redacted Material has not been referenced by either party in their briefing.

---

[2] As with Arrowstreet's prior sealing submission (ECF No. 89), Arrowstreet has enclosed with this letter versions of the proposed redacted material it seeks to seal (the "Proposed Redacted Material"), which has been provided to the Court and the parties, but has not been publicly filed. For ease of reference, the Proposed Redacted Material has been highlighted in green.

ROPES & GRAY LLP

- 3 -                                                                                                        March 16, 2020

\*       \*       \*

      For the foregoing reasons, and as more fully briefed in Arrowstreet's initial sealing application (ECF No. 89), non-party Arrowstreet respectfully requests that the Court grant its application to seal the Proposed Redacted Material in Exhibits 36, 37, 38 and 39, and direct CAAT to file versions of those Exhibits redacted in the same manner as the Exhibits to this letter.

                                                      Respectfully submitted,

                                                      /s/ Alexander B. Simkin
                                                      Alexander B. Simkin

Enclosures

cc:    Lead Plaintiff's Counsel of Record (by email)
        Defendants' Counsel of Record (by email)
        All Counsel of Record (by ECF) (without enclosures)