UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
In re GRUPO TELEVISA SECURITIES : Civil Action No. 1:18-cv-01979-LLS
LITIGATION :
: CLASS ACTION
---------------------------------------------------------- :
: [PROPOSED] REQUEST FOR
This Document Relates To: : INTERNATIONAL JUDICIAL
: ASSISTANCE (LETTER OF REQUEST)
ALL ACTIONS. : UNDER THE HAGUE CONVENTION ON
---------------------------------------------------------- x THE TAKING OF EVIDENCE ABROAD IN
CIVIL OR COMMERCIAL MATTERS FOR
EVIDENCE FROM BANK JULIUS BAER &
CO. AG

[~~Proposed~~] Request for International Judicial Assistance Pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention")   LLS

TO THE CENTRAL AUTHORITY OF THE SWISS CONFEDERATION:

1. **Sender**

   The Honorable Louis L. Stanton
   United States District Judge
   United States District Court for the Southern District of New York
   Daniel Patrick Moynihan United States Courthouse
   500 Pearl Street
   New York, NY 10007-1312
   USA

2. **Central Authority of the Requested State**

   Obergericht des Kantons Zürich
   Internationale Rechtshilfe
   Hirschengraben 13/15
   Postfach 8021
   8001 Zürich
   T: +41 44 257 91 91
   F: +41 44 261 12 92
   info.obergericht@courts-zh.ch

3. **Person to Whom the Executed Request Is to Be Returned**

   Erin W. Boardman, Esq.
   eboardman@rgrdlaw.com
   ROBBINS GELLER RUDMAN & DOWD LLP
   58 South Service Road, Suite 200
   Melville, NY  11747
   USA
   Telephone:  631/367-7100
   631/367-1173 (fax)

   On behalf of the Honorable Louis L. Stanton

4. **Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request**

   **Date**:  As soon as reasonably practicable consistent with the Court's calendar.

**Reason for urgency**: The deadline for the completion of document discovery in this litigation is set for April 30, 2020, and the deadline for the completion of all fact discovery is set for November 10, 2020. The discovery obtained from this Letter of Request will be used during the depositions of the named defendants. Thus, the evidence must be obtained sufficiently before the depositions and the close of discovery to be of use.

### In Conformity with Article 3 of the Convention, the Undersigned Applicant Has the Honor to Submit the Following Request:

**5.**

    **a.**    **Requesting Judicial Authority**

United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
USA

    **b.**    **To the Competent Authority of**

The Swiss Confederation, Kanton Zürich

    **c.**    **Names of the case and identifying number**

*In re Grupo Televisa Securities Litigation*, Civil Action No. 1:18-cv-01979-LLS, pending in the United States District Court for the Southern District of New York.

**6.**    **Names and Addresses of the Parties and Their Representatives**

    **a.**    **Plaintiff**

Lead Plaintiff Colleges of Applied Arts & Technology Pension Plan
250 Yonge Street, Suite 2900
P.O. Box 40
Toronto ON  M5B 2L7
Canada

**Plaintiff's Representatives**

Samuel H. Rudman, Esq.
Erin W. Boardman, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP

- 2 -

58 South Service Road, Suite 200
Melville, NY 11747
USA
Telephone: 631/367-7100
631/367-1173 (fax)

Jonah H. Goldstein, Esq.
Rachel L. Jensen, Esq.
Rachel A. Cocalis, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
USA
Telephone: 619/231-1058
619/231-7423 (fax)

Noam Mandel, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
125 Park Avenue, 25th Floor
New York, NY 10017
USA
Telephone: 212/791-0567

b.   **Defendants**

1.   Grupo Televisa, S.A.B.
     Building A, Avenida Vasco de Quiroga No. 2000, Floor 4
     Delegación Álvaro Obregón
     Colonia Santa Fe
     Mexico City, DF 01210
     Mexico

2.   Emilio Fernando Azcárraga Jean III
     Building A, Avenida Vasco de Quiroga No. 2000, Floor 4
     Delegación Álvaro Obregón
     Colonia Santa Fe
     Mexico City, DF 01210
     Mexico

3.   Salvi Rafael Folch Viadero
     Building A, Avenida Vasco de Quiroga No. 2000, Floor 4
     Delegación Álvaro Obregón
     Colonia Santa Fe
     Mexico City, DF 01210
     Mexico

**Defendants' Representatives**

Herbert M. Wachtell, Esq.
Ben M. Germana, Esq.
David B. Anders, Esq.
David E. Kirk, Esq.
Tamara Livshiz, Esq.
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52 Street
New York, NY 10019
USA
Telephone: 212/403-1307
212/403-2307 (fax)

**c.   Other Parties**

None.

