MEMO ENDORSED

**ROPES & GRAY**
ROPES & GRAY LLP
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-8704
WWW.ROPESGRAY.COM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/20

Alexander B. Simkin
T +1 212 596 9744
alexander.simkin@ropesgray.com

May 6, 2020

### BY ECF (WITHOUT EXHIBITS) AND FEDEX (WITH EXHIBITS)

The Honorable Louis L. Stanton
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: **In re Grupo Televisa Securities Litigation, No. 18 Civ. 1979 (LLS);**
**Non-Party Arrowstreet Capital, Limited Partnership's Application to Seal**

Dear Judge Stanton:

We write on behalf of non-party Arrowstreet Capital, Limited Partnership ("Arrowstreet") pursuant to Paragraph 5 of the Stipulated Confidentiality and Protective Order (ECF No. 61) to request that the Court seal portions of a single document filed as an exhibit to the declaration of Tamara Livshiz (the "Livshiz Declaration") in support of Defendants' Sur-reply Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification (the "Sur-reply") and a portion of an image from that same document embedded on page 43 of the Sur-reply. This Court has previously granted Arrowstreet's requests to seal portions of documents submitted in connection with Defendants' opposition to class certification and Plaintiffs' reply. *See* ECF Nos. 92 and 108. Arrowstreet respectfully submits that this application is justified under controlling legal precedent, including the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and should be granted for the same reasons as its prior applications. *See* ECF Nos. 89 and 105.[1]

Arrowstreet seeks to seal portions of Exhibit Z to the Livshiz Declaration (Bates-labeled CAAT_0008409-26), which is a Fourth Quarter Portfolio Report dated December 31, 2017.

---

[1] Lead Plaintiff Colleges of the Applied Arts and Technology Pension Plan ("CAAT") does not object to the sealing sought herein. Arrowstreet also disclosed its proposed redactions to Defendants, who confirmed that, although they have not had the opportunity to review this filing, based on their understanding of its content, they do not object to the sealing sought by Arrowstreet herein.

ROPES & GRAY LLP

- 2 -

May 6, 2020

Exhibit Z is the exact same document that Defendants previously filed as Exhibit H to the original and corrected declarations of David B. Anders in opposition to class certification. *See* ECF No. 88. Arrowstreet simply seeks to seal the exact same portions of the exact same document for the same reasons as set forth in its January 27, 2020 application. *See* ECF No. 89.[2]

In addition, Defendants have embedded an image from Exhibit Z on page 43 of their Sur-reply. The embedded image has one line referencing the Grupo Televisa security at issue in this case. Arrowstreet does not seek to seal this portion of the image. Rather, Arrowstreet seeks to seal the remaining seven Arrowstreet investments that are both confidential and wholly irrelevant to this case. While Arrowstreet does not wish to impede public review of judicial documents, the Proposed Redacted Material is simply extraneous information that has no bearing on the issues before the Court and is information that was appropriately sealed by this Court for the reasons set forth in Arrowstreet's prior submissions. *See* ECF Nos. 89 and 105; *see also Lugosch*, 435 F.3d at 120 ("[judicial] documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest"); *Sellick v. Consol. Edison Co. of N.Y., Inc.*, 2017 WL 1133443, at *8 (S.D.N.Y. Mar. 23, 2017) (approving "limited redaction requests of details" of confidential documents from an opposition to a charging lien).[3]

\*   \*   \*

---

[2] As with Arrowstreet's prior sealing submissions (ECF Nos. 89 and 105), Arrowstreet has enclosed with this letter versions of the proposed redacted material it seeks to seal (the "Proposed Redacted Material"), which has been provided to the Court and to the parties, but has not been publicly filed. For ease of reference, the Proposed Redacted Material has been highlighted in green.

[3] As described in Arrowstreet's January 27 sealing application, the Proposed Redacted Material which Arrowstreet seeks to seal was provided to CAAT pursuant to a confidentiality agreement. Indeed, Exhibit Z expressly states that "[a]ll information contained herein is subject to the confidentiality provisions set forth in [the relevant agreement(s)]." Ex. Z at 17.

ROPES & GRAY LLP

- 3 -                                                                                        May 6, 2020

For the foregoing reasons, and as more fully briefed in Arrowstreet's prior sealing applications (ECF Nos. 89 and 105), non-party Arrowstreet respectfully requests that the Court grant its application to seal the Proposed Redacted Material in Exhibit Z and in the embedded image of Exhibit Z on page 43 of Defendants' Sur-reply, and direct Defendants to file versions of those documents redacted in the same manner as the enclosures to this letter.

*So Ordered. I have examined these redactions and they covered material (other people's investment selections, results, strategies, etc) unrelated to this case and strictly confidential to Arrowstreet, a non-party.*

*Louis L. Stanton*
*5/14/20*

Respectfully submitted,

/s/ Alexander B. Simkin
Alexander B. Simkin
Eva C. Carman

Enclosures

cc:   Lead Plaintiff's Counsel of Record (by email)
      Defendants' Counsel of Record (by email)
      All Counsel of Record (by ECF) (without enclosures)