UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

In re GRUPO TELEVISA SECURITIES       :   Civil Action No. 1:18-cv-01979-LLS
LITIGATION                            :
                                      :   <u>CLASS ACTION</u>
————————————————————                  :
                                      :
This Document Relates To:             :   MEMORANDUM OF LAW IN SUPPORT
                                      :   OF LEAD PLAINTIFF'S RENEWED
        ALL ACTIONS.                  :   MOTION FOR CLASS CERTIFICATION
                                      :
———————————————————— x

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ..................................................................................................1

II.   STATEMENT OF FACTS COMMON TO THE CLASS .................................3

III.  RELEVANT PROCEDURAL HISTORY ..........................................................4

IV.   LEGAL STANDARDS ........................................................................................5

V.    THE COURT SHOULD CERTIFY THE CLASS WITH THE APPOINTMENT
      OF CLASS REPRESENTATIVES ......................................................................6

      A.    Sterling Heights General and Palm Tran Plan's Claims Are Typical.....................7

      B.    Sterling Heights General, Palm Tran Plan, and Lead Counsel Will Fairly
            and Adequately Represent the Interests of the Class .................................................8

      C.    Robbins Geller Should Be Appointed as Class Counsel ......................................11

VI.   CONCLUSION...................................................................................................12

4842-1944-9280.v1

# TABLE OF AUTHORITIES

Page

## CASES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................5

*Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*,
    310 F.R.D. 69 (S.D.N.Y. 2015) ...........................................................11

*City of Westland Police and Fire Ret. Sys. v. MetLife, Inc.*,
    No. 12 Civ. 0256 (LAK) (AJP), 2017 WL 3608298
    (S.D.N.Y. Aug. 22, 2017) ......................................................................8

*Gruber v. Gilbertson*,
    No. 16CV9727, 2019 WL 4439415
    (S.D.N.Y. Sept. 17, 2019) ..................................................................6, 7

*Hevesi v. Citigroup Inc.*,
    366 F.3d 70 (2d Cir. 2004) ..................................................................11

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income
    Sec. Act (ERISA) Litig.*,
    281 F.R.D. 134 (S.D.N.Y. 2012) ...........................................................7

*In re Barrick Gold Sec. Litig.*,
    314 F.R.D. 91 (S.D.N.Y. 2016) .............................................................8

*In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*,
    No. 17 Civ. 1580 (LGS), 2020 WL 1329354
    (S.D.N.Y. Mar. 23, 2020) ..................................................................7, 8

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    312 F.R.D. 332 (S.D.N.Y. 2015) .........................................................10

*In re Pfizer Inc. Sec. Litig.*,
    282 F.R.D. 38 (S.D.N.Y. 2012) .............................................................9

*In re Sanofi-Aventis Sec. Litig.*,
    293 F.R.D. 449 (S.D.N.Y. 2013) .........................................................10

*In re Signet Jewelers Ltd. Sec. Litig.*,
    No. 16 Civ. 6728 (CM), 2019 WL 3001084
    (S.D.N.Y. July 10, 2019) ....................................................................7, 8

Page

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
  No. 15cv1249, 2017 WL 2062985
  (S.D.N.Y. May 15, 2017) ................................................................................................5

*Levin v. Res. Capital Corp.*,
  No. 1:15-cv-07081-LLS, slip op.
  (S.D.N.Y. Nov. 22, 2017) (Stanton, J.) ..........................................................................6

*Public Emps' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*,
  277 F.R.D. 97 (S.D.N.Y. 2011) ......................................................................................7

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*,
  546 F.3d 196 (2d Cir. 2008) ............................................................................................5

*Waggoner v. Barclays PLC*,
  875 F.3d 79 (2d Cir. 2017) ..............................................................................................5

*Wallace v. IntraLinks*,
  302 F.R.D. 310 (S.D.N.Y. 2014) ....................................................................................9

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78j(b) .............................................................................................................................8
  §78t(a) .............................................................................................................................8
  §78u-4 ........................................................................................................................10, 11

