**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GRUPO TELEVISA SECURITIES LITIGATION | Case No. 18 Civ. 1979 (LLS) |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWER

Pursuant to this Court's May 15, 2020 Order extending the deadline for amending pleadings through July 17, 2020, *see* Dkt. 121, and Rule 15(a)(2) of the Federal Rules of Civil Procedure, Defendants Grupo Televisa, S.A.B., Emilio Fernando Azcárraga Jean III, and Salvi Rafael Folch Viadero (collectively, "Defendants") hereby move this Court for leave to amend their Answer to include a statute-of-limitations defense against the class claims of newly added class representative Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan ("Palm Tran Plan") and all other potential class members.

### BACKGROUND

On March 5, 2018, a putative class brought a Rule 10b-5 suit against Defendants.  Dkt 1. On May 17, 2018, the Court appointed Colleges of Applied Arts and Technology Pension Plan ("CAAT") as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.  Dkt. 21.  CAAT subsequently filed an Amended Complaint on August 6, 2018, in which it is the only named plaintiff.  Dkt. 32.

Defendants filed an Answer on April 15, 2019.  Dkt. 52.  In this Answer, Defendants did not raise a statute-of-limitations defense based on their reasonable inquiry into the timeliness of *CAAT*'s claims — the only plaintiff named in the Amended Complaint.  *Id.* at 35-36.  That said,

Defendants averred that "[a]dditional facts may be revealed . . . that support additional defenses presently available to, but unknown to, defendants," and thus "reserve[d] the right to assert additional defenses" as necessary. *Id.* at 37.

On June 13, 2019, the Court signed the Parties' Joint Report and Discovery Plan Pursuant to Federal Rule of Civil Procedure 26(f), which set an April 17, 2020 deadline to amend pleadings. Dkt. 63 at 10. On May 15, 2020, the Court extended the deadline through July 17, 2020. Dkt. 121.

On October 30, 2019, CAAT moved to certify a class of Televisa ADR holders. Dkt. 74. The Court denied CAAT's motion on June 8, 2020, reasoning that the alleged price drop that allegedly injured the putative class would have "enriched CAAT thrice what it cost CAAT." Dkt. 134 at 11. CAAT was therefore atypical.

Nine days following the Court's denial of class certification, Robbins Geller wrote a letter to the Court requesting permission to file a "renewed" motion on behalf of two new potential class representatives, including Palm Tran Plan. Dkt. 135. Neither Palm Tran Plan nor the other proposed class representative had ever appeared in the action previously.

Defendants filed a letter response with the Court on June 18, 2020, in which they explained that the proposed class representatives' claims were time-barred under the Supreme Court's decision in *China Agritech* v. *Resh*, 138 S. Ct. 1800, 1805 (2018). *See* Dkt. 136. Defendants also opposed Robbins Geller's attempt to bring these proposed class representatives in the action without their moving for leave to intervene or to join as named parties. *Id.*

Robbins Geller replied the next day, disputing Defendants' claims of untimeliness and arguing that the Court should grant permission to file the renewed motion, "whereupon Defendants will be free to brief their opposition in full." Dkt. 137 at 1. Robbins Geller also

stated that it would make the newly proposed representatives available for video depositions.  *Id.* at 3.  That same day, the Court granted Robbins Geller permission to file its motion.  Dkt. 138.

In the end, Defendants did not have an opportunity to oppose the renewed motion for class certification or to take discovery of the newly proposed class representatives.  Rather, on June 29, 2020, the Court certified a plaintiff class, appointed Palm Tran Plan as class representative, and terminated CAAT's services as lead plaintiff.  Dkt. 146.

In light of Palm Tran Plan's recent entry into the litigation, Defendants seek to amend their Answer to formally assert the following statute-of-limitations defense in the event the Court's Order appointing Palm Tran Plan as class representative is deemed to substitute Palm Tran Plan for  CAAT as named plaintiff in the Amended Complaint:  "The class claims of Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan and any other putative or certified class member are barred, in whole or in part, by the applicable statute of limitations."

## **STANDARD**

The Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend a pleading "when justice so requires."  Fed. Civ. P. 15(a)(2).  This Court has previously quoted the Supreme Court's governing explanation of "when justice so requires":

> In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given."

*Clissuras* v. *E.E.O.C.*, 1990 WL 96754, at *3 (S.D.N.Y. July 5, 1990) (Stanton, J.) (granting defendants leave to amend answer) (quoting *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)).

**ARGUMENT**

The Court should allow Defendants to amend their Answer to assert a

statute-of-limitations defense because (1) there is nothing in the record supporting a finding of

bad faith, dilatory motive, or undue delay on the part of Defendants; (2) no undue prejudice

would result from the proposed amendment; and (3) the proposed amendment does not raise a

futile defense.

*First*, **there is nothing in the record to support a finding of bad faith, dilatory**

**motive, or undue delay on the part of Defendants**.  Defendants seek to promptly amend their

Answer to assert a statute-of-limitations defense in light of Palm Tran's recent appearance in the

action less than one month ago — an appearance Defendants maintain came far too late for Palm

Tran Plan to now serve as class representative following the Court's initial denial of class

certification.  Moreover, Defendants have moved to amend their Answer within the deadline

approved by the Court.  *See* Dkt. 121.  Defendants' motion is therefore timely.

*Second*, **no undue prejudice would result from allowing the amendment**.  In

assessing prejudice, courts in this Circuit consider whether the assertion of a new defense would

"(i) require the opponent to expend significant additional resources to conduct discovery and

prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff

from bringing a timely action in another jurisdiction." *Monahan* v. *N.Y. City Dep't of Corr.*, 214

F.3d 275, 284 (2d Cir. 2000) (quoting *Block* v. *First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.

1993)).  While Palm Tran Plan bears the burden of establishing prejudice, *see Lamont* v. *Frank*

*Soup Bowl, Inc.*, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000), Defendants note that none

of the aforementioned conditions exists here:  Defendants' statute-of-limitations defense involves

a pure question of law — namely, whether Palm Tran Plain's class claims are time-barred

following the Supreme Court's decision in *China Agritech*.  Discovery is not required to answer

this question.  Adjudication of the defense will not significantly delay resolution of the action.

And the defense would not bar Palm Tran Plan from bringing an otherwise *timely* individual

action elsewhere.

       *Third*, **and finally, Defendants' statute-of-limitations defense is not futile**.  Following

the Supreme Court's decision in *China Agritech*, Defendants submit that the law is clear that

Palm Tran Plan may not assert class claims in this action following the expiration of the

application limitations period.  *See* 138 S. Ct. at 1806 ("*American Pipe* does not permit a

plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class

action.").

## CONCLUSION

       For the foregoing reasons, Defendants respectfully request leave to file their proposed

Amended Answer, attached hereto as "Exhibit 1."

WACHTELL, LIPTON, ROSEN & KATZ

/s/ Herbert M. Wachtell

| | |
|---|---|
| Ben M. Germana | Herbert M. Wachtell |
| David B. Anders | 51 West 52nd Street |
| Tamara Livshiz | New York, New York  10019 |
| David E. Kirk | (212) 403-1000 |
| Adebola O. M. Olofin | HMWachtell@wlrk.com |
| | |
| *Of Counsel* | *Attorneys for Defendants* |

Dated:  July 17, 2020
New York, New York