```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------X

In re GRUPO TELEVISA SECURITIES      18 Civ. 1979 (LLS)
LITIGATION                                ORDER

------------------X

Defendants seek a stay until their petition for leave to appeal the rulings on class certification and class representative is determined by the Court of Appeals.

1.

The analysis underlying class certification followed the process described in the Arkansas Teachers cases.* It had been thoroughly briefed, and the issues dissected by economic experts.

2.

Palm Tran Plan is a legitimate Class Representative. It has been an unnamed class member since the case began, which tolled the statute of limitations for all class members. Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538, 94 S. Ct. 756 (1974).

It would have been a futile, wasteful and hopeless gesture for Palm Tran Plan to have applied for the position in the first round, against CAAT's overwhelmingly larger losses. The fact that it did not do so is inconsequential. Its first opportunity came when CAAT was disqualified.

Such a gesture is not required by China Agritech, Inc. v. Resh, ___ U.S. ___, 138 S. Ct. 1800 (2018), where the tolling hopped successively from case to case, and the application could have been made at each earlier opportunity. The extreme circumstances in China Agritech have no analog in the orderly administration of this case.

3.

Defendants' Rule 23(f) petition has little prospect of success, and the application for a stay is denied.

So ordered.

Dated:  New York, New York
        August 7, 2020

                                    Louis L. Stanton
                                    ─────────────────
                                    LOUIS L. STANTON
                                         U.S.D.J.

---

  * Ark. Tchrs. Ret. Sys. v. Goldman Sachs Grp., 879 F.3d 474 (2d Cir. 2018); Ark. Tchrs. Ret. Sys. v. Goldman Sachs Grp., 955 F.3d 254 (2d Cir. 2020).