ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/8/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

In re GRUPO TELEVISA SECURITIES        18 Civ. 1979 (LLS)
LITIGATION                                   ORDER

- - - - - - - - - - - - - - - - - - -X

     Class Representative Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan ("Palm Tran") moves to compel defendants to produce three sets of documents: those relating to Televisa's accountants, internal control weaknesses, admission of those weaknesses in its January 26, 2018 Form 6-K, and subsequent decision to terminate PricewaterhouseCoopers as its auditor; all Internal Investigation documents; and all communications with and presentations to government entities. Defendants counter with their own request for documents related to class counsel's adequacy. Defendants' Rule 23(f) petition and stay motion having been denied by the United States Court of Appeals for the Second Circuit, Palm Tran's motion to compel is resolved as follows.

1. **Accounting Documents**

     Televisa's January 2018 Form 6-K revealed weaknesses in its internal controls over financial reporting related to

> (i) the design and maintenance of effective controls over certain information technology controls which support systems that are relevant to the provisioning, updating and deleting of users' access to those systems, the periodic review of users' access to these systems, developers' access to certain of these

systems and appropriate segregation of duties; (ii) the design and maintenance of effective controls over segregation of duties within the accounting system, including certain individuals with the ability to gain access to prepare and post journal entries across substantially all key accounts of the Company without an independent review performed by someone other than the preparer; and (iii) ineffective controls with respect to the accounting for certain revenue and related accounts receivable in our cable companies and content division.

Nothing indicates the degree to which these problems were company-wide. The only documents relevant to this case are those relating to Televisa's obtaining World Cup rights, bribery payments, and whether the termination of PricewaterhouseCoopers has a connection illuminating those matters.

"Defendants have already agreed to produce all documents concerning Televisa's acquisition of World Cup media rights or FIFA-related bribery, to the extent such document exist, including any such documents that also relate to internal controls and accounting issues." Anders August 20 Letter.

With the broadening of topics to include any connection with PwC's termination, that suffices.

## 2. Internal Investigation Documents

Relevant documents must be produced regardless of whether they are presently located in Televisa's or Wachtell Lipton's files.

Work-product protection has been waived with respect to documents, witness statements, notes on interviews, etc., but

not with respect to attorneys' mental impressions, conclusions, and opinions on legal theories, which remain protected.

Attorney-client communications remain privileged. Confidential matters within its normal scope need not be disclosed.

### 3. Government Communications

These must be produced, regardless of present location.

### 4. Defendants' Request for Documents from Robbins Geller

The documents defendants seek from Robbins Geller as relevant to its qualifications to serve as counsel can be better appraised in the separate setting of their investigation of its and Palm Tran, Inc.'s respective status as Class Counsel and Representative, which should be undertaken as soon as convenient.

So ordered.

Dated:  New York, New York
        October 8, 2020

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.