# WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150
TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)
LEONARD M. ROSEN (1965-2014)

October 28, 2020

**VIA ECF**

The Honorable Louis L. Stanton
United States District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   In re Grupo Televisa Securities Litigation
      Case No. 18 Civ. 1979 (LLS)

Dear Judge Stanton:

In that Palm Tran's letter dated October 7, 2020, is a matter of public record[1] and contains unfounded accusations against our clients and, presumably, our firm, we feel compelled to respond to set the record straight. Palm Tran's letter alleges — without explanation — that "Defendants were not forthright with the Court in asserting that neither the Swiss nor the U.S. government requested documents from Grupo Televisa or its Swiss subsidiary Mountrigi" in response to allegations that Alejandro Burzaco paid bribes on behalf of Grupo Televisa to obtain World Cup media rights. ECF 168; *see also* ECF 58 at 2.

---

[1] Moreover, our clients have not sought sealing of the exhibits attached thereto.

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable Louis L. Stanton
October 28, 2020
Page 2

  Palm Tran's accusation is baseless. Tellingly, Palm Tran did not even attempt to explain the relevance of the documents that it selectively highlighted and attached to its letter as exhibits purportedly supporting its attack on Defendants' credibility. Indeed, those documents squarely refute, rather than support, Palm Tran's claim.

  Take, for example, the July 3, 2017 letter from Mountrigi's Swiss counsel to PricewaterhouseCoopers AG, attached to Palm Tran's letter as Exhibit 5. The paragraph Palm Tran selectively highlighted in that exhibit lends no support to its accusation that Defendants misled the Court. To the contrary, that paragraph makes clear that Mountrigi chose to take the initiative of providing documents to the Office of the Attorney General of Switzerland (the "Swiss OAG"):

> [T]he Company proactively contacted the [Swiss OAG] to provide explanations on its activities and the reasons of its relationships with companies and people targeted by the US FIFA investigation. For the sake of transparency, the Company spontaneously provided the OAG with the same documentation disclosed to the United States Department of Justice.[2]

*Id.* at 2. Palm Tran never explained why Exhibit 5 supported its conclusory attack on Defendants' credibility — nor can it, as the *very next sentence* of Exhibit 5 noted that "neither [Mountrigi] nor its parent company, Grupo Televisa . . . were subject to the Swiss FIFA investigation." *Id.* Unsurprisingly, Palm Tran also failed to highlight another document it has possessed since August in which the Swiss authorities in March 2017 explicitly confirmed that they had *not* initiated any investigation of Grupo Televisa or Mountrigi. See Defs.' Ex. A at 1.

  Equally misleading is Palm Tran's apparent attempt to rely upon the Swiss OAG's August 3, 2017 letter requesting additional documents from Grupo Televisa and Mountrigi. *See* ECF 168, Ex. 6. The express subject matter of that letter reveals that these entities were *not* the targets of the OAG's investigation, but rather were being asked for cooperation as to that government's investigation of *others*. *See id.* at 1, 6 (titled "*Criminal investigation against Genaro AVERSA, Pablo Humberto AVERSA and Alejandro BURZACO for forgery of document (Article 251 para. 1 Swiss Criminal Code) and other offences*," and thanking Grupo Televisa and Mountrigi for their "valuable efforts"). Moreover, Palm Tran's counsel yet again has had in its possession since this August a subsequent September 2017 email "confirm[ing] that there has been no change in Mountrigi's status vis-à-vis the OAG" since the OAG's March 2017 letter setting forth that the company was not under investigation. *See* Defs.' Ex. B.

---

[2] To the extent Palm Tran attached Exhibit 5 to suggest that the DOJ requested documents from Grupo Televisa or Mountrigi, Palm Tran's suggestion is baseless. Rather, Grupo Televisa met with the DOJ, discussed the internal investigation and, in connection therewith, voluntarily shared certain documents with the DOJ. The DOJ has at no time requested or subpoenaed any witness or document from Grupo Televisa or Mountrigi in connection with that scandal.

Wachtell, Lipton, Rosen & Katz

The Honorable Louis L. Stanton
October 28, 2020
Page 3

\* \* \*

In short, at no time have Defendants received *any* governmental request — U.S. or Swiss — for documents, witness interviews, or testimony in connection with Alejandro Burzaco's claim that Grupo Televisa collaborated with him in his bribery scheme.

Respectfully yours,

/s/ Herbert M. Wachtell

Herbert M. Wachtell

cc: All Counsel of Record (via ECF)