**WACHTELL, LIPTON, ROSEN & KATZ**

51 W. 52ND ST. · 212-403-1000 · HMWACHTELL@WLRK.COM

December 18, 2020

**BY ECF AND BY HAND**

The Honorable Louis L. Stanton
United States District Court Judge
U.S. District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *In re Grupo Televisa Securities Litigation*, No. 1:18-cv-01979 (LLS)

Dear Judge Stanton:

      Defendants respectfully request a pre-motion discovery conference to resolve the disputes over Defendants' Notice of Subpoena Duces Tecum to Robbins Geller Rudman & Dowd ("Robbins Geller"). *See* Ex. A. On October 27, 2020, this Court invited Defendants to address "the open question of issues about Robbins Geller serving as class counsel." ECF No. 171. Shortly thereafter, Defendants sent a subpoena with five specific document requests aimed at subjects that bear on this "adequacy" inquiry. *See* Fed. R. Civ. P. 23(a). In the ensuing meet-and-confer process, Defendants' efforts to compromise were met with conclusory assertions of privilege. Nevertheless, in a good-faith attempt to accommodate Robbins Geller's concerns, Defendants have repeatedly narrowed the scope of their already limited subpoena. *See* Ex. B at 2–4; Ex. C at 3–5. With Robbins Geller rejecting many of these compromises and the discovery cutoff near, Defendants now must bring their requests before the Court. Defendants accordingly seek the prompt production of all documents responsive to their requests, as modified and set forth below, which came into Robbins Geller's possession between October 25, 2017 and November 1, 2020.[1]

      **Short Position Documents**. First, Defendants seek a limited set of documents related to the disqualifying short position in Televisa securities held by former Lead Plaintiff CAAT. *See* ECF 134 at 10–11. Defendants specifically request: (1) all factual documents that reflect CAAT's investments in the Arrowstreet fund; (2) a log of communications between Robbins Geller and CAAT relating to the short position; and (3) documents sufficient to show the dates on which Robbins Geller first learned of that short position and, separately, its magnitude. *See* Ex. C at 3.

      Robbins Geller's fifteen-month silence on the disqualifying short position of its former Lead Plaintiff — notwithstanding express discovery requests for exactly such information — is undeniably relevant to class counsel's adequacy, and neither Defendants nor this Court can properly examine the issue until the sought-after documents are produced.[2] *See* ECF No. 175 at 1. Moreover, the attorney-client privilege is plainly inapplicable to the factual documents at issue; Defendants target materials that do not reveal legal advice, a request consistent with the principle that the privilege

---

[1] Defendants reserve their rights to pursue additional information if necessary. Throughout this letter, internal citations and quotation marks are omitted. Citations to docket entries labeled "ECF" reflect those from the ECF system.

[2] Robbins Geller has insisted that it provided adequate discovery on this short position. *See* ECF No. 176. Unsurprisingly, Defendants disagree. By the date of CAAT's deposition, Robbins Geller had produced just one document that so much as alluded to a potential short position, and even that reference was oblique. *See* Ex. E. And, after the short position was revealed at the deposition itself, Robbins Geller protested further discovery into the issue throughout the briefing period. Robbins Geller's attempt to rewrite the history of these events only underscores the need for the requested documents.

WACHTELL, LIPTON, ROSEN & KATZ

The Honorable Louis L. Stanton
December 18, 2020
Page 2

"protects communications rather than information." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984). Indeed, to the extent that any factual documents regarding Arrowstreet were preexisting materials conveyed by CAAT to Robbins Geller, such documents are unprotected. *Camp* v. *Berman*, 2015 WL 3917538, at *2 (S.D.N.Y. June 25, 2015); *Renner* v. *Chase Manhattan Bank*, 2001 WL 1356192, at *5 (S.D.N.Y. Nov. 2, 2001).

As for the specified log, Robbins Geller cannot plausibly assert that such a request would invade the attorney-client privilege or effectuate a waiver of that protection. The mere fact of whether and when a communication regarding the short position took place is not privileged information. *See, e.g.*, *J.P. Foley & Co., Inc.* v. *Vanderbilt*, 65 F.R.D. 523, 526 (S.D.N.Y. 1974) ("[T]he privilege pertains solely to the substance of communications. It does not preclude inquiry into the subject matter of the communications.").

In sum, with respect to CAAT's disqualifying short position, Defendants are entitled to discovery as to: what did Robbins Geller know, and when did they know it.

