ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

In re GRUPO TELEVISA SECURITIES            18 Civ. 1979 (LLS)
LITIGATION
                                                MEMORANDUM & ORDER

- - - - - - - - - - - - - - - - - - -X

With respect to the discovery matters discussed in Counsels' December 18, 23, 28 and 29, 2020 letters to the Court:

The issues concerning Robbins Geller's ("RG") qualification to act as counsel for the class do not address its adequacy or its competence, but its candor.

When RG submitted to the Court CAAT's application to serve as Class Representative and defined CAAT's losses in Televisa ADRs, RG apparently made no mention of CAAT's much larger returns from another investment it had made in Arrowstreet, which made a large profit from shorting Televisa's common stock, in which CAAT shared to an extent far exceeding its ADR losses.

If RG was not then aware of CAAT's experience with Arrowstreet, it cannot be faulted for not disclosing it (barring evidence of willful ignorance). There may remain questions about their performances when RG learned of it.

If RG was originally aware or can be fairly charged with knowledge of CAAT's Arrowstreet profits, there are consequential

-1-

questions whether it was obliged to disclose them to the Court. It is important that both sides have the full facts bearing on those questions, so they can be argued with the depth and accuracy that both parties, and counsel, deserve.

Accordingly, RG must disclose all documents and information arguably relevant to those issues, and Wachtell, Lipton must concentrate its discovery demands on those issues.

So ordered.

Dated: New York, New York
       January 21, 2021

                                    /s/ Louis L. Stanton
                                    _____
                                        LOUIS L. STANTON
                                            U.S.D.J.