**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

June 15, 2021

VIA ECF

The Honorable Louis L. Stanton, U.S. District Judge
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 21C
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: __6/17/2021__

**MEMO ENDORSED**

Re:   *In re Grupo Televisa Sec. Litig.*, No. 1:18-cv-01979-LLS (S.D.N.Y.)

Dear Judge Stanton:

On behalf of the Class, Class Representative Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan ("Palm Tran") respectfully disagrees with the Court's decision to replace Robbins Geller as counsel of record and requests a modest extension of the current stay of proceedings for 60 more days to seek mandamus review of the May 19 Order (ECF 227).

While Palm Tran recognizes that the Court has made up its mind, it hopes that the Court will also recognize that an appellate court may well come out differently.[1]  *See, e.g.*, *U.S. S.E.C. v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 162-63 (2d Cir. 2012) (issuing stay).  And whereas Palm Tran and the other Class members would suffer irreparable prejudice if deprived at this late stage of the benefit of the law firm that has successfully prosecuted the claims on their behalf for three years, a brief extension of the current stay will cause no prejudice because no deadline or case schedule is in place.  It would also prejudice the Class if new counsel was forced into immediate active litigation against opposing counsel who have worked on the underlying facts for over six years (even before this case began) and who dedicated over a year to convincing the Court to

---

[1]   A stay is warranted, *inter alia*, because the Court's disclosure requirement raises important questions about the administration of securities cases governed by the PSLRA.  For example, no identified PSLRA plan of allocation has required the disclosure or accounting of trades other than a claimant's own transactions in the subject security.  *See* Exs. A-C (Declarations of Gilardi, Epiq, and A.B. Data); ECF 192-2 at 8, ¶24.  The injection of third-party trading into PSLRA actions would make it impracticable to administer them, as overlapping claims would be virtually impossible to identify, and disputes over who has legal right to them would spawn endless litigation.  *See id.*  In addition, although the Order acknowledged the possibility that Arrowstreet's short strategy suffered losses through the Class Period and last alleged price drop (ECF 227 at 2), it is not a mere possibility but a mathematical certainty according to trading records submitted to the Court before Robbins Geller's appointment as class counsel.  *See, e.g.*, ECF 95 at Ex. BB.  So, even if Arrowstreet's short sales were improperly attributed to CAAT, they would not diminish CAAT's losses or incentive to maximize the Class's recovery.  For these reasons, we believe Arrowstreet's transactions were immaterial, and the Order's analogy to material omissions in the context of securities fraud was inappropriate.  *See* ECF 227 at 6.

655 West Broadway, Suite 1900    San Diego, CA 92101    Tel 619-231-1058    Fax 619-231-7423    rgrdlaw.com

**Robbins Geller Rudman & Dowd LLP**

Judge Stanton
June 15, 2021
Page 2

replace the lawyers (Robbins Geller) who have defeated them at every substantive turn, including before the Second Circuit Court of Appeals.[2]

      Accordingly, Palm Tran respectfully requests a modest extension of the stay for 60 days.

Respectfully submitted,

DARREN J. ROBBINS

RACHEL L. JENSEN

cc:  All Counsel of Record via ECF

---

Upon the recommendation of Judge Stanton, Palm Tran's application for a sixty-day extension of the stay is hereby GRANTED.
SO ORDERED.

_____
Edgardo Ramos, U.S.D.J, Part I
Dated: __6/17/2021_____
New York, New York

---

[2]  Palm Tran is in the process of transitioning to new class counsel so that it is positioned to prosecute this case in the event that its chosen counsel is not reinstated by a higher court. And although it is impossible to simply transfer to new counsel the knowledge of this complex case developed through roughly 20,000 hours of work, Robbins Geller will of course provide whatever limited assistance the Order permits.