ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

IN RE GRUPO TELEVISA SECURITIES
LITIGATION

----------------------------------X

18 Civ. 1979 (LLS)

ORDER RE CLASS COUNSEL

1. Defendants' motion to set dates for determination of the class is a useful contribution but should be held until a class counsel is appointed.

2. Mr. Singer's September 16th letter announcing his firm's selection as Palm Tran's (and therefore Class) counsel raises issues:

(a) In order to respond to defendants' Motion to Define the Class he must obtain "deep institutional knowledge" of related proceedings, presumably bribes by Burzaco for 2018 and 2022 World Cups which Burzaco did not connect Televisa with. Nonetheless, he gives no estimate of how long it will take to acquire that knowledge and be ready to respond.

(b) He requests a stay of 45 days, i.e., until mid-November, to complete the transition of leadership. My order of May 19 allowed 30 days for it. That was over three months ago.

(c) My May 19 order dismissed Robbins Geller "from further service in this case, save facilitation of its replacement by its successor." That was not a mere administrative adjustment. It was a dishonorable discharge for lack of candor amounting to fraud upon this Court. I detect no ambiguity in those words; nor did the Court of Appeals.

Mr. Singer may have been misled by the phrase "facilitation of its replacement." That referred to such things as transfer of files, but not to continued assistance, advice and work as the case progressed as contemplated by Mr. Singer.

Mr. Singer says it is important to be able to call upon Robbins Geller for assistance "as we prosecute the Class's claims" as particular issues arise, and that any further work performed by Robbins Geller "will be subject to our direction and oversight." The assumption that the Court will allow this continued involvement of Robbins Geller is the basis for Saxena White's estimate of 45 days to complete the transition of leadership.

\* \* \* \*

The notion that Robbins Geller might be allowed to resume work on this case is important to Saxena White, as it reviews the extensive record accumulated in the three and a half years the case has been pending. But it is counter-factual. The May 19, 2021 order dismissing Robbins Geller from further service necessarily reflected weighing of Robbins Geller's unquestioned professional skills against the demonstrated imprudence of a court accepting its representations as reliably truthful, and cannot lightly be set aside.

The heavy burden of the case record as perceived by Mr. Singer in his letter, the lack of any date for the shouldering of responsibility by his firm without assistance by Robbins Geller and Boies Schiller, his presumption that the Court would allow the easing of his firm's burden by recourse to Robbins Geller, and the reliance of Saxena White on continued work by Robbins Geller all weigh heavily against the approval of Saxena White as class counsel.

The selection of Saxena White as class counsel is disapproved.

So ordered.

Dated:  New York, New York
        September 23, 2021

                                                              *Louis L. Stanton*
                                                              LOUIS L. STANTON
                                                                   U.S.D.J.