USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/22

```
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In RE GRUPO TELEVISA SECURITIES        18 Civ. 1979 (LLS)
LITIGATION                                  Order

---------------------------------X
```

On June 29, 2020, the Court entered an Order certifying the class in this putative securities class action litigation. Dkt. No. 146. Left unresolved in that Order was the definition of the class period. The Court now settles that open question as follows.

Plaintiff asserts that defendants paid bribes to secure media rights to the 2018, 2022, 2026, 2030 FIFA World Cup and made various misstatements to conceal the alleged scheme and exploit undisclosed weaknesses in the Company's internal controls over financial reporting. They seek relief from this alleged fraud on behalf of all investors who had "purchased or acquired Televisa ADRs from April 11, 2013 to January 25, 2018, inclusive" Dkt. No. 32 ¶ 29 ("Compl.").

In this Motion, Defendants argue that the proposed class definition is impermissibly broad because it extends past the date of the corrective disclosure, and it begins before the misstatement connected to that corrective disclosure was made. They seek to limit the eligible class to encompass individuals and entities that purchased or acquired Televisa ADRs from April 28, 2017 through and including November 17, 2017 and still held such ADRs through that latter date. Dkt. No. 262 at 2.

1

**Legal Standard**

Pursuant to Rule 23(c)(1)(B) of the Federal Rules of Civil Procedure, an "order that certifies a class action must define the class." Fed. R. Civ. P. 23. In securities class actions, "a class definition ordinarily should have temporal limitations." Yi Xiang v. Inovalon Holdings, Inc., 327 F.R.D. 510, 521 (S.D.N.Y. 2018). The boundaries of that limitation run from when the first misrepresentation was made allegedly distorting the market price to when the truth was revealed curing the price of any fraud-induced inflation. Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 278 (2014) (holding investors are eligible for the *Basic* presumption of reliance — and, thus, for class membership — only if they "traded the stock between when the misrepresentations were made and when the truth was revealed."); In re Signet Jewelers Ltd. Sec. Litig., 2019 WL 3001084, at *18 (S.D.N.Y. July 10, 2019) ("Signet III") ("In a securities fraud class action, courts are required to cut off the class period on the date of a statement or event that cures the market."); Inovalon Holdings, 327 F.R.D. at 521 (limiting the class period to the date, according to the Complaint, on which Inovalon issued a corrective disclosure giving investors actual knowledge of its misstatements); In re Sanofi-Aventis Sec. Litig., 293 F.R.D. 449, 459 n.12 (S.D.N.Y. 2013) ("Typically, the class period begins on the date of the first

2

misstatement, as it is the injection of misinformation into the marketplace that distorts the price of the stock.").

If questions of fact remain as to whether the disclosure completely cured the market, a broader class period should be certified. In re WorldCom, Inc. Sec. Litig., 219 F.R.D. 267, 307 (S.D.N.Y. 2003); see also In re Chicago Bridge & Iron Co. N.V. Sec. Litig., 2019 WL 5287980, at *40 (S.D.N.Y. Oct. 18, 2019) ("Where . . . there is an issue of fact as to whether a particular disclosure cured the market or a disagreement as to the precise day on which the truth was known, a broader time period should be certified."); In re Interpublic Sec. Litig., Fed. Sec. L. Rep., 2003 WL 22509414, *5 (S.D.N.Y. Nov. 6, 2003) ("Class certification of a broader class period is appropriate when questions of fact remain as to whether a purportedly curative press release effected a complete cure of the market or was itself fraudulent.").

**Closing Date**

The parties' dispute boils down, in essence, to when sufficient corrective information entered the market and how to interpret the Court's prior determinations on that question.

Defendants argue that the closing date of the class period should be November 17, 2017, the date that Alejandro Burzaco concluded testifying in an EDNY criminal prosecution of FIFA individuals accused of accepting bribes in exchange for grants of broadcasting rights to the World Cup. Defendants' point to

the Court's June 8, 2020 Order ruling on the *Basic* fraud-on the market presumption that of the three corrective disclosures alleged in the complaint, Burzaco's testimony was the "single event" sufficient to notify Televisa investors of the company's participation in the purported bribery scheme.

Plaintiff disagrees positing that a broader time period should be certified because open questions of fact exist as to whether Burzaco's testimony completely cured the market. Specifically, plaintiff argues that there is an open question of fact as to whether Televisa's Form 6-K filed on January 26, 2018 revealing the material weaknesses in the company's internal controls over financial reporting amounts to a corrective disclosure.

"'Whether a particular announcement ... actually cured a prior misrepresentation is ... a sensitive issue to rule on at this early stage of the proceedings, because it comes so close to assessing the ultimate merits in the case.'" In re Virtus Inv. Partners, Inc. Sec. Litig., No. 15CV1249, 2017 WL 2062985, at *7 (S.D.N.Y. May 15, 2017) (quoting In re Fed. Nat. Mortg. Ass'n, 247 F.R.D. at 39). Therefore, Courts "'often limit[ ] their analysis to a determination of whether there is 'a substantial question of fact as to whether the release cured the market or was itself misleading.'" Id. But, if there is "no substantial doubt as to the curative effect" of the

announcement, the class period may be shortened. Friedlander v. Barnes, 104 F.R.D. at 421.

As the Court previously stated, of the corrective disclosures alleged in the complaint, Burzaco's testimony was the "single event" which conveyed information to the Televisa investors severing the link between when alleged misrepresentations and the stock price. Despite attempts to stretch the Court's order, there is no open question of fact as to whether the January 26, 2018 Form 6-K was a corrective disclosure. Investors "had known since November that bribes, big ones, were paid from Burzaco's testimony." Thus, the class period ends on November 17, 2017. See In re Virtus Inv. Partners, Inc. Sec. Litig., No. 15CV1249, 2017 WL 2062985, at *7 (S.D.N.Y. May 15, 2017) ("Thus, the class period should end where an "'announcement severed the link between the alleged misrepresentations and the stock price, even though additional information regarding the accounting irregularities came to light.'").

**Opening Date**

Defendants assert that the class period begins April 28, 2017, when Televisa announced for the first time that it had secured the broadcast rights to the 2026 and 2030 World Cups. They argue that public statements over the broadcast rights to the 2018 and 2022 World Cups are not actionable because Burzaco's trial testimony was bereft of anything associating

Televisa with a bribery scheme related to the 2018 and 2022 World Cups.

"'[T]he start date for the . . . Class period [i]s a merits issue not properly resolvable at the class certification stage, but, insofar as it implicates a disputed question of fact, a matter that more appropriately should be left for trial,.'" Wilson v. LSB Indus., Inc., No. 15 CIV 7614, 2018 WL 3913115, at *19 (S.D.N.Y. Aug. 13, 2018) (holding it is not appropriate to consider the start of the class period in adjudicating a motion for class certification when the date is a merits issue). Defendants' argument that Burzaco's trial testimony does not relate to the 2018 and 2022 World Cups is a question of fact. Accordingly, the class period begins on April 11, 2013, the date on which Televisa filed its Form 20-F annual report touting its internal controls and Code of Ethics, which the Court has already held contains actionable material misrepresentations. Dk. No. 47 at 20-21.

### Conclusion

Therefore, the Class Period is defined as all investors who had purchased or acquired Televisa ADRs from April 11, 2013 to November 17, 2017, inclusive.

So Ordered.

Dated: New York, New York
       July 20, 2022

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.