**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re GRUPO TELEVISA SECURITIES LITIGATION | Civil Action No. 1:18-cv-01979-LLS |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PROPOSED MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF STEVEN FEINSTEIN

Herbert M. Wachtell
Ben M. Germana
David B. Anders
Adebola O. M. Olofin
Benjamin L. Levander
Daniel J. Harper
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
(212) 403-1000

*Attorneys for Defendants*

**Table of Contents**

Preliminary Statement.................................................................................................1

Argument ......................................................................................................................5

I.   Dr. Feinstein's report should be stricken and his opinion should be excluded because
     it is untrustworthy and unreliable. ......................................................................5

     A.   Dr. Feinstein should be excluded because his opinion rests on a false
          representation of fact..................................................................................5

     B.   Dr. Feinstein's opinion is in any event statistically invalid and unreliable for
          additional reasons.....................................................................................10

     C.   The remaining portions of Dr. Feinstein's report are also plainly inadmissible...............14

Conclusion ................................................................................................................16

## **<u>TABLE OF AUTHORITIES</u>**

**Cases**                                                                                     **Page(s)**

*Amorgianos* v. *Nat'l RR Passenger Corp.*,
    303 F.3d 256 (2d Cir. 2002)......................................................................................6

*Bell* v. *Ascendant Solutions, Inc.*,
    2004 WL 1490009 (N.D. Tex. July 1, 2004).....................................................9, 12

*Berk* v. *St. Vincent's Hosp. & Med. Ctr.*,
    380 F. Supp. 2d 334 (S.D.N.Y. 2005)......................................................................9

*Daubert* v. *Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993)..........................................................................................5, 6, 14

*Davidov* v. *Louisville Ladder Group, LLC*,
    2005 WL 486734 (S.D.N.Y. Mar. 1, 2005)..........................................................8, 9

*Finkelstein* v. *Liberty Dig., Inc.*,
    2005 WL 1074364 (Del. Ch. Apr. 25, 2005).....................................................4, 5, 14

*George* v. *China Automotive Sys., Inc.*,
    2013 WL 3357170 (S.D.N.Y. July 3, 2013) .....................................................12 n.5

*Goldkrantz* v. *Griffin*,
    1999 WL 191540 (S.D.N.Y. 1999).................................................................12 n.5

*Heller* v. *Shaw, Inc.*,
    167 F.3d 146 (3d Cir. 1999)......................................................................................6

*Highland Cap. Mgmt., L.P.* v. *Schneider*,
    379 F. Supp. 2d 461 (S.D.N.Y. 2005)....................................................................15

*IBEW Local 90 Pension Fund* v. *Deutsche Bank AG*,
    2013 WL 5815472 (S.D.N.Y. Oct. 2013) ...............................................................5

*In re Am. Intern. Grp., Inc. Sec. Litig.*,
    265 F.R.D. 157 (S.D.N.Y. 2010), rev'd on other grounds by *In re Am. Int'l
    Grp., Inc. Sec. Litig.*, 689 F.3d 229 (2d Cir. 2012)..........................................12 n.5

*In re Barrick Gold Corp. Sec. Litig.*,
    341 F. Supp. 3d 358 (S.D.N.Y. 2018)....................................................................12

*In re Federal Home Loan Mortgage Corp. Sec. Litig.*,
    281 F.R.D. 174 (S.D.N.Y. 2012) ......................................................................12 n.5

*In re Global Brokerage, Inc.*,
    2021 WL 1160056 (S.D.N.Y. March 18, 2021), report and recommendation
    adopted by *In re Glob. Brokerage, Inc. f/k/a FXCM Inc. Sec. Litig.*, 2021 WL
    1105367 (S.D.N.Y. Mar. 23, 2021) .................................................................12 n.5

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
    299 F. Supp. 3d 430 (S.D.N.Y. 2018) ...........................................................15

*In re Longtop Fin. Techs. Ltd. Sec. Litig.*,
    32 F. Supp. 3d 453 (S.D.N.Y. 2014) .............................................................15

*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004) ........................................................5, 15

*In re Xcelera.com Sec. Litig.*,
    2008 WL 7084626 (D. Mass. April 25, 2008) ..............................................9, 12

*Macaluso* v. *Herman Miller, Inc.*,
    2005 WL 563169 (S.D.N.Y. Mar. 10, 2005) ...................................................9

*Ohio Pub. Empls. Ret. Sys.* v. *Fed. Home Loan Mortg. Corp.*,
    2018 WL 3861840 (N.D. Ohio Aug. 4, 2018) ..................................................5

