**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

In re GRUPO TELEVISA SECURITIES
LITIGATION

Civil Action No. 18-cv-1979-LLS

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated February 28, 2023 (the "Stipulation"), is made and entered into by and between:  (i) Class Representative Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan ("Palm Tran" or "Class Representative"), on behalf of itself and each Class Member, by and through its counsel of record in the Litigation;[1] and (ii) Defendants Grupo Televisa, S.A.B. ("Televisa" or the "Company"), Emilio Fernando Azcárraga Jean III (the Company's former chief executive officer and the current executive chairman of the Company's board of directors), and Salvi Rafael Folch Viadero (the Company's former chief financial officer and a current member of the Company's board of directors), by and through their counsel of record in the Litigation.   The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending before Judge Louis L. Stanton in the United States District Court for the Southern District of New York (the "Court").    The initial complaint in this action was filed on March 5, 2018.  On June 29, 2020, the Court appointed Palm Tran as Class Representative.  On October 8, 2021, the Court appointed Boies Schiller Flexner LLP ("BSF") as

---

[1] All capitalized terms not otherwise defined shall have the meanings ascribed to them in § IV.1 herein.

Lead Counsel.

The Settling Parties vigorously litigated this case for over four years. Class Representative's Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on August 6, 2018, alleged that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). The Complaint alleged that, throughout the Class Period (April 11, 2013 through November 17, 2017, inclusive), Defendants made materially false and misleading statements and failed to disclose adverse information regarding the Company's business and operations, which caused the price of the Company's American Depositary Receipts ("ADRs") to trade at artificially inflated prices. Class Representative alleged that the Company's share price declined when the market allegedly learned of the falsity or misleading nature of previous statements or omissions. Defendants contend that they did not violate Section 10(b) or 20(a) of the Exchange Act. Defendants deny, *inter alia*, that they made any allegedly false or misleading statements, that they omitted any material information concerning their business and operations, that the Company's share price fell as a result of any false or misleading statements or omissions, that any of the allegedly false or misleading statements were made with scienter, and that Class Members, including Class Representative, suffered any damages whatsoever.

On October 15, 2018, Defendants moved to dismiss the Complaint. The Court denied the motion on March 25, 2019. Defendants initially answered the Complaint on April 15, 2019, and later amended their answer on July 21, 2020.

On October 30, 2019, then-lead Plaintiff Colleges of Applied Arts and Technology Pension Plan ("CAAT") moved for class certification. The Court preliminarily denied class certification on June 8, 2020, finding that CAAT was an inadequate class representative. Thereafter, Palm

Tran moved for appointment as Class Representative, and on June 29, 2020, the Court certified a Class appointing Palm Tran as Class Representative.

On April 12, 2021, Defendants moved to decertify the Class and remove Palm Tran and its counsel, Robbins Geller Rudman & Dowd ("Robbins Geller").  Palm Tran—which, since being named Class Representative, had also been represented by Sugarman Susskind Braswell & Herrera as liaison counsel—retained BSF in connection with Defendants' motion to remove it as Class Representative.  The Court granted Defendants' motion in part but denied the motion to decertify the Class and remove Palm Tran as Class Representative.  Palm Tran and CAAT appealed the District Court's order to the Second Circuit, which denied the petition for writ of mandamus following full briefing.  The District Court subsequently appointed BSF as Lead Counsel for the Class on October 8, 2021.

From the time the action was filed, all the way up to the time of settlement, the Settling Parties engaged in hard-fought litigation.  The Settling Parties conducted extensive fact, class certification, and expert discovery, taking 20 depositions, producing and reviewing hundreds of thousands of pages of documents, and exchanging reports and rebuttal reports of six expert witnesses.  Class Representative's Counsel sought discovery in Switzerland from multiple entities, requesting documents related to the award of media rights for the 2018-2030 FIFA World Cups.  The Swiss Court granted the requested discovery in part and denied it in part, a decision later upheld by a Swiss appellate tribunal.  The parties also grappled with the United States' intervention in the case to stay the deposition of a key witness.  Additionally, Defendants twice appealed the District Court's orders concerning class certification and class definition to the Second Circuit, which denied both Rule 23(f) petitions following full briefing by the Settling Parties.  The Settling Parties also filed numerous other discovery and procedural motions.

