UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/20/23

In re GRUPO TELEVISA SECURITIES LITIGATION

Civil Action No. 18-cv-1979-LLS

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL PURSUANT TO
FED. R. CIV. P. 23(e)(1) AND PERMITTING NOTICE TO THE CLASS

LLS

WHEREAS, an action pending before this Court is styled *In re Grupo Televisa Securities Litigation*, Civil Action No. 18-cv-1979-LLS (S.D.N.Y.) (the "Litigation");

WHEREAS, Class Representative, having made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated April 14, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order; and WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing (as defined in ¶3 below).

2. The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of good faith, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) involves the Class previously certified by the Court on June 29, 2020 and further defined on July 20, 2022; and (v) warrants notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3.     A hearing shall be held before this Court on __August 8__, 2023, at __2:30 p__.m. (the "Settlement Hearing"), at the Daniel Patrick Moynihan United States Courthouse, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) determine whether a Judgment as provided in ¶1.19 of the Stipulation should be entered; (c) determine whether the proposed Plan of Allocation should be approved; (d) determine the amount of attorneys' fees, costs, charges, and expenses that should be awarded to Boies Schiller Flexner LLP, on behalf of itself and Sugarman Susskind Braswell & Herrera; (e) hear any objections by Class Members to the Settlement or Plan of Allocation, the award of attorneys' fees and expenses to Lead Counsel; and (f) consider such other matters the Court deems appropriate. The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the Class.

LLS

4.     The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Proof of Claim and Release"), substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively.

5.     The Court approves the form of the Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-3.

6.     Kroll Settlement Administration LLC ("Kroll" or the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

7.     No later than five (5) business days after entry of this Order, or

2

April 27, 2023, Defendants shall provide or cause to be provided to the Claims Administrator a list in electronic format of the names and addresses of record holders that purchased Grupo Televisa American Depositary Receipts ("Televisa ADRs") during the Class Period, and at no cost to the Settlement Fund, Lead Counsel, Class Representative's Counsel, Class Representative, any Class Member, or the Claims Administrator.  LLS

8. No later than twenty (20) calendar days after entry of this Order, or May 10, 2023 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1 and A-2, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.grupotvsecuritieslitigation.com. For all Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.  LLS

9. No later than thirty-seven (37) calendar days after entry of this Order, or May 26, 2023, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

10. At least seven (7) calendar days prior to the Settlement Hearing, or August 1, 2023, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.  LLS

11. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Televisa ADRs during the Class Period (between April 11, 2013 and November 17, 2017, inclusive) as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Notice, to either forward copies of the

3

Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners, up to $.20 per record (plus postage, if applicable). Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

12. The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, and Due Process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

13. All fees, costs, and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility or liability for such fees, costs, or expenses.

14. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for

therein) whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

15. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than ninety (90) calendar days from the Notice Date, or _August 8_, 2023. Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Class Representative, Lead Counsel, Class Representative's Counsel, any Class Member, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late submitted Claims.

[handwritten margin initials: LLS]

16. Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Member of the Class does not enter an appearance, they will be represented by Lead Counsel.

17. Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims

Administrator a request for exclusion ("Exclusion Request"), by First-Class Mail. To be valid, the Claims Administrator must receive a Request for Exclusion no later than thirty (30) days before the Settlement Hearing, or __July 10__, 2023. An Exclusion Request must  *LLS*  be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) all of the Person's purchases or acquisitions of Televisa ADRs on or before November 17, 2017, including the number of shares of Televisa ADRs purchased or acquired, the dates and the number of those shares sold, and the price received for each such sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Exclusion Requests in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

18. Within five (5) calendar days of receiving any Exclusion Request, the Claims Administrator shall deliver a copy of each such Exclusion Request to Lead Counsel and Defendants' Counsel, along with a PDF or spreadsheet listing the holder, postmark date, and total number of Televisa ADRs associated with each such Exclusion Request received to do. The Claims Administrator shall also provide any written revocation of Exclusion Requests.

19. Any Member of the Class may appear at the Settlement Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges, and expenses should not be awarded; provided that any such Class Member (or any other Person) files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Southern District of New York and mails copies thereof by first-class mail to Boies

Schiller Flexner LLP, John T. Zach and Lauren M. Goldman, 55 Hudson Yards, 20th Floor, New York, NY 10001; Wachtell, Lipton, Rosen & Katz, David B. Anders, 51 W 52nd St., New York, NY 10019, no later than twenty-one (21) days prior to the Settlement Hearing, or __July 18__, 2023. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, costs, charges, and expenses to Lead Counsel, on behalf of itself and Sugarman Susskind Braswell & Herrera, or Class Representative, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges, and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval. *LLS*

20.  Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address and telephone number of the Person objecting and must be signed by the objector; (ii) contain a statement of the Class Members' objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objections applies only to the objector, a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, acquisitions, and/or

sales of Televisa ADRs during the Class Period, the number of shares purchased, acquired, or sold and the dates of such transactions, and the price paid or received for such purchase, acquisition, or sale.

21.     Any Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

22.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees, costs, charges, and expenses shall be filed and served no later than thirty-five (35) calendar days before the Settlement Hearing, or __July 4__, 2023, [LLS] any opposition papers thereto shall be filed and served no later than twenty-one (21) calendar days before the Settlement Hearing, or __July 18__, 2023, and any reply papers shall be [LLS] filed and served no later than seven (7) calendar days before the Settlement Hearing, or __August 1__, 2023. [LLS]

24.     The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges, or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness,

8

reasonableness, and adequacy of the Settlement.

25. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges, and expenses, should be approved. The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges, and expenses.

26. All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Class Representative nor Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.9 or 2.11 of the Stipulation.

27. This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, prior agreements, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal) except in connection with any proceeding to enforce the terms of the Stipulation or this Order. The Released Defendant Parties, Class Representative, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought

9

against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28.    All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Class Representative nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute any of the Released Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

29.    The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

30.    In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of November 15, 2022 and shall meet and confer regarding a new case schedule for the Litigation. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

IT IS SO ORDERED.

DATED: April 20, 2023

_____
THE HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE