ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/8/24
```

In re GRUPO TELEVISA SECURITIES
LITIGATION

Civil Action No. 18-cv-1979-LLS

LLS

[PROPOSED] ORDER GRANTING DISTRIBUTION OF CLASS ACTION
SETTLEMENT FUND

Having considered all materials and arguments submitted in support of Class Representative's Motion for Distribution of Class Action Settlement Fund (the "Motion"), including the Memorandum of Law in Support of the Motion, and the Declaration of Robert Cormio Concerning the Results of the Claim Administration Process (the "Cormio Declaration") and exhibits thereto,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. This Class Distribution Order is entered pursuant to the Final Judgment in this action (ECF No. 368) and incorporates by reference the definitions in the Amended Stipulation of Settlement dated April 14, 2023 (the "Stipulation") (ECF No. 347). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Cormio Declaration.

3. As set forth in in the Cormio Declaration, the administrative determinations of the Claims Administrator, Kroll, LLC ("Kroll"), in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits B-1 and B-2 to the Cormio Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit B-3 of the Cormio Declaration are approved.

4. Any persons submitting Claims received after July 31, 2024, or responses to rejected or deficient Claims received after July 31, 2024, the dates used to finalize the administration by Kroll, are finally and forever barred from asserting such Claims.

5. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of Taxes and Tax Expenses and less expenses incurred by the Claims Administrator in facilitating the distribution) shall be distributed on a *pro rata* basis to the Authorized Claimants, identified in Exhibits B-1 and B-2 to the Cormio Declaration. The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice.

6. The distribution plan for the Net Settlement Fund as set forth in the Cormio Declaration and accompanying exhibits is approved. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION." Lead Counsel and Kroll are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time. Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Cormio Declaration will irrevocably forfeit all recovery from the Settlement.

7. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund nine months after the initial distribution of such funds shall be used to: (i) pay any additional Notice and

Administration Costs incurred in administering the Settlement; and (ii) to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated Taxes, Tax Expenses, costs and fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional estimated costs, fees, Taxes and Tax Expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determines that redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

9. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Final Judgment, Stipulation, and the Plan of Allocation. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

10. Kroll is hereby authorized to discard paper or hard copies of Claims and supporting documents submitted by Claimants no less than one year after completion of all distributions of the Net Settlement Fund to Authorized Claimants, and electronic copies of the same no less than three years after completion of all distributions of the Net Settlement Fund to Authorized Claimants. All other case materials may be discarded after ten years.

11. This Court retains jurisdiction over any further application or matter which may arise in connection with this Action.

Dated: November 8, 2024

*Louis L. Stanton*
THE HONORABLE LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE

4