**7.   Nature and Summary of the Proceedings**

**a.   Nature of the Proceedings**

This class action lawsuit asserts civil claims for securities fraud under the U.S. federal securities laws, in particular §§10(b) and 20(a) of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b) and 15 U.S.C. §78t(a)], and U.S. Securities and Exchange Commission Rule 10b-5 [17 C.F.R. §240.10b-5], which provide compensation for monetary damages caused by false and misleading statements and/or omissions made by a company and/or its executives. The defendants are Grupo Televisa, S.A.B. ("Televisa"), a media conglomerate based in Mexico, and two of its executives, Emilio Fernando Azcárraga Jean III, and Salvi Rafael Folch Viadero (collectively, "Defendants"). The action alleges that Defendants failed to disclose that Televisa obtained media rights to Fédération Internationale de Football Association ("FIFA") World Cup football tournaments through bribery, including a US$7,250,000 payment made by Televisa's wholly owned subsidiary, Mountrigi Management Group Ltd. ("Mountrigi"), headquartered in Zug, Switzerland, to a bank account at Bank Julius Baer & Co. AG ("Bank Julius Baer").

### b. Summary of the Complaint

Lead Plaintiff alleges, among other things, that Televisa concealed a bribery scheme to obtain exclusive broadcasting rights for FIFA World Cup tournaments, as later revealed in U.S. criminal proceedings involving convicted co-conspirator Alejandro Burzaco, the former general manager of convicted Argentine marketing company Torneos y Competencias S.A. ("Torneos").

Burzaco testified in a criminal case titled *United States v. Juan Ángel Napout, et al.*, No. 15-CR-252 (PKC) (E.D.N.Y.) that Torneos, Televisa, and others paid US$15,000,000 in bribes to former FIFA executive Julio Humberto Grondona in early 2013 to secure broadcasting rights for the 2026 and 2030 World Cups. According to a ledger admitted into evidence at the *Napout* trial and authenticated by a former Torneos employee, Televisa's subsidiary Mountrigi wired its US$7,250,000 portion of the bribe to an account labeled "Banco Julius Cta. Nro.2 de FPT (papa)." "Banco Julius" referred to Bank Julius Baer. "FPT" referred to "FPT Sports S.A." ("FPT Sports"), an off-the-books shell company of Torneos, while "papa" was a code name for Grondona. The ledger entry read "Cobro Mundial 2026/30 de Mountrigi Management Group LTD," and was dated April 5, 2013. The ledger indicated that Mountrigi's payment was transferred to another bank account at Bank Julius Baer maintained for Grondona's benefit (one of at least two such accounts).

The ledger also indicated that a US$300,000 payment was made from the same FPT Sports account to former Bank Julius Baer banker Jorge Arzuaga. Arzuaga has pled guilty in the United States to money laundering charges and admitted to opening bank accounts in Switzerland for Grondona and channeling bribes to him and other high-ranking FIFA officials.

On February 20, 2020, the Swiss Financial Market Supervisory Authority found that Bank Julius Baer fell significantly short in combating money laundering between 2009 and early 2018

- 5 -

in connection with alleged cases of corruption linked to FIFA, among other entities. The criminal proceedings related to FIFA corruption and bribery are ongoing.

### c. Summary of Defenses

Defendants deny Lead Plaintiff's allegations. Defendants claim that Televisa did not pay any bribe to obtain World Cup media rights: the allegedly hidden illicit payment upon which Lead Plaintiff relies was in fact a legitimate, *on*-the-books payment for consulting services in connection with Televisa's acquisition of media rights for the 2026 and 2030 World Cup tournaments. The ledger of payments upon which Lead Plaintiff relies also contained entirely legitimate payments.

Apart from Burzaco's vague and inaccurate testimony, discovery will reveal that there is no evidence to support Lead Plaintiff's allegations. When the charges against Burzaco became public, Televisa proactively hired outside counsel to conduct an internal investigation. That investigation concluded that no employee or agent of Televisa knew of, or condoned, any payment by any other third party to any FIFA official in exchange for World Cup broadcasting rights. Consistent with this conclusion, to Televisa's knowledge, neither the United States. nor the Swiss government have commenced any investigation of Televisa in connection with FIFA-related bribery. Indeed, Televisa has not so much as received a subpoena for any witness or document in connection with such investigations. Likewise, FIFA remains a business partner to Televisa and has never sought to rescind the contracts for any of the World Cup broadcasting rights. Moreover, Defendants claim that neither Televisa's reshuffling of executives in October 2017, nor Televisa's disclosure of material weaknesses in certain internal controls, nor its replacement of its auditor had anything to do with FIFA or bribery.