Federal Rules of Civil Procedure
  Rule 23 ..............................................................................................................1, 3, 5, 10
  Rule 23(a) ................................................................................................................ *passim*
  Rule 23(a)(3) ....................................................................................................................7
  Rule 23(a)(4) ....................................................................................................................8
  Rule 23(b) .........................................................................................................................5
  Rule 23(b)(3) ..................................................................................................1, 6, 10, 12
  Rule 23(g) ..................................................................................................................11, 12
  Rule 23(g)(1) ..................................................................................................................11
  Rule 23(g)(1)(A)(i)-(iv) .................................................................................................11

Code of Federal Regulations
  §240.10b-5 .......................................................................................................................8

- iii -

**Page**

## SECONDARY AUTHORITIES

MANUAL FOR COMPLEX LITIGATION (4th ed. 2004)
    §21.26......................................................................................................................................10

Pursuant to Federal Rule of Civil Procedure ("Rule") 23, Lead Plaintiff Colleges of Applied Arts & Technology Pension Plan ("Lead Plaintiff" or "CAAT"), by and through counsel, respectfully submits this memorandum in support of its Renewed Motion for Class Certification.

## I.    INTRODUCTION

There is no class-wide barrier to certification under Rule 23. Through this renewed motion, Lead Plaintiff respectfully asks this Court to certify the Class and designate two institutional investors as class representatives under Rule 23(a): City of Sterling Heights General Employees' Retirement System ("Sterling Heights General") and Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan ("Palm Tran Plan") (the "Proposed Class Representatives").

With the Court's June 8, 2020 Order (ECF 134), the path to certification is clear. Defendants Grupo Televisa, S.A.B. ("Televisa"), Emilio Fernando Azcárraga Jean III, and Salvi Rafael Folch Viadero ("Defendants") have conceded market efficiency, and the Court has rejected their bid to rebut "the *Basic* presumption that the market price reflected the misimpressions caused by the omissions which concealed the actual state of Televisa's affairs." ECF 134 at 1-10[1]; *see also* ECF 75 at 21-32; ECF 112 at 13-49; ECF 131 at 6-22. The Class is, therefore, entitled to rely upon common proof of reliance, and common questions will predominate under Rule 23(b)(3).[2] Further, Defendants have not disputed that the other Rule 23(b)(3) prong – superiority – is met here, or that Rule 23(a) numerosity and commonality are somehow lacking.

---

[1]    Page number citations to docket entries ("ECF") refer to those page numbers generated by the electronic filing (CM/ECF) system. All internal citations, quotation marks, and footnotes are omitted, and all emphasis is added, unless otherwise noted.

[2]    Given the prior briefing, and the Court's rejection of Defendants' Rule 23(b)(3) challenges, this motion focuses on Rule 23(a)'s adequacy and typicality requirements. ECF 134 at 10. Lead Plaintiff incorporates by reference its prior submissions as though set forth fully herein. ECFs 74-77, 112-113, 131-132.

The only remaining issue is class representation.  Within days of this Court's June 8, 2020 Order,[3] two institutional investors are stepping forward to represent the Class on an expedited basis. Sterling Heights General and Palm Tran Plan satisfy the elements of Rule 23(a) and will fairly and adequately represent the interests of Televisa American Depository Receipt ("ADR") investors in this case.

First, both Sterling Heights General and Palm Tran Plan satisfy typicality.  Both are public pension plans whose claims are typical of the Class members in this action.  They, like all other Class members, purchased Televisa ADRs at market prices artificially inflated by Defendants' false and misleading statements and omissions.  And, when Defendants' fraudulent scheme was revealed through a series of disclosures, the price of Televisa ADRs declined substantially, injuring both the Proposed Class Representatives and the Class.  The Proposed Class Representatives' injuries arise from the same misconduct as the Class's injuries.  And they are aware of no other reason to question their typicality, including with respect to any short position during the Class Period.

Second, both Sterling Heights General and Palm Tran Plan satisfy adequacy.  These Class members are willing and able to vigorously prosecute this case to vindicate the rights of the Class and hold Defendants accountable for their fraud.  Indeed, these public pension plans have already demonstrated their commitment by stepping up decisively to protect the Class and advance its claims in a contentious litigation, even in the middle of a pandemic.  No antagonism exists between the Proposed Class Representatives and the Class, and proposed Class Counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), has the resources and experience to see this case through to a successful conclusion.