**Client Engagement**. Second, Defendants seek all communications related to the process of engaging CAAT, Palm Tran, and Sterling Heights General as potential plaintiffs in this Action, including, but not limited to, all communications between Robbins Geller's business development agent Laura Stein and these putative plaintiffs and all communications concerning portfolio monitoring agreements related to these putative plaintiffs. *See* Ex. B at 4.

Case law makes clear that communications related to client recruitment and engagement are not privileged, so long as their disclosure would not divulge "the specific nature of [the legal] services provided." *Newmarkets Partners, LLC* v. *Sal. Oppenheimer Jr. & Cie S.C.A.*, 258 F.R.D. 95, 101 (S.D.N.Y. 2009) (compelling the disclosure of "draft engagement letters" and "unexecuted retained letters"); *see also Sec. Inv. Prot. Corp.* v. *Bernard L. Madoff Inv. Sec. LLC*, 319 F.R.D. 100, 105 (S.D.N.Y. 2017) ("It is . . . black letter law that . . . communications regarding retainer agreements are not privileged."); *Renner*, 2001 WL 1356192, at *2 ("[T]he privilege does not extend to . . . the terms and conditions of the attorney's engagement.").

Likewise, any discussion of compensation related to an engagement is not shielded from disclosure. The Second Circuit has "consistently held that . . . fee information [is], absent special circumstances, not privileged." *Lefcourt* v. *United States*, 125 F.3d 79, 86 (2d Cir. 1997) (quoting *In re Shargel*, 742 F.2d 61, 62 (2d Cir. 1984)); *Vingelli* v. *U.S. Drug Enf't Agency*, 992 F.2d 449, 452 (2d Cir. 1993). This longstanding principle reflects a simple reality: "[w]hile . . . payment of a fee" is often a prerequisite to "obtain[ing] legal advice," the disclosure of that information "does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously" on a client's behalf. *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 247–48 (2d Cir. 1986). Defendants are thus entitled to all requested documents — including those that Robbins Geller has already logged or intends to log — to the extent they exist and have not been produced.

**WACHTELL, LIPTON, ROSEN & KATZ**

The Honorable Louis L. Stanton
December 18, 2020
Page 3

      **Former Televisa Employees**.  Third, Defendants seek the names of former Televisa employees with whom Robbins Geller or its agents have communicated.  *See* Ex. C at 4.

      Robbins Geller does not deny that the firm, either directly or through an agent, has engaged in communications with former Televisa employees.  Ex. D at 4.  Defendants are accordingly entitled to seek the requested identities and depose any former employees upon whom Robbins Geller has relied, given Defendants' right to pursue information "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1); *Plumbers & Pipefitters Loc. Union No. 630 Pension-Annuity Tr. Fund* v. *Arbitron, Inc.*, 278 F.R.D. 335, 339 (S.D.N.Y. 2011) ("[K]nowing who the [informants] are would help the defense find and interview and/or depose them . . . . [Such] depositions are reasonably likely . . . [to] reveal admissible, if not highly probative, evidence.").  Robbins Geller's contentions to the contrary are at odds with the "reciprocal and robust fact-gathering" typically expected during discovery.  *Id.* at 341.  Further, any assertion that the requested identities constitute undiscoverable work product would be without support in this jurisdiction.  *Id.* at 340 ("[T]he names of . . . informants are not entitled to any work product protection; and if any work product protection does apply to these names, it is minimal."); *Rahman* v. *Smith & Wollensky Rest. Grp., Inc.*, 2007 WL 1521117, at *12 (S.D.N.Y. May 24, 2007) (noting that the identities of defendant employees "with whom plaintiff or his counsel has communicated are not protected by work product immunity").  Thus, if Robbins Geller declines to provide Defendants with the identities of such individuals so that Defendants can take their depositions before the close of fact discovery, the Class should be barred from calling such individuals as witnesses at trial.

      * * *

      The attorney-client privilege cannot shield these documents from disclosure; Defendants seek several classes of information consistently deemed discoverable in the Second Circuit.  *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d at 1037 ("[T]he attorney-client privilege protects communications rather than information; the privilege does not impede disclosure of information except to the extent that . . . disclosure would reveal confidential communications.").  In any event, "the burden of establishing the applicability of the privilege rests with the party invoking it," *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007), and Robbins Geller has yet to justify asserting that protection here.  *See* Ex. D at 1; ECF 174 at 2; *see also* Ex. C at 1–3.

      In light of the foregoing, Defendants respectfully request that this Court grant the application for a pre-motion discovery conference, or alternatively, issue an order compelling Robbins Geller to produce the documents described above.

                           Very respectfully yours,

                            /s/ Herbert M. Wachtell
                            Herbert M. Wachtell

cc: All Counsel of Record