*Pearlstein* v. *BlackBerry Ltd.*,
    2021 WL 253453 (S.D.N.Y. Jan. 26, 2021) ................................................12 n.5

*Pennsylvania Ave. Funds* v. *Inyx Inc.*,
    2011 WL 2732544 (S.D.N.Y. July 5, 2011) ...............................................12 n.5

*S.E.C.* v. *Tourre*,
    950 F. Supp. 2d 666 (S.D.N.Y. 2013) ...........................................................14

*United States* v. *Hatfield*,
    2014 WL 7271616 (E.D.N.Y. Dec. 18, 2014) ...................................................12

*United States* v. *Webb*,
    No. 1:15-cr-00252 (E.D.N.Y.) .................................................................2, 7, 8

*Weisgram* v. *Marley Co.*,
    528 U.S. 440 (2000)..................................................................................5

## Statutes and Rules

Fed. R. Evid. 702 .......................................................................................5

**Other Authorities**

*Burzaco confesó que Torneos, Televisa y O Globo pagaron coimas de US$ 15
    millones a Grondona*,
    La Politica Online (Nov. 15, 2017)......................................................................3 n.2

Emily Saul,
    *Media companies hit with bribery claims at FIFA corruption trial*,
    N.Y. Post (Nov. 14, 2017) ...............................................................................3 n.2

*Marketing CEO names Globo, Televisa in World Cup TV rights scandal*,
    ESPN (Nov. 15, 2017) .......................................................................................3 n.2

Patricia Hurtado,
    *Fox, Globo Among Broadcasters Linked to FIFA Corruption*,
    Bloomberg News (Nov. 14, 2017)....................................................................3 n.2

Tom Hayes,
    *Witness says media giants paid World Cup bribe*,
    Associated Press (Nov. 15, 2017) ...................................................................3 n.2

*U.S. law firm says investigating Televisa bribe claim*,
    Reuters (Nov. 15, 2017).........................................................................................3

## Preliminary Statement

What's past is prologue.

As the Court is aware, in prior proceedings in this action, the Court "terminated" the original lead plaintiff, Colleges of Applied Arts and Technology Pension Plan ("CAAT"), for failing to disclose a short position which — if the Complaint's allegations of fraud were established — allowed it to gain thrice whatever it lost.  ECF No. 134 at 10-11; *see also* ECF No. 146.

The Court then likewise "dismissed from further service in this case" the original class counsel Robbins Geller — because it was fully aware of that undisclosed short position, yet chose to conceal it.  ECF No. 227 at 6-7.  That dismissal was "a dishonorable discharge for lack of candor amounting to fraud upon this Court."  ECF No. 244 at 1.

Now comes the expert originally sponsored by CAAT and Robbins Geller, Dr. Steven Feinstein, with a report dated April 29, 2022 on loss causation and damages (Ex. A, the "Feinstein Rep't"), two essential elements of plaintiffs' case.  It is evident from Dr. Feinstein's report that his report and any testimony of Dr. Feinstein should meet the same fate.  Thus:

1.    With respect to the November 2017 testimony of Burzaco — which this Court has already held was the "*single* event" that could constitute a potential "corrective" disclosure (ECF No. 134 at 2-10) — █████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████████████     ███████████████████████

---

[1] All exhibits cited in this memorandum are attached to the accompanying Declaration of Daniel J. Harper submitted herewith (and are cited herein as "Ex. __," unless otherwise noted).

████████████████████████████████████████████████████

████████████████████████

These representations are false.   ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████

Dr. Feinstein's false representation   ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

Because Dr. Feinstein's opinion is based upon a false representation of fact, he should be excluded.

2.      But there is more.  In addition to Dr. Feinstein's ██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████, Mr.

Burzaco's testimony about Televisa was widely reported in the media on the two days it

happened — November 14 and 15, 2017 — including by such well-known sources as *Bloomberg*

and the *Associated Press*.[2]

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████

3.      While the above more than suffices to justify his exclusion, Dr. Feinstein's

analysis is in any event totally unreliable for additional reasons. ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

---

[2] Ex. E, Patricia Hurtado, *Fox, Globo Among Broadcasters Linked to FIFA Corruption*, Bloomberg News (Nov. 14, 2017); Ex. F, *Marketing CEO names Globo, Televisa in World Cup TV rights scandal*, ESPN (Nov. 15, 2017); Ex. G, Tom Hayes, *Witness says media giants paid World Cup bribe*, Associated Press (Nov. 15, 2017); Ex. H, Emily Saul, *Media companies hit with bribery claims at FIFA corruption trial*, N.Y. Post (Nov. 14, 2017); Ex. I, *Burzaco confesó que Torneos, Televisa y O Globo pagaron coimas de US$ 15 millones a Grondona*, La Politica Online (Nov. 15, 2017).