On August 5, 2022, Defendants moved for summary judgment on Class Representative's claims.  On October 10, 2022, the Settling Parties participated in a confidential mediation with Robert A. Meyer, Esq., an experienced mediator.  The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties.  The Settling Parties engaged in good faith negotiations, but the Settling Parties did not reach a settlement at the mediation session and litigation continued.  Thereafter, the mediator engaged both parties in additional discussions. After further mediation efforts, on December 28, 2022, the Settling Parties executed a memorandum of understanding ("MOU") memorializing their agreement to settle the claims against Defendants and end the Litigation.  The MOU included, among other things, the Settling Parties' agreement to settle and dismiss with prejudice the Litigation and grant full mutual releases in return for a cash payment of $95,000,000 by and/or on behalf of the Company for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, each and all the claims and contentions alleged by Class Representative, as well as any and all allegations of fault, liability, wrongdoing, or damages.    Among other things, Defendants expressly have denied, and continue to deny, that they made any false or misleading statements, that any statement during the Class Period was made with scienter, that the price of Televisa ADRs were artificially inflated as a result of any materially false or misleading statement or omission, that any Class Member, including Class Representative, has suffered any damages, or that any Class Member, including

Class Representative, was harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants maintain that they have meritorious defenses to the claims alleged in the Litigation. Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. For the avoidance of any doubt, Defendants make no admission of liability, fault, damages, or any form of wrongdoing whatsoever, and this Settlement in no way represents, and may not be construed as, an admission of the merits of any claim.

## III.   CLASS REPRESENTATIVE'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Representative and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Class Representative and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Class Representative and Lead Counsel also have accounted for the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Class Representative and Lead Counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations alleged in the Litigation. Class Representative and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Class Representative and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Representative and the Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Class Representative (on behalf of itself and the Class Members) and Defendants, by and through their

5

respective counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## 1.   Definitions

As used in this Stipulation, the following terms, when capitalized, have the meanings specified below:

1.1      "Authorized Claimant" means any Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.2      "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form, substantially in the form attached hereto as Exhibit A-2, or an electronic claim that is submitted to the Claims Administrator.

1.3      "Claimant" means any person who submits a Claim to the Claims Administrator.

1.4      "Claims Administrator" means Kroll Settlement Administration LLC.

1.5      "Class" means all Persons who purchased or otherwise acquired Televisa American Depositary Receipts between April 11, 2013 through November 17, 2017, inclusive, and were allegedly damaged thereby.    Excluded from the Class are: (a) Defendants; (b) current and former directors and officers of Televisa and their Immediate Families; (c) members of the Immediate Families of the Individual Defendants; (d) Defendants' current and former legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest; and (e) any Persons who properly exclude themselves by filing a valid and timely request for exclusion.

Defendants stipulate, agree, and consent to the definition of "Class" for the sole purpose of the Settlement, and without prejudice to their right to challenge class certification and/or the class definition in the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason.

1.6    "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶1.5 above.

1.7    "Class Period" means the period from April 11, 2013 through November 17, 2017, inclusive.

1.8    "Class Representative" means Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan.

1.9    "Class Representative's Counsel" means any law firm that has made an appearance on behalf of Class Representative Palm Tran or Former Lead Plaintiff CAAT.

1.10    "Court" means the United States District Court for the Southern District of New York.

1.11    "Defendants" means Grupo Televisa, S.A.B. and the Individual Defendants.

1.12    "Defendants' Counsel" means Wachtell, Lipton, Rosen & Katz.

1.13    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred, or have been waived.

1.14    "Escrow Agent" means Lead Counsel.

1.15    "Escrow Account" means an account at Citibank, N.A. under the control of the Escrow Agent.

1.16    "Final" means, with respect to any order or Judgment of the Court, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of expiration of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes final when:  (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or Judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed, or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration or petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to:  (i) attorneys' fees, costs, or expenses, (ii) the Plan of Allocation (as submitted or subsequently modified), or (iii) the procedures for determining Authorized Claimants' recognized Claims and paying said Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.17    "Immediate Families" means current and former spouses, parents, stepparents, foster parents, father-in-law, mother-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins.  First cousin means the child of a parent's sibling, i.e., the child of an aunt or uncle.