Defendants maintain that, among other defenses, the declines in Televisa's ADR price cannot be connected to the allegations in the Complaint. Moreover, the *New York Times* article

relied upon by Lead Plaintiff was not some exposé, but merely restated information that had been publicly reported months earlier. Burzaco's testimony similarly provided no new information.

8. **Evidence and Judicial Acts**

   a. **Evidence to be obtained or other judicial act to be performed**

   The following documents are sought from Bank Julius Baer:

   1. With respect to the account at Bank Julius Baer in the name of FPT Sports bearing Account No. 309.2284 (the "FPT Sports Account #1"),[1] monthly account statements and credit and debit advices showing:

      (a) Incoming bank credits totaling US$20,000,000 ($4,747,500 + $7,250,000 + $8,002,500) that were transferred from an account at Bank Julius Baer in the name of FPT Sports also bearing Account No. 309.2284 ("FPT Sports Account #2") on April 11, 2013.

      (b) Incoming bank credits totaling US$5,733,475.06 that were transferred from FPT Sports Account #2 on May 23, 2013.

      (c) Outgoing bank debits totaling US$300,000 that were transferred to FPT Sports Account #2 on May 31, 2013, for disbursement to Arzuaga.

      (d) Incoming bank credits totaling US$7,997,685.65 that were transferred from FPT Sports Account #2 on November 12, 2014.

      (e) Outgoing bank debits totaling US$7,997,685.65 that were transferred to FPT Sports Account #2 on November 12, 2014.

      (f) To the extent not covered by another request, bank transfers (credits or debits) that were facilitated by Arzuaga from January 1, 2012 to June 30, 2015.

---

[1] For ease of reference, the FPT Sports accounts maintained for Grondona's benefit are referred to herein as "FPT Sports Account #1" and "FPT Sports Account #2."

(g) To the extent not covered by another request, bank transfers (credits or debits) to or from any individual employed by, or affiliated with, FIFA (including any regional association of FIFA), on behalf of any individual or entity employed by, or affiliated with: (i) Torneos; (ii) Burzaco; (iii) Televisa; or (iv) Mountrigi from January 1, 2010 through June 30, 2015.

2. With respect to the account at Bank Julius Baer in the name of FPT Sports bearing Account No. 309.2284 (FPT Sports Account #2), monthly account statements and credit and debit advices showing:

(a) Incoming bank credits totaling US$14,550,000 (US$6,547,500 + US$8,002,500) from, or on behalf of, Torneos, its affiliate TyC International, or its former general manager Burzaco, on April 11, 2013.

(b) Incoming bank credits totaling US$7,250,000 from, or on behalf of, Mountrigi, its parent company Televisa, or any employee or representative of Mountrigi or Televisa, on April 11, 2013.

(c) Outgoing bank debits totaling US$12,750,000 (US$4,747,500 + US$8,002,500), that were transferred to FPT Sports Account #1 on April 11, 2013.

(d) Outgoing bank debits totaling US$7,250,000 that were transferred to FPT Sports Account #1 on April 11, 2013.

(e) Outgoing bank debits totaling US$1,800,000 that were attempted to be transferred to another entity or bank account on April 22, 2013, but were cancelled the following day. The likely destination of this payment was Bank Julius Baer Account No. 309.3658 in the name of the Arco Business Development Ltd.

(f) Outgoing bank debits totaling US$5,733,475 that were transferred to FPT Sports Account #1 on May 23, 2013.

(g) Incoming bank credits totaling US$300,000 that were transferred from FPT Sports Account #1 on May 31, 2013, for disbursement to Arzuaga.

(h) Incoming bank credits totaling US$466,645 from, or on behalf of, Torneos or any Torneos subsidiary, affiliate or employee on September 16, 2014 (with a settlement date of September 18, 2014).

(i) Outgoing bank debits totaling US$7,997,685.65 that were transferred to FPT Sports Account #1 November 12, 2014.

(j) Incoming bank credits totaling US$7,997,685.65 that were transferred from FPT Sports Account #1 November 12, 2014.

(k) To the extent not covered by another request, bank transfers (credits or debits) that were facilitated by Arzuaga from January 1, 2012 to June 30, 2015.