---

[3]   CAAT respectfully disagrees with the portion of the Court's June 8, 2020 Order concerning Rule 23(a) typicality and reserves its rights in that regard.

Accordingly, Lead Plaintiff respectfully requests that the Court enter an order pursuant to Rule 23 designating Sterling Heights General and Palm Tran Plan as class representatives, appointing Robbins Geller as Class Counsel, and certifying a Class defined as follows:

> All persons and entities who purchased or otherwise acquired Televisa ADRs during the period from April 11, 2013 through January 25, 2018, inclusive (the "Class Period") and who were damaged thereby (collectively, the "Class"). Excluded from the Class are Defendants; the officers, directors, and affiliates of Televisa at all relevant times; members of the immediate family of any excluded person; heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest.

## II.   STATEMENT OF FACTS COMMON TO THE CLASS

This is a federal securities class action against Mexican media conglomerate Televisa and its former Chief Executive Officer ("CEO") Emilio Fernando Azcárraga Jean III ("Azcárraga") and Chief Financial Officer ("CFO") Salvi Rafael Folch Viadero ("Folch").  The amended complaint alleges that between April 11, 2013 through January 25, 2018 inclusive, Defendants violated the Securities Exchange Act of 1934 (the "Exchange Act") by misrepresenting and concealing material information from Televisa ADR investors.  ¶¶6, 20.[4]  Throughout this Class Period, Defendants failed to disclose that their coveted Fédération Internationale de Football Association ("FIFA") World Cup media rights were obtained through bribery and Televisa had material weaknesses in its internal control over financial reporting.  *See, e.g.*, ¶70; ECF 47 at 4-13.  The truth concerning the FIFA bribery scheme and internal control deficiencies was revealed to the market through a series of disclosures, thereby causing significant harm to Class members.

For example, within hours of an October 26, 2017 *The New York Times* exposé implicating Televisa in a FIFA bribery scheme through its Swiss subsidiary Mountrigi Group Ltd., Azcárraga and

---

[4]   Citations to "¶_" and "¶¶__" are to the Amended Complaint for Violation of the Federal Securities Laws filed on August 6, 2018 (ECF 32).

Folch stepped down from their respective positions as CEO and CFO.  ¶13.  A few weeks later, from November 14 through 17, 2017, Defendants' convicted co-conspirator, Alejandro Burzaco ("Burzaco"), confessed at the FIFA criminal trials over the course of four days to paying millions of dollars in bribes to a former FIFA official on behalf of Televisa and his company Torneos.  ¶¶15-16, 46, 54.  Specifically,

> [O]ver the course of the four days [(November 14-17, 2017), Burzaco] identified Televisa as "involved in paying bribes to secure contracts for media rights to soccer." (Nov. 14).

> [Burzaco] testified that with Televisa and Teleglobe from Brazil, Torneos paid $15 million to a Swiss account to acquire the TV, internet and radio World Cup rights in 2026, and FIFA World Cup in 2030, for Latin America in the case of the "Televisa, Torneos partnership." (Nov. 15).  He testified that "Torneos and its Latin American partners" paid "huge amounts of bribes" for World Cup 2018, '22, '26 and '30. (Nov. 16).

ECF 134 at 7-8.  Burzaco was also subjected to cross-examination on November 17, 2017, before he stepped down off the stand that day.  *See* ECF 47 at 5-7 (citing *United States v. Webb*, No. 1:15CR00252 (E.D.N.Y.), Nov. 29, 2017 Trial Tr. at 2170:13-18).  As the FIFA criminal trial progressed, evidence corroborating Burzaco's testimony regarding Televisa mounted.  ¶¶54-55.

Just two months after Burzaco's criminal trial testimony, on January 26, 2018, Televisa admitted in a U.S. Securities and Exchange Commission filing that it had material weaknesses in its internal control over financial reporting, that its financial statements were unreliable, and that its long-time accountants at PricewaterhouseCoopers had reversed their audit opinions.  ¶20.

## III.   RELEVANT PROCEDURAL HISTORY

The amended complaint was filed in this case on August 6, 2018.  *See* ECF 32.  The Court denied Defendants' motion to dismiss in its entirety on March 25, 2019.  *See* ECF 47.