Tellingly, as a result of Burzaco's testimony, even the Complaint only alleges that the Televisa ADR price moved on November *14* — ███████

For these reasons as well, Dr. Feinstein should be excluded.

\*   \*   \*

This is not the first case in which Dr. Feinstein has seen fit to play fast and loose with the facts to manufacture an unreliable results-driven opinion.  As former Chief Justice Strine of the Delaware Supreme Court put it when sitting on the Delaware Court of Chancery, Dr. Feinstein saw fit to put forward an opinion that was "simply incredible," had "no rational basis," "bear[s] no relationship to reality," was "unsupported" by the facts, and simply "pretend[ed]" things that were not true — all in "a stubborn desire to stick to a pre-conceived" result "regardless of the facts." *Finkelstein* v. *Liberty Dig., Inc.*, 2005 WL 1074364, at *14-18 (Del. Ch. Apr. 25, 2005).

Similarly, the United States District Court for the Northern District of Ohio recently excluded Dr. Feinstein and struck his expert report which had attempted to claim statistical significance of stock price movements.  The district court concluded that Dr. Feinstein should be excluded because his analysis was "unreliable" — and that "correcting" for the "fundamental" flaws in Dr. Feinstein's analysis "leads to statistically insignificant results, undermining

Dr. Feinstein's opinion." *Ohio Pub. Empls. Ret. Sys.* v. *Fed. Home Loan Mortg. Corp.*, 2018 WL 3861840, at *2-8, 17, 20 (N.D. Ohio Aug. 4, 2018).

So too here. ███████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████ Under settled

principles, Dr. Feinstein's report should be stricken and his opinion should be excluded.

### Argument

**I.    Dr. Feinstein's report should be stricken and his opinion should be excluded because it is untrustworthy and unreliable.**

**A.    Dr. Feinstein should be excluded because his opinion rests on a false representation of fact.**

The Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert* v. *Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). *Daubert* established a "broad mandate" that "require[s] district courts to act as gatekeepers to prevent the admission of untrustworthy expert testimony . . . ." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 561 (S.D.N.Y. 2004). The Supreme Court has described the "reliability standard" for expert testimony as "exacting." *Weisgram* v. *Marley Co.*, 528 U.S. 440, 455 (2000); *see also IBEW Local 90 Pension Fund* v. *Deutsche Bank AG*, 2013 WL 5815472, at *15 (S.D.N.Y. Oct. 2013) (same; quoting *Weisgram*).

As the Second Circuit has made clear, "when an expert opinion is based on data . . . that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the

exclusion of that unreliable opinion testimony." *Amorgianos* v. *Nat'l RR Passenger Corp.*, 303 F.3d 256, 266 (2d Cir. 2002) (citing *Heller* v. *Shaw, Inc.*, 167 F.3d 146, 153 (3d Cir. 1999)). "In deciding whether a step in an expert's analysis is unreliable, the district court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Id*. at 267.

"[T]he reliability analysis applies to all aspects of an expert's testimony: the methodology, the *facts underlying the expert's opinion*, the link between the facts and the conclusion, *et alia*." *Id*. (emphasis added, modification in original) (quoting *Heller*, 167 F.3d at 153). As the Second Circuit has further admonished, "*any* step that renders the analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible." *Id*. at 267 (emphasis in original; cleaned up) (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)).

Applying these principles here, it is plain that Dr. Feinstein must be excluded. As noted,



That is false.

████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

████

Indeed, as explained more fully in the Rebuttal Report of Dr. Tabak, it is notable that

█████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████

Dr. Feinstein's misrepresentation of fact ████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████ This

Court need not brook such manifestly untrustworthy — indeed, downright deceitful — "expert"

opinion.[3]

    And in any event, ████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████ in *Davidov*

v. *Louisville Ladder Group, LLC*, 2005 WL 486734 (S.D.N.Y. Mar. 1, 2005) (Stanton, J.), this

Court excluded an expert whose opinion was predicated on the fact that a ladder's leg was lifted

off the ground, because the record facts were that the ladder was on the ground.  As this Court

put it in excluding the expert, "[t]he difficulty with the expert's testimony . . . lie[s] . . . in the

fact that an essential element of his theory is contradicted by the evidence in the case."  *Id.* at *1.

    ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

_____

[3] ████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████ *See also Berk* v. *St. Vincent's Hosp. & Med. Ctr.*, 380 F.