1.18    "Individual Defendants" means Emilio Fernando Azcárraga Jean III (the Company's former chief executive officer and the current executive chairman of the Company's board of directors) and Salvi Rafael Folch Viadero (the Company's former chief financial officer and a current member of the Company's board of directors).

1.19    "Judgment" means the Final Judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B.

1.20    "Lead Counsel" means the law firm of Boies Schiller Flexner LLP.

1.21    "Former Lead Plaintiff" means Colleges of Applied Arts and Technology Pension Plan ("CAAT").

1.22    "Litigation" means the action captioned *In re Grupo Televisa Securities Litigation*, No. 18-cv-1979-LLS, pending in the United States District Court for the Southern District of New York.

1.23    "Net Settlement Fund" means the Settlement Fund less:  (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses (defined in ¶2.9 below); (iii) Taxes and Tax Expenses (defined in ¶2.11(c) below); and (iv) any other Court-approved deductions.

1.24    "Person(s)" means an individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their

respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees when acting in their capacity as such.

1.25    "Plan of Allocation" means the proposed plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants, as set forth in the Notice.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.26    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim that a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim and Release shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.27    "Related Parties" means any Person's predecessors, successors, parent corporations, sister corporations, past, present, or future subsidiaries, affiliates, principals, assigns, assignors, legatees, devisees, executors, administrators, estates, heirs, spouses, Immediate Family members, receivers and trustees, settlors, beneficiaries, members, equity holders, officers, directors, partners, managers, employees, independent contractors, servants, agents, partners, insurers, reinsurers, representatives, attorneys, legal representatives, auditors, accountants, and successors-in-interest, solely in their capacities as such.

1.28    "Released Claims" means all Released Plaintiffs' Claims and all Released Defendants' Claims.

1.29    "Released Plaintiffs' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature,

accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Released Defendant Parties that the Releasing Plaintiff Parties (a) asserted in the Litigation, (b) could have asserted in the Litigation, or (c) could in the future assert in any other action or forum and that (i) in any way arise out of, are based upon, relate to, or concern the allegations, transactions, facts, events, matters, occurrences, representations, statements or omissions involved, set forth, alleged, or referred to in any of the complaints filed in the Litigation and (ii) in any way are based upon or related to the purchase, acquisition, holding, sale, or disposition of Televisa ADRs purchased or otherwise acquired from April 11, 2013 to November 17, 2017, inclusive (*i.e.*, during the Class Period). "Released Plaintiffs' Claims" does not include:  (i) any claims of any Person who or which submits a request for exclusion that is accepted by the Court; and (ii) claims to enforce the Settlement.

1.30    "Released Defendants' Claims" means any and all claims, rights and causes of action of every nature and description, duties, obligations, demands, actions, matters, debts, sums of money, suits, contracts, agreements, promises, issues, judgments, losses, damages and liabilities, including both known and Unknown Claims, whether fixed or contingent, mature or not mature, accrued or unaccrued, liquidated or unliquidated, concealed or hidden, suspected or unsuspected, direct or indirect, regardless of legal or equitable theory and whether arising under federal law, state law, statutory law, common law, foreign law, or any other law, rule, or regulation, whether class, representative, and/or individual in nature, against Class Representative, Former Lead Plaintiff, Class Representative's Counsel, Lead Counsel, or any

Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

1.31    "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

1.32    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean each and every Class Member, Class Representative, Former Lead Plaintiff, Lead Counsel, Class Representative's Counsel, and each of their Related Parties.  Releasing Plaintiff Parties does not include any Person who or which would otherwise be a Member of the Class but who or which properly exclude(s) themselves or itself by filing a valid and timely request for exclusion.

1.33    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.34    "Settlement Amount" means Ninety-Five Million U.S. Dollars (U.S. $95,000,000.00) in cash to be paid by wire transfer to the Escrow Account pursuant to ¶2.2 of this Stipulation.