(l) To the extent not covered by another request, bank transfers (credits or debits) to or from any individual employed by, or affiliated with, FIFA (including any regional association of FIFA), on behalf of any individual or entity employed by, or affiliated with: (i) Torneos; (ii) Burzaco; (iii) Televisa; or (iv) Mountrigi from January 1, 2010 through June 30, 2015.

3. Documents sufficient to show all accounts at Bank Julius Baer opened by Arzuaga on behalf of or for the benefit of Grondona, from January 1, 2012 through June 30, 2015, including: (i) FPT Sports Account #1; (ii) FPT Sports Account #2; (iii) Account No. 309.3658 in the name of the Arco Business Development Ltd.; and (iv) Account No. 305.5431 in the name of the Ypacarai Ltd.

4.  Documents concerning outgoing bank debits totaling US$24,717,000 (US$16,567,000 + US$8,150,000) from FPT Sports Accounts #1 or FPT Sports Account #2 to Grondona's heirs on November 12, 2014 and March 24, 2015, including internal communications and any documentation (including contracts) associated with the transfers.

    **b. Purpose of the evidence or judicial act sought**

Lead Plaintiff seeks to obtain documents from Bank Julius Baer about the alleged bribery payments made to obtain Televisa's FIFA World Cup media rights. In addition, Lead Plaintiff seeks to obtain documents about former Bank Julius Baer banker Arzuaga's receipt of a US$300,000 payment for facilitating those bribery payments. Arzuaga has pled guilty to money laundering charges and has admitted to opening bank accounts in Switzerland for Grondona and channeling bribes to him and other high-ranking FIFA officials on behalf of Torneos. Lead Plaintiff is of the view that this evidence is critical to proving the alleged bribery payments listed in the ledger. The evidence sought from Bank Julius Baer has not been produced by Defendants in discovery.

9.  **Identity and Address of any Person(s) to Be Examined**

    Not applicable.

10. **Statement of the Subject Matter about which Such Person(s) Are to Be Examined**

    Not applicable.

11. **Documents or Other Property to be Inspected**

    The documents sought from Bank Julius Baer are listed above in section 8.a.

12. **Any Requirement that the Evidence Be Given on Oath or Affirmation and Any Special Form to be Used**

    None.

13. **Special Methods or Procedures to Be Followed**

- 10 -

None.

**14.    Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to Be Notified**

It is respectfully requested that the documents requested herein be produced by Bank Julius Baer as soon as can practicably be arranged within 30 days after the date of the order of the Central Authority of the Swiss Confederation (Obergericht des Kantons Zürich) giving effect to this Letter of Request, and, in any event, in good time before the fact discovery cutoff for this litigation on November 10, 2020.

In addition to the above identified companies and individuals, please notify the following counsel regarding the time and place for execution of the request:

Samuel H. Rudman, Esq.
Erin W. Boardman, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
USA
Telephone:  631/367-7100
631/367-1173 (fax)

Jonah H. Goldstein, Esq.
Rachel L. Jensen, Esq.
Rachel A. Cocalis, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
USA
Telephone:  619/231-1058
619/231-7423 (fax)

Noam Mandel, Esq.
ROBBINS GELLER RUDMAN & DOWD LLP
125 Park Avenue, 25th Floor
New York, NY 10017
USA

**Local Counsel for Lead Plaintiff**

Claudio Kerber
Werder Viganò AG
Bahnhofstrasse 64
8001 Zürich
Switzerland
Telephone: +41 44 208 2000

**15.  Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**

None.

**16.  Specification of Privilege or Duty to Refuse to Give Evidence under the Law of the State of Origin**

None.

**17.  Fees and Costs**

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Evidence Convention will be borne by Lead Plaintiff, through its counsel of record: Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, New York 11747, United States of America. Lead Plaintiff's payment of such fees and costs (if any) is without prejudice to its making a subsequent request to be reimbursed for these costs by other parties in this proceeding.

**CONCLUSION**

This Court respectfully requests that this Letter of Request be given the highest consideration and enforced, in the spirit of comity and reciprocity, as soon as practicable. This

Court expresses its gratitude and sincere willingness to provide similar assistance to the courts of the Swiss Confederation if future circumstances should require.

Date of Request:

April 10, 2020

Signature and Seal of the Requesting Authority:

*Louis L. Stanton*

Louis L. Stanton, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312
United States of America

Done in Chambers in New York, New York this 10th day of April 2020.

[Seal of the Court]

*Louis L. Stanton*
Louis L. Stanton,
United States District Judge

- 13 -