On October 30, 2019, Lead Plaintiff moved this Court for an order certifying the Class.  *See* ECFs 74-77.  On January 15, 2020, Defendants opposed the motion.  ECFs 94-95.  Lead Plaintiff

filed a reply on March 6, 2020.  ECFs 112-113.  On April 27, 2020, Defendants filed a sur-reply.  ECFs 127-130.  Lead Plaintiff filed a sur-surreply on May 18, 2020.  ECFs 131-132.

On June 8, 2020, the Court issued an order rejecting Defendants' argument under Rule 23(b) that their alleged fraud had no impact on the price of Televisa ADRs and holding that the *Basic* presumption applies.  *See* ECF 134 at 1-10.  Specifically, the Court found that Lead Plaintiff had established the market for Televisa ADRs during the Class Period was efficient, and "[t]here is no showing [by Defendants] sufficient to overcome the *Basic* presumption that the market price reflected the misimpressions caused by the omissions which concealed the actual state of Televisa's affairs."  *Id.* at 10.  Nevertheless, the Court denied certification on Rule 23(a) typicality grounds concerning CAAT.  *Id.* at 10-11.

In light of the Court's June 8, 2020 Order rejecting Defendants' challenges to certification other than as to CAAT's typicality, designation of new class representatives is required to protect the interests of the Class.  Accordingly, on June 17, 2020 – within days of the Court's order – Lead Plaintiff sought permission to file this renewed class certification motion to designate Sterling Heights General and Palm Tran Plan as class representatives under Rule 23.

## IV.    LEGAL STANDARDS

The class should be certified where, as here, the prerequisites of Rule 23 are met.  *See* Fed. R. Civ. P. 23; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997); *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier, Inc.*, 546 F.3d 196, 201-02 (2d Cir. 2008).  Class certification is readily available for Exchange Act claims.  *See In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15cv1249, 2017 WL 2062985, at *2 (S.D.N.Y. May 15, 2017) ("Generally, claims alleging violations of Section[] 10(b) . . . of the Exchange Act are especially amenable to class certification."); *see also Amchem Prods.*, 521 U.S. at 625; *Waggoner v. Barclays PLC*, 875 F.3d 79,

97 (2d Cir. 2017); *Gruber v. Gilbertson*, No. 16CV9727, 2019 WL 4439415, at *2 (S.D.N.Y. Sept. 17, 2019); *Levin v. Res. Capital Corp.*, No. 1:15-cv-07081-LLS, slip op. (S.D.N.Y. Nov. 22, 2017), ECF 77 (Stanton, J.).  The Court has already rejected Defendants' price impact challenge under Rule 23(b)(3), and Defendants have raised no challenge to class certification other than as to the adequacy and typicality requirements of Rule 23(a).  Accordingly, all that remains is to designate representation for the Class that satisfies those two Rule 23(a) requirements.

## V.   THE COURT SHOULD CERTIFY THE CLASS WITH THE APPOINTMENT OF CLASS REPRESENTATIVES

After extensive briefing, the Court rejected Defendants' challenge to Rule 23(b)(3) predominance. *See* ECF 134 at 1-10; *see also, e.g.*, ECFs 94-95, 112-113, 127-130, 131-132. Given the Court's findings on Rule 23(b)(3), the only remaining issue is satisfaction of Rule 23(a).

Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impractical ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims of the representative parties are typical of the claims of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy").  Fed. R. Civ. P. 23(a).

Lead Plaintiff has previously demonstrated that numerosity is satisfied in this case, which concerns a nationally-traded security with millions of shares outstanding. *See* ECF 75 at 16-17. Likewise, Lead Plaintiff demonstrated that the "low hurdle" of commonality is met, as nearly all of the answers to the questions raised in this case are common to the Class and susceptible to class-wide proof. *See id.* at 17-18 (listing common questions).  Defendants have conceded through their silence that these elements are met.  Typicality and adequacy are, therefore, all that remain.