Supp. 2d 334, 353 (S.D.N.Y. 2005) (excluding expert who opined it was malpractice not to refer

patient who complained of redness for medical care, because facts were that patient did not

complain of redness); *Macaluso* v. *Herman Miller, Inc.*, 2005 WL 563169, at *8 (S.D.N.Y. Mar.

10, 2005) (excluding expert whose opinion was predicated on chair having fractured at base,

because facts were that chair did not fracture at base).

████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████. Thus, for example, in *In re Xcelera.com Sec. Litig.*,

2008 WL 7084626 (D. Mass. April 25, 2008), the Court excluded plaintiffs' expert who opined

that there was a statistically significant stock price movement based on results on August 2,

because the news about the company came out after market close on July 31 and there was no

statistically significant stock price movement on August 1 (*i.e.*, the first trading day when the

news was known).  The Court thus excluded the expert because:  "Quite simply, his theory does

not match the facts."  *Id*. at *1.  So too here.  *See also Bell* v. *Ascendant Solutions, Inc.*, 2004

WL 1490009, at *2-3 (N.D. Tex. July 1, 2004) (excluding expert who included as an event day

for measurement in an event study the release date of an article that did not mention the

company).

      Thus, ████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████

**B.**    **Dr. Feinstein's opinion is in any event statistically invalid and unreliable for additional reasons.**

Dr. Feinstein's opinion is also unreliable (and therefore inadmissible) for separate, additional reasons. ████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████



. Here, in his prior report submitted at the class certification stage, Dr. Feinstein looked at the results of individual-day windows in the November 14-17 period, as well as multi-day windows within that period. *Id*. at ¶¶ 21-29, 37-48 (*citing* Report Regarding Price Impact, Steven P. Feinstein, dated Mar. 6, 2020, ECF No. 113-1 at ¶¶ 117, 125, 127, 133 (Ex. L, "Feinstein Price Impact Rep't")). ███████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████

Even putting aside ███████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████ ███████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

██████████████ For this independent reason as well, Dr. Feinstein's opinion is unreliable and should be excluded.

Moreover, ███████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

---

[4] ██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

*See In re Barrick Gold Corp. Sec. Litig.*, 341 F. Supp. 3d 358, 379-380 (S.D.N.Y. 2018) (four-day event window "bordered on the nonsensical" given efficient market); *United States* v. *Hatfield*, 2014 WL 7271616, at *12-13 (E.D.N.Y. Dec. 18, 2014) (including results beyond one day after the news date is "inconsistent" with "efficient market"); *Xcelera*, 2008 WL 7084626 (rejecting expert's opinion that stock price movement on August 2 was caused by news that came out after market close on July 31, because there was no statistically significant stock price movement on August 1 — the first trading day when the news was known); *Bell*, 2004 WL 1490009 at *2-3 (excluding expert opinion that there was statistically significant price movement on date of news article, because article did not mention company).[5]

And even beyond all of the above defects warranting exclusion, ███████████████ ████████████████████████████ The principal theory of loss causation spelled

---

[5] Consistent with the efficient market hypothesis, experts in securities cases overwhelmingly utilize a one- or (at most) two-day event window. *See, e.g.*, *In re Federal Home Loan Mortgage Corp. Sec. Litig.*, 281 F.R.D. 174, 179 (S.D.N.Y. 2012) (using one and two day windows); *In re Am. Intern. Grp., Inc. Sec. Litig.*, 265 F.R.D. 157, 183 (S.D.N.Y. 2010) (rev'd on other grounds by *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229 (2d Cir. 2012)) (using one day window); *Goldkrantz* v. *Griffin*, 1999 WL 191540, at *4 (S.D.N.Y. 1999) (granting summary judgment for defendants where event study showed that no negative news was released on the individual days that exhibited statistically significant price drops); *Pennsylvania Ave. Funds* v. *Inyx Inc.*, 2011 WL 2732544, at *9-10 (S.D.N.Y. July 5, 2011) (relying on price reaction over a period of "less than a day" in assessing market efficiency); *In re Global Brokerage, Inc.*, 2021 WL 1160056, at *16 (S.D.N.Y. March 18, 2021) (report and recommendation adopted by *In re Glob. Brokerage, Inc. f/k/a FXCM Inc. Sec. Litig.*, 2021 WL 1105367 (S.D.N.Y. Mar. 23, 2021)) (analyzing one-day event windows); *George* v. *China Automotive Sys., Inc.*, 2013 WL 3357170, at *12 (S.D.N.Y. July 3, 2013) (analyzing one-day event windows); *Pearlstein* v. *BlackBerry Ltd.*, 2021 WL 253453, at *17 (S.D.N.Y. Jan. 26, 2021) (analyzing, in a report by plaintiffs' expert here, Dr. Feinstein, one-day event windows).