1.35    "Settlement Fund" means the Settlement Amount to be paid by the Company in consideration of the Settlement, plus any and all interest and accretions thereto.

1.36    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.37    "Settling Parties" means, collectively, Defendants and Class Representative, on behalf of itself and the Class.

12

1.38    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.39    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Class Representative, the Class, Former Lead Plaintiff, Lead Counsel, and Class Representative's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Class Representative, the Class, Former Lead Plaintiff, Lead Counsel, and Class Representative's Counsel.  With respect to (a) any and all Released Plaintiffs' Claims, and (b) any and all Released Defendants' Claims against Class Representative, the Class, Former Lead Plaintiff, Lead Counsel, and Class Representative's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.   The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or they now know or believe to be true with respect to the subject matter of the Released Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Class Representative, the Class, Former Lead Plaintiff, Lead Counsel, and Class Representative's Counsel,

known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.   The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## 2.      The Settlement

2.1      The obligations incurred pursuant to the Stipulation are:  (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation and any and all Released Claims upon and subject to the terms and conditions set forth herein.

### a.      The Settlement Amount

2.2      In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶¶4.1-4.3 herein, Televisa shall pay or cause to be paid the Settlement Amount in cash or by wire transfer to the Escrow Account within twenty (20) business days of (1) the Court granting preliminary approval of the Settlement; and (2) receipt by Defendants' Counsel of complete payment instructions, including a W-9 form.  If the entire Settlement Amount is not timely paid to the Escrow Account, Lead Counsel may terminate this Stipulation and the Settlement, but only upon condition that:  (i) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate this Stipulation and the

Settlement, and (ii) the entire Settlement Amount is not transferred to the Escrow Account within five (5) days after Lead Counsel has provided such written notice.

2.3     Defendants' sole monetary obligations are to pay or cause to be paid the Settlement Amount into the Settlement Fund set forth in ¶2.2 herein and the obligation to pay all costs and expenses related to satisfying the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.* ("CAFA") set forth in ¶9.27 herein, and Defendants shall not be liable for any other amount or amounts.  The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to:  (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4     No Defendant other than Televisa and/or Televisa's insurer shall have any responsibility or liability to pay any portion of the Settlement Amount or costs and expenses related to satisfying the CAFA requirements.

**b.** **The Escrow Agent**

2.5     The Escrow Agent shall either hold the Settlement Amount deposited pursuant to ¶2.2 in an interest-bearing deposit account insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits, or invest the Settlement Amount in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.    All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

2.6     The Escrow Agent shall not disburse any part of the Settlement Fund except as provided in this Stipulation or by an order of the Court.

2.7     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.8     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet

occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or order of the Court, reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying any applicable taxes, fees and costs, if any ("Notice and Administration Expenses"), up to the sum of $1,000,000.00.   Prior to the Effective Date, all such Notice and Administration Expenses in excess of $1,000,000.00 may be paid from the Settlement Fund only with prior approval of the Court.    After the Effective Date, reasonable Notice and Administration Expenses may be paid by Lead Counsel as incurred, without approval of the Court.

2.10    It shall be Lead Counsel's responsibility to disseminate the Notice (as defined in ¶3.1 below), Proof of Claim and Release, and Summary Notice (as defined in ¶3.1 below) to potential Class Members in accordance with this Stipulation and as ordered by the Court.    The Released Defendant Parties shall have no responsibility for or liability whatsoever with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.

c.    Taxes

2.11    The Settling Parties agree as follows:

(a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1), and the regulations promulgated thereunder.    The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1).    In addition, the

Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of Lead Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of section 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be Lead Counsel or its designee.   Lead Counsel or its designee shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).   Such returns (as well as the elections described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)     All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount and during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the

returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund.   Lead Counsel or its designee, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).   Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund consistent with this Stipulation.   The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay any Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).   In all events, the Released Defendant Parties shall have no liability or responsibility for any Taxes or Tax Expenses.   The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.11.

2.12    This is a non-reversionary settlement.  This means that as of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not, except for the under the circumstances specified in ¶2.13, have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims.  The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Settlement Fund.

**d.      Termination of Settlement**

2.13      In the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.9 and 2.11 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.4 herein and the provisions of ¶7.5 herein shall apply.