- 6 -

A.     **Sterling Heights General and Palm Tran Plan's Claims Are Typical**

Rule 23(a)(3) requires that the class representative's claims or defenses be "typical of the claims and defenses of the class." Fed. R. Civ. P. 23(a)(3). To establish typicality, the proposed representative must show that the class member's claims "arise from the same course of events and will be resolved based on similar legal arguments." *In re Signet Jewelers Ltd. Sec. Litig.*, No. 16 Civ. 6728 (CM) (RWL), 2019 WL 3001084, at *9 (S.D.N.Y. July 10, 2019). "'In a securities class action, when plaintiffs will necessarily seek to develop facts relating to . . . the dissemination of allegedly false or misleading statements underlying their claims, the claims and nature of evidence are generally considered sufficient to satisfy the typicality requirement.'" *Id.* at *8 (quoting *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 281 F.R.D. 134, 139 (S.D.N.Y. 2012)); *see also Public Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*, 277 F.R.D. 97, 109 (S.D.N.Y. 2011) ("As long as plaintiffs assert, as they do here, that defendants committed the same wrongful acts in the same manner, against all members of the class, they establish [the] necessary typicality.") (alteration in original); *In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, No. 17 Civ. 1580 (LGS), 2020 WL 1329354, at *11 (S.D.N.Y. Mar. 23, 2020) ("This standard is 'not demanding,' as 'the claims only need to share the same essential characteristics, and need not be identical.'") (quoting *Gruber*, 2019 WL 4439415, at *3).

Here, the Proposed Class Representatives – like all other members of the Class – purchased Televisa ADRs during the Class Period. *See* Mattingly Decl., ¶5; Jaganjac Decl., ¶5.[5] Further, their

---

[5]     References to the "Mattingly Decl." are to the Declaration of Dwight Mattingly (Palm Tran Plan) in Support of Renewed Motion for Class Certification, dated June 17, 2020, and attached as Exhibit 2 to the Declaration of Rachel L. Jensen in Support of Lead Plaintiff's Renewed Motion for Class Certification ("Jensen Decl."), filed concurrently. References to the "Jaganjac Decl." are to the Declaration of Mary Jaganjac (Sterling Heights General) in Support of Renewed Motion for Class Certification, dated June 16, 2020, and attached as Exhibit 3 to the Jensen Decl.

- 7 -

claims are founded upon the same facts and legal theories as the claims of all other Class members – Defendants' alleged violation of §§10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, through material misrepresentations and omissions concealing bribes and material deficiencies in Televisa's internal control over financial reporting. *See, e.g.*, ¶6. The injury that Sterling Heights General and Palm Tran Plan suffered is the same injury suffered by other Class members. ¶34. And the Proposed Class Representatives are aware of no other reason to question their typicality, including with respect to any short position during the Class Period.

Accordingly, the Proposed Class Representatives satisfy the typicality requirement. *See Chicago Bridge*, 2020 WL 1329354, at *11 (typicality found where "all [class members] claim securities law violations based on the same federal statutes and nucleus of facts," and all "potential class members were allegedly injured by the same alleged misrepresentations and omissions"); *see also Signet*, 2019 WL 3001084, at *9 (finding typicality requirement satisfied where class representatives alleged that they and other members of the class purchased shares at artificially inflated prices as a result of defendants' false and misleading statements and omissions, and were thus similarly damaged when the truth was revealed).

### B. Sterling Heights General, Palm Tran Plan, and Lead Counsel Will Fairly and Adequately Represent the Interests of the Class

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied where, as here: (1) the class representative's interest is to vigorously pursue the claims of the class and is not "antagonistic to the interests of other class members"; and (2) the proposed class counsel "are qualified, experienced and able to conduct the litigation." *In re Barrick Gold Sec. Litig.*, 314 F.R.D. 91, 99 (S.D.N.Y. 2016); *City of Westland Police and Fire Ret. Sys. v. MetLife, Inc.*, No. 12 Civ. 0256 (LAK) (AJP), 2017 WL 3608298, at *7 (S.D.N.Y. Aug. 22, 2017).

- 8 -

Further, "[t]he adequacy requirement is not demanding." *Wallace v. IntraLinks*, 302 F.R.D. 310, 316 (S.D.N.Y. 2014). A proposed representative is inadequate "only in flagrant cases, where the putative class representatives display an alarming unfamiliarity with the suit, display an unwillingness to learn about the facts underlying their claims, or are so lacking in credibility that they are likely to harm their case." *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 51 (S.D.N.Y. 2012).