out in the Complaint was tied to the supposed results following the publication of the so-called "New York Times Exposé." Thus, the Complaint alleges: "The October 26 NYT Exposé implicated Televisa and Mountrigi in the FIFA bribery scheme and placed it squarely with the likes of Burzaco and Torneos in illegally obtaining rights to World Cup tournaments. . . . In response to the news of the October 26 NYT Exposé . . . the price of Televisa ADRs dropped 5.6% . . . on October 27, 2017 . . . ." ECF No. 32 ("Complt.") ¶¶ 160-61. But that theory was definitely rejected by this Court in its June 8, 2020 decision, which held that the result of the *New York Times* report was a "slight rise in the price," and the drop the following day referenced in the Complaint "was clearly in response to an unanticipatedly discouraging third-quarter earnings report, published the previous evening." ECF No. 134 at 7.

Dr. Feinstein, having at the class certification stage endorsed plaintiffs' theory that the Televisa ADR price "slid[] significantly following the New York Times Exposé," Ex. L, Feinstein ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ████████████████████ with respect to Burzaco's testimony, the *Complaint itself* alleges *only* that as a result of the Burzaco testimony the price of Televisa ADRs dropped on November *14*, 2017 — the date on which there was first "news of criminal testimony [by Burzaco] identifying Televisa as a co-conspirator in the FIFA bribery scheme." Complt. ¶ 162. ████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

████████████████████ — in (to borrow Chief Justice Strine's words) "a stubborn desire

to stick to a pre-conceived" result "regardless of the facts." *Finkelstein*, 2005 WL 1074364, at

*14-18.  Such "expert" testimony is the epitome of unreliable evidence to be excluded under

*Daubert*.

      **C.**    **The remaining portions of Dr. Feinstein's report are also plainly inadmissible.**

████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████

██████

      *First*, Dr. Feinstein's factual narrative is barred.  It is "inappropriate for experts to

become a vehicle for factual narrative" because "[a]cting simply as a narrator of the facts does

not convey opinions based on an expert's knowledge and expertise" and "may easily invade the

province of the jury." *S.E.C.* v. *Tourre*, 950 F. Supp. 2d 666, 675 (S.D.N.Y. 2013).  Further,

"[m]ere narration . . . fails to fulfill *Daubert*'s most basic requirements" because it neither

"convey[s] opinions based on an expert's knowledge and expertise" nor is "traceable to a reliable

methodology." *Id.*  Thus, although an expert may rely on facts or other data in evidence when

constructing an expert report, a party may not present an expert "for the purpose of constructing

a factual narrative based upon record evidence." *Highland Cap. Mgmt., L.P.* v. *Schneider*, 379

F. Supp. 2d 461, 469 (S.D.N.Y. 2005).

Here, much of Dr. Feinstein's report consists of narration of claimed facts — interspersed with related (and inadmissible) conclusions of law, such as ███████████████████ ███████████████████████████████████████████████████████████████████ ███████ It is well established that such testimony is improper and should be excluded. *See, e.g.*, *In re Rezulin*, 309 F. Supp. 2d at 551 (excluding testimony that was "merely a narrative of the case which a juror is equally capable of constructing" (internal quotation marks omitted)); *In re Longtop Fin. Techs. Ltd. Sec. Litig.*, 32 F. Supp. 3d 453, 462 (S.D.N.Y. 2014) (excluding testimony that merely summarized findings of audit opinions, facts provided by the party proffering the expert, and the contents of other documents on the record); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 299 F. Supp. 3d 430, 583-84 (S.D.N.Y. 2018) (excluding report of Nobel Prize-winning economist who offered "opinions that purport[ed] to interpret documents like trader communications, government reports, and orders issued by regulatory authorities" because "the documents he purports to interpret are equally understandable by the trier of fact").

*Second,* ████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████ ███████

*Third,* ██████████████████████████████████████ ██████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████   Inasmuch as neither of those loss causation opinions upon which his damages

opinion rests is admissible, his damages opinion is perforce inadmissible as well.

**Conclusion**

For the foregoing reasons, the Court should grant defendants' motion to strike

Dr. Feinstein's report and exclude his testimony.

Respectfully submitted,

*Of Counsel*:

Ben M. Germana
David B. Anders
Adebola O. M. Olofin
Benjamin L. Levander
Daniel J. Harper

Dated:  August 4, 2022

/s/ Herbert M. Wachtell
Herbert M. Wachtell

WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York  10019
(212) 403-1000

*Attorneys for Defendants*