**3.      Preliminary Approval Order and Settlement Hearing**

3.1      Promptly following execution of this Stipulation, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto.   The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶6.1 below), and the date of the Settlement Hearing.

3.2      Lead Counsel shall cause the Claims Administrator to disseminate the Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court.  No later than five (5) business days after entry of the Preliminary Approval Order, Defendants shall provide or cause to be provided to the Claims Administrator a list in electronic format of the record

holders that purchased Grupo Televisa ADRs during the Class Period, consisting of names and addresses, and at no cost to the Settlement Fund, Lead Counsel, Class Representative's Counsel, Class Representative, Former Lead Plaintiff, or the Claims Administrator.  Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3     Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to CAFA, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.    At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, if any (the latter being defined in ¶6.1 below).

**4.     Releases**

4.1     Upon the Effective Date, the Releasing Plaintiff Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.    Claims to enforce the terms of this Stipulation are not released.  Notwithstanding the foregoing, nothing in this Stipulation shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties.

22

4.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Plaintiffs' Claims and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Class Representative, Former Lead Plaintiff, the Class, Lead Counsel, and Class Representative's Counsel.   Claims to enforce the terms of this Stipulation are not released.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.   The Released Defendant Parties shall have no responsibility for, or interest whatsoever in, the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Class Representative, any other Class Members, or Class Representative's Counsel, in connection with such administration, which includes, but is not limited to:   (i) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the administration of the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the

payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses;

(b)    to pay the Taxes and Tax Expenses described in ¶2.11(c);

(c)    to pay, in accordance with ¶¶6.1-6.2 herein, attorneys' fees and expenses of Class Representative's Counsel and to pay any award to the Class Representative for its reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4), as well as an incentive award for Class Representative, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)    after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation and the Plan of Allocation, subject to any modifications to the Stipulation or Plan of Allocation ordered by the Court.

5.3    After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the provisions of this Stipulation.

5.4    Within ninety (90) calendar days after (a) the mailing of the Notice, or (b) such other time as may be set by the Court, each Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty

of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5    Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Class Representative, Class Representative's Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6    Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7    Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose

Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.8 below.

5.8     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the Notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.9     Each Claimant who has not excluded himself, herself, or itself from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to such Person's claim to the Net Settlement Fund.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10     Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund following a reasonable period of time after the date of distribution of the Net

Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator at Lead Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who cashed the checks sent in the initial distribution and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is de minimis. Any de minimis balance that remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel and approved by the Court.

5.11    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12    No Person shall have any claim against the Released Defendant Parties, Class Representative, Former Lead Plaintiff, Lead Counsel, Class Representative's Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made in good faith and substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's

Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

### 6.    Lead Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") on behalf of Class Representative's Counsel for distribution from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses and charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Defendants shall take no position with respect to Lead Counsel's application for an award of attorneys' fees and expenses.  An application for fees and expenses may include a request for reimbursement of Class Representative's reasonable costs and expenses in connection with its representation of the Class pursuant to 15 U.S.C. § 78u-4(a)(4), as well as an incentive award for Class Representative.   Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    Any fees, costs, and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes the Judgment or an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.    Lead Counsel may thereafter allocate the attorneys' fees among Class Representative's Counsel in a manner in which it in good faith believes reflects the contributions

of such counsel to the initiation, prosecution, and resolution of the Litigation, so long as such allocation is consistent with the Fee and Expense Application and the Court's award thereon.

6.3     In the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, or the Judgment or the order making the Fee and Expense Award is reversed or modified, and such termination, reversal, or modification becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners and/or shareholders, and such other Class Representative's Counsel, including their law firms, partners, and/or shareholders, and Class Representative who have received any portion of the Fee and Expense Award shall, within twenty (20) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be returned to the Settlement Fund in accordance with ¶7.4.  Each such Class Representative's Counsel or Class Representative receiving an award of fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Class Representative's Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation

or on the validity or enforceability of this Settlement.    The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards.    Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

6.5    Any fees and/or expenses awarded by the Court shall be paid solely from and out of the Settlement Fund.    With the sole exception of Defendants' obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Class Representative's Counsel, or any other counsel or Person who receives payment from the Settlement Fund.  For the avoidance of doubt, any payment of attorneys' fees to Class Representative's Counsel shall be made solely from and out of the Settlement Amount, and any payment of fees to Class Representative's Counsel does not reflect an indemnification by any Defendant or insurer.