The adequacy requirement is easily satisfied here. First, there is no substantial or fundamental conflict of interest between the Proposed Class Representatives and the Class. Like other Class members, Sterling Heights General and Palm Tran Plan purchased Televisa ADRs at market prices during the Class Period and were injured by the same material misrepresentations and omissions that injured all proposed Class members. *See* Mattingly Decl., ¶5; Jaganjac Decl., ¶5. Thus, the Proposed Class Representatives' interests in establishing Defendants' liability and maximizing the recovery are aligned with the interests of absent Class members.

Second, by stepping forward on an expedited basis to protect the interests of the Class following the Court's June 8, 2020 Order, Sterling Heights General and Palm Tran Plan have demonstrated their willingness and ability to serve in contentious litigation, even in the middle of a pandemic. Since the June 8, 2020 Order (ECF 134), the Proposed Class Representatives have: (a) participated in discussions with Lead Counsel about proceeding on an expedited basis; (b) reviewed Court filings; (c) gathered information for their initial disclosures; (d) gathered documents to serve an initial document production on Defendants simultaneous with the filing of this renewed motion; (e) participated in a telephonic conference with CAAT and each other to ensure the expeditious and efficient prosecution of this action; and (f) agreed to sit for a deposition on an expedited basis. *See* Mattingly Decl., ¶¶6-9; Jaganjac Decl., ¶¶6-9. As set forth in their sworn declarations submitted herewith, the Proposed Class Representatives understand their fiduciary duties to the Class, and they

- 9 -

are committed to vigorously prosecuting this action to maximize the recovery for all Class members. *See* Mattingly Decl., ¶¶10-11; Jaganjac Decl., ¶¶10-11. For these reasons, Lead Plaintiff respectfully submits these Proposed Class Representatives will fairly and adequately protect the interests of the Class. *See* Rorwick Decl., ¶6.[6]

Lastly, Defendants have not challenged the adequacy of Class Counsel. Class Counsel has expended tremendous effort and resources to successfully overcome Defendants' motion to dismiss and their Rule 23(b)(3) price impact arguments on class certification. *See, e.g.*, *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 345 (S.D.N.Y. 2015) (finding proposed class representatives adequate based, in part, on class counsel's efforts to survive motion to dismiss). In sum, Rule 23's adequacy requirement is satisfied here.

Given that Sterling Heights General and Palm Tran Plan satisfy typicality and adequacy, Lead Plaintiff respectfully submits that the Court should designate them as class representatives. *See, e.g.*, *Facebook*, 312 F.R.D. at 345-46 (appointing class representatives "not named in the [c]omplaint"; noting "Rule 23 gives the Court the power to designate class representatives who are not lead plaintiffs"); *In re Sanofi-Aventis Sec. Litig.*, 293 F.R.D. 449, 457 (S.D.N.Y. 2013) (appointing class representative that was neither lead plaintiff nor named plaintiff); MANUAL FOR COMPLEX LITIGATION §21.26 at 277 (4th ed. 2004) ("[C]ourts generally allow class counsel time to make reasonable efforts to recruit and identify a new representative who meets the Rule 23(a) requirements. The court may . . . simply designate that person as a representative in the order granting class certification."). Indeed, the Second Circuit has endorsed the addition of class representatives under Rule 23 to aid a lead plaintiff appointed under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq.*, in

---

[6]   References to the "Rorwick Decl." are to the Declaration of Kevin Rorwick (CAAT) in Support of Renewed Motion for Class Certification, dated June 17, 2020, and attached as Exhibit 1 to the Jensen Decl.

- 10 -

representing the class.  *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 83 (2d Cir. 2004) (class representatives need not be PSLRA lead plaintiff).