6.6    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Class Representative's Counsel and/or any other Person—including, for avoidance of doubt, any current or former counsel of any Class Member—who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or

on behalf of any Class Member, whether or not paid from the Escrow Account.

**7.      Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1      The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a)      the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.2 below, directing notice to the Class, as required by ¶3.1 hereof;

(b)      the Settlement Amount has been deposited into the Escrow Account;

(c)      Neither Settling Party has exercised its option to terminate the Stipulation pursuant to ¶¶7.3 and 7.7 hereof;

(d)      the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.2 below; and

(e)      the Judgment has become Final, as defined in ¶1.16 hereof.

7.2      Upon the Effective Date, any and all remaining interest or right of the Defendants and any other Persons who contributed to the Settlement Fund, if any, shall be absolutely and forever extinguished.   If the conditions specified in ¶7.1 hereof are not met, then this Stipulation and the Settlement shall be terminated subject to ¶¶2.13, 6.3, and 7.4-7.6 hereof, unless the Settling Parties mutually agree in writing to proceed with the Settlement.   For avoidance of doubt, no order of the Court  or  modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead  Counsel  or  expenses to Class Representative shall operate to terminate this Stipulation or

constitute grounds for termination of the Stipulation.

7.3     Defendants shall have the unilateral right to terminate this Stipulation and the Settlement in the event that the Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in a confidential supplemental agreement executed between Defendants and Class Representative, by and through their counsel (the "Supplemental Agreement").  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith.  The Supplemental Agreement shall not be filed with the Court unless the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms.  If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal so as to preserve the confidentiality of the Supplemental Agreement.

7.4     Unless otherwise ordered by the Court, in the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, then within thirty (30) calendar days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses and Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.9 and/or 2.11 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.9 and/or 2.11 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel. Lead Counsel or its designee shall apply for any tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the same Persons pursuant to written instructions from Defendants' Counsel.

7.5     In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of November 15, 2022 and shall meet and confer regarding a new case schedule for the Litigation.   In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.   No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall operate to terminate this Stipulation or constitute grounds for termination of this Stipulation.

7.6     If this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, neither Class Representative nor Class Representative's Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.9 or 2.11.   In addition, any amounts already incurred pursuant to ¶¶2.9 or 2.11 hereof at the time of such termination but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.13 and 7.4 hereof.

7.7     Televisa warrants and represents as to itself only that, as of the time of entering into this Stipulation, it is not "insolvent" within the meaning of 11 U.S.C. § 101(32), nor will the payment required to be made by it render it insolvent.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Amount, or any portion thereof, by or on behalf of Televisa to be a preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the U.S. Code or applicable state or similar foreign law and any portion thereof is required to be refunded and such amount is

not promptly deposited in the Escrow Account by or on behalf of Televisa, then, at the election of Lead Counsel, this Stipulation and the Settlement may be terminated and the releases given and the judgment entered in favor of Defendants pursuant to the Settlement and this Stipulation shall be null and void.

### 8.    No Admission of Liability

8.1    Neither the MOU, the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be offered or received against Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendants of the truth of any allegations by Class Representative or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims, or of any liability, negligence, fault, or wrongdoing of any kind of Defendants or in any way referred to for any other reason as against Defendants, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)    shall be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or

34

against Class Representative or any Member of the Class as evidence of any infirmity in the claims of Class Representative and the Class;

(c)    shall be offered or received against Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Released Defendant Parties may refer to it to effectuate the releases granted them hereunder; and

(d)    shall be construed against Defendants, Class Representative, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial or in any proceeding other than this Settlement.