### C.     Robbins Geller Should Be Appointed as Class Counsel

Rule 23(g)(1) provides that "a court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1).  Lead Plaintiff, along with the Proposed Class Representatives, request that the Court appoint Lead Counsel, Robbins Geller, as Class Counsel.  In appointing class counsel, the Court considers counsel's work "in identifying or investigating potential claims in the action," "counsel's experience in handling class actions," "counsel's knowledge of the applicable law," and "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  As previously explained, Robbins Geller is qualified, highly experienced, and has the resources to prosecute this action to its successful conclusion (including the exhaustion of any appeals).  *See* ECF 75 at 19-21. Defendants have not asserted otherwise.  Indeed, Robbins Geller has been appointed class counsel in hundreds of securities class actions, and the firm has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  *See* ECF 76-3 (firm resumé of Robbins Geller).  Thus, "courts within this Circuit have repeatedly found Robbins Geller to be adequate and well-qualified for the purpose of litigating class action lawsuits." *Carpenters Pension Tr. Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 100 (S.D.N.Y. 2015).  In addition, Robbins Geller's work thus far reflects the firm's commitment to the successful prosecution of this case and its willingness to devote the resources necessary to that outcome.

Given Robbins Geller's expertise, and the absence of any conflict between the firm and the Class, the Court should honor Lead Plaintiff's and Proposed Class Representatives' choice of counsel and appoint Robbins Geller as Class Counsel under Rule 23(g).

- 11 -

4842-1944-9280.v1

## VI.    CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter an order:

(a) certifying this action as a class action pursuant to Rule 23(a) and Rule 23(b)(3); (b) designating

Sterling Heights General and Palm Tran Plan as Class Representatives; and (c) appointing Robbins

Geller as Class Counsel pursuant to Rule 23(g).

DATED:  June 22, 2020                    Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         JONAH H. GOLDSTEIN
                                         RACHEL L. JENSEN
                                         RACHEL A. COCALIS
                                         LEA MALANI BAYS


                                                 s/ Rachel L. Jensen
                                         RACHEL L. JENSEN

                                         655 West Broadway, Suite 1900
                                         San Diego, CA  92101
                                         Telephone:  619/231-1058
                                         619/231-7423 (fax)
                                         jonahg@rgrdlaw.com
                                         rachelj@rgrdlaw.com
                                         rcocalis@rgrdlaw.com
                                         lbays@rgrdlaw.com

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         ERIN W. BOARDMAN
                                         58 South Service Road, Suite 200
                                         Melville, NY  11747
                                         Telephone:  631/367-7100
                                         631/367-1173 (fax)
                                         srudman@rgrdlaw.com
                                         eboardman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
NOAM MANDEL
125 Park Avenue, 25th Floor
New York, NY  10017
Telephone:  212/791-0568
noam@rgrdlaw.com

Lead Counsel for Lead Plaintiff and
Counsel for Proposed Class Representatives Palm
Tran, Inc. Amalgamated Transit Union Local 1577
Pension Plan and City of Sterling Heights General
Employees' Retirement System

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 22, 2020, I authorized the electronic

filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I

hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the

non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Rachel L. Jensen
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  rachelj@rgrdlaw.com

4842-1944-9280.v1

# Mailing Information for a Case 1:18-cv-01979-LLS In re Grupo Televisa Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **David B. Anders**
  dbanders@wlrk.com,calert@wlrk.com

- **Lea Bays**
  lbays@rgrdlaw.com

- **Erin Whitney Boardman**
  eboardman@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Rachel Cocalis**
  rcocalis@rgrdlaw.com

- **Ben M. Germana**
  bmgermana@wlrk.com,CAlert@wlrk.com

- **Jonah H. Goldstein**
  jonahg@rgrdlaw.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com,abarbosa@pomlaw.com

- **Rachel L. Jensen**
  rachelj@rgrdlaw.com,rcocalis@rgrdlaw.com,mbacci@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **David E Kirk**
  dekirk@wlrk.com,calert@wlrk.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Tamara Livshiz**
  tlivshiz@wlrk.com,calert@wlrk.com

- **Noam Noah Mandel**
  Noam@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Adebola O. M. Olofin**
  aomolofin@wlrk.com,calert@wlrk.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

- **Alexander Simkin**
  alexander.simkin@ropesgray.com,courtalert@ropesgray.com

- **Herbert M Wachtell**
  HMWachtell@wlrk.com,CAlert@wlrk.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)