## 9.    Miscellaneous Provisions

9.1    The Settling Parties:   (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Class and the Defendants with respect to the Litigation.   The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.   The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in the institution, prosecution, defense, and settlement of this Litigation.  The Settling

Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     The Settling Parties and their counsel agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced, prosecuted, or defended in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced, prosecuted, and defended in good faith and is being settled voluntarily after consultation with competent legal counsel, provided that, Defendants and Defendants' Counsel reserve their right to deny that the claims asserted in the Litigation were meritorious, and Class Representative and its counsel reserve their right to assert that the claims brought in the Litigation were meritorious.   In all events, the Settling Parties and their counsel shall not make assertions of wrongful or actionable conduct by Class Representative, Former Lead Plaintiff, Lead Counsel, Class Representative's Counsel, Defendants, or Defendants' Counsel concerning the commencement, prosecution, defense, and resolution of the Litigation, except as consistent with prior Court orders, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or

counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.

9.5    All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.6    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, including the Stipulated Confidentiality and Protective Order dated June 12, 2019 (ECF No. 61). The Settling Parties shall not seek unsealing of any materials filed in this Litigation, and the Settling Parties acknowledge that the continued confidentiality of all materials produced and/or filed under seal in this Litigation is a benefit expressly negotiated for and obtained by the Defendants as part of this Stipulation. Whether or not (i) the Stipulation is approved by the Court, (ii) the Stipulation is consummated, or (iii) the Effective Date occurs, the parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

9.7    All the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

9.8    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between

the Settling Parties, including, but not limited to, the Settling Parties' confidential MOU dated December 28, 2022. Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.10    Except as otherwise provided herein, or otherwise agreed to in writing by the parties hereto, each party shall bear his, her, or its own fees and costs.

9.11    Lead Counsel represents and warrants that it is expressly authorized by Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.12    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.13    This Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of executed counterparts shall be filed with the Court.   Signatures sent by facsimile or PDF via e-mail shall be deemed originals.

9.14    All notices, requests, demands, claims, and other communications hereunder  shall be in writing and shall be deemed duly given:  (i) on the day when they are delivered by hand to the recipient law firm or organization; (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid) or by e-mail; or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and

postage prepaid, and addressed to the intended recipient as set forth below:

**If to Class Representative or to Lead Counsel:**

BOIES SCHILLER FLEXNER LLP
David Boies
John T. Zach
David A. Barrett
Adam R. Shaw
Lauren M. Goldman
55 Hudson Yards, 20th Floor
New York, NY 10001
televisasettlement@bsfllp.com

**If to Defendants or to Defendants' Counsel:**

WACHTELL, LIPTON, ROSEN & KATZ
Herbert M. Wachtell
Ben M. Germana
David B. Anders
Benjamin L. Levander
Daniel J. Harper
51 West 52nd Street
New York, NY 10019
dbanders@wlrk.com

9.15    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

9.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.17    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

9.18    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.19    No opinion or advice concerning the tax consequences of the proposed settlement to individual Class Members is being given or will be given by the parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

9.20    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.21    This Stipulation shall not be construed more strictly against one party than another merely because it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that the Stipulation is the result of arm's-length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.22    The headings in this Stipulation are used for the purpose of convenience only and are not meant to have legal effect.

9.23    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of the Stipulation shall prevail.

9.24    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without

limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.25     Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

9.26     This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.27     Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of CAFA ("CAFA Notice") and the identity of those who will receive the CAFA Notice.  Defendants shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated February, 28, 2023.

BOIES SCHILLER FLEXNER LLP

JOHN T. ZACH

DAVID BOIES
DAVID A. BARRETT
ADAM R. SHAW
JOHN T. ZACH
LAUREN M. GOLDMAN
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone:  212-446-2300
Fax:  212-446-2350
jzach@bsfllp.com
dboies@bsfllp.com
dbarrett@bsfllp.com
ashaw@bsfllp.com
lgoldman@bsfllp.com

41

*Lead Counsel for Class Representative Palm Tran, Inc. Amalgamated Transit Union Local 1577 Pension Plan and the Class*

**WACHTELL, LIPTON, ROSEN & KATZ**

DAVID B. ANDERS

HERBERT M. WACHTELL
BEN M. GERMANA
DAVID B. ANDERS
BENJAMIN L. LEVANDER
DANIEL J. HARPER
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
dbanders@wlrk.com
bmgermana@wlrk.com
bllevander@wlrk.com
djharper@wlrk.com

*Counsel for